## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (the "Motion"):[2]

### Relief Requested

1.     The Debtors seek entry of an interim order (the "Interim Order") and a final order

(the "Final Order" and, together with the Interim Order, the "Proposed Orders"), substantially in

the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) authorizing the Debtors

to remit or pay (or use tax credits or other attributes to offset or otherwise satisfy) certain Taxes

and Fees (as defined herein) due and owing to various federal, state, local, foreign, and other

applicable Authorities (as defined herein) that arose prior to the Petition Date (as defined herein)

(including any Assessment (as defined herein) determined by Audit (as defined herein) or

otherwise determined to be owed for periods prior to the Petition Date), and (b) granting related

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to these chapter 11 cases and supporting this Motion, is set forth in the *Declaration of Gareth T. Joyce in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.  Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

relief, all as more fully set forth in the Motion. In addition, the Debtors request that the Court (as defined herein) schedule a final hearing to consider approval of this Motion on a final basis.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to a final order with respect to this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of these Chapter 11 Cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## Background

6.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have contemporaneously filed a motion

requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### Taxes and Fees Overview

1.      In the ordinary course of business, the Debtors collect, incur, remit, withhold, and pay taxes, fees, and assessments related to, among other taxes, sales and use, property (real or personal), franchise, business, business license, environmental, excise, income, gross receipts, customs and import duties, operations, third-party services, permitting, repatriation, employees,[3] value added tax and similar foreign jurisdiction transaction-based taxes (including provincial sales tax and GST/HST), and various other governmental charges, fees, and assessments (together with any penalty, interest or similar charges in respect of such amounts, collectively, "Taxes and Fees").

2.      The Debtors pay and remit, as applicable, Taxes and Fees on a periodic basis, typically remitting them monthly, quarterly, annually, or on other terms to the federal government, various state and local governments, and other applicable taxing authorities and related inspectors, vendors, and agents (collectively, the "Authorities"), depending on the nature and incurrence of a particular Tax or Fee and as required by applicable laws and regulations. Taxes and Fees typically (but not exclusively) are remitted and paid by the Debtors through checks and electronic transfers that are processed through their banks and other financial institutions or service providers.  From time to time, the Debtors also receive tax credits for overpayments or refunds in respect of Taxes or Fees.  The Debtors use these credits in the

---

[3]      Other than with respect to any potential unknown Audits or Assessments, the Debtors do not seek authority to pay prepetition amounts related to employment taxes and payroll withholding taxes under this motion, but rather request such authority as part of the *Debtors' Motion for Entry of Interim and Final Order (I) Authorizing Payment of Certain Prepetition Employee Wages and Benefits, and (II) Granting Related Relief* which has been filed substantially contemporaneously herewith.

ordinary course of business to offset against future Taxes or Fees, or for other general corporate purposes, or have the amount of such credits refunded to the Debtors.

3.      The Debtors estimate that no more than approximately $4,170,000 in Taxes and Fees have accrued as of the Petition Date or otherwise relate to the prepetition period and will become due and owing to Authorities after the Petition Date (the "Final Amount").  The Debtors further estimate that no more than approximately $2,075,000 in Taxes and Fees (the "Interim Amount") is outstanding as of the Petition Date or otherwise relates to the prepetition period or will become due to Authorities on or before the date on which a hearing is scheduled to consider approval of this Motion on a final basis (the "Interim Period").  By this Motion, the Debtors seek the authority to pay the Interim Amount upon entry of the Interim Order, and the Final Amount upon entry of the Final Order.

**I.      Income Taxes**

4.      In the ordinary course of business, the Debtors incur taxes imposed on the Debtors' income ("Income Taxes").  The Income Taxes include taxes on profits for federal, state, and local authorities.  The Debtors typically pay Income Taxes on a monthly, quarterly, or annual basis, depending on the nature and incurrence of particular Income Taxes as required by applicable laws and regulations.  Additionally, in certain jurisdictions, customers are required to withhold and remit Income Taxes to the relevant Authority on behalf of the Debtors.  In other jurisdictions, the Debtors remit estimated amounts in respect of Income Taxes, resulting in tax credits or overpayments which may be setoff against future Income Taxes, or in certain circumstances may be refunded to the Debtors.

5.      In fiscal year 2022, the Debtors did not incur any Income Tax expenses.  As of the Petition Date, the Debtors estimate that no prepetition Income Taxes will have accrued and remain unpaid to the relevant Authorities.

II.    **Sales and Use Taxes**

6.      In connection with the Debtors' operations, the Debtors incur, collect, and remit taxes on goods or services that are used, consumed, or sold, with such taxes assessed based on the value of those goods and services, including Canadian GST/HST ("Sales and Use Taxes"). Sales and Use Taxes essentially are general consumption taxes charged at either the point of purchase for goods and services or the point of sale of goods and services, which are usually set by an Authority as a percentage of the retail price of the good or service purchased or sold.  The process by which the Debtors remit Sales and Use Taxes varies depending on the Authority. Generally, the Debtors remit Sales and Use Taxes on a monthly, quarterly, or annual basis, depending on the nature and incurrence of the particular Sales and Use Taxes as required by applicable laws and regulations.

7.      As of the Petition Date, the Debtors estimate that no more than approximately $1,437,500 in prepetition Sales and Use Taxes will have accrued and remain unpaid to the relevant Authorities, which will become due and owing following the Petition Date.

III.   **Property Taxes**

8.      The Debtors remit Property Taxes directly to the Authorities relating to personal property that the Debtors own and use in the operation of their business (the "Property Taxes"). The timeline for paying Property Taxes depends on the nature and incurrence of the particular Property Tax as required by applicable laws and regulations.

9.      Debtor Proterra Operating Company, Inc. is also party to certain agreements with Spartanburg County, South Carolina ("Spartanburg County") which relate to the Debtors' tax liability.  First, Proterra Operating Company, Inc. is party to that certain Fees In Lieu of Tax Agreement dated as of December 31, 2021 (the "FILOT Agreement"), with Spartanburg County. Pursuant to the FILOT Agreement, the Debtors pay scheduled amounts on an annual basis in lieu

of ad valorem taxes related to real and tangible property that is the subject of the FILOT Agreement.  In 2022, the Debtors paid Spartanburg County approximately $316,327 pursuant to the FILOT Agreement.

10.     Further, Debtor Proterra Operating Company, Inc. is also party to certain Revitalization Agreements with Spartanburg County providing that Proterra Operating Company, Inc. is entitled to certain tax credits upon meeting specific employment and investment requirements related to its operations in Spartanburg County (the "Revitalization Agreements," and, together with the FILOT Agreement, the "Spartanburg County Agreements"). The Debtors seek the authority to continue to honor their obligations under the Spartanburg County Agreements and make payments related thereto in the ordinary course of the Debtors' business.

11.     In fiscal year 2022, the Debtors paid approximately $858,000 in Property Taxes. As of the Petition Date, the Debtors estimate that they owe no more than approximately $457,500 on account of prepetition Property Taxes, which will become due and owing following the Petition Date.

## IV.     Other Taxes and Fees

12.     The Debtors incur miscellaneous taxes, interest, Assessments (as defined below), and fees related to business operations, such as licensing, permitting, excise, and repatriation taxes ("Other Taxes and Fees") in the ordinary course of business.  The Debtors typically remit Other Taxes and Fees to the relevant Authorities or customs agents on a monthly, quarterly, or annual basis, depending on the nature and incurrence of the particular Other Taxes and Fees as required by applicable laws and regulations.  From time to time the Debtors remit customs and border fees to applicable Authorities in the ordinary course of the Debtors' businesses.  The

amounts that the Debtors remit to the applicable Authorities on account of customs and boarder fees varies on a month-to-month basis.

13.     In fiscal year 2022, the Debtors paid approximately $227,000 in Other Taxes and Fees, not including fees paid to customs and border control.  As of the Petition Date, the Debtors estimate that no more than approximately $2,030,000 in prepetition Other Taxes and Fees will have accrued and remain unpaid to the relevant Authorities or customs agents, which will become due and owing following the Petition Date.

**V.     Audits**

14.     The Debtors may be subject to investigations and audits on account of tax returns and/or obligations from current or prior years (collectively, the "Audits").  The Audits may result in the imposition of additional prepetition Taxes and Fees against the Debtors, including interest on late payment of taxes, penalties, and fees (such additional Taxes and Fees, collectively, "Assessments").  In addition, there may be amounts that may need to be posted as collateral to contest asserted Assessment amounts.  Taxes and Fees relating to the prepetition period may become due and owing as a result of such Audits and Assessments, including in connection with settlements with the applicable Authority, after the Petition Date.  Nothing in this Motion or any related order constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Assessment.  The Debtors expressly reserve all rights with respect to any Audit.  Furthermore, the Debtors reserve the right to contest any Assessment claimed to be due as a result of the Audits.

**Basis for Relief**

I.      **The Bankruptcy Code Permits the Court to Authorize the Debtors to Pay Taxes and Fees Where Such Payments Are Necessary to Protect and Preserve the Estate**

15.     Courts have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value.  *See, e.g.*, *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept.").  In doing so, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims as provided herein.

16.     Section 363(b) of the Bankruptcy Code permits a debtor, subject to court approval, to pay prepetition obligations where a sound business purpose exists for doing so.  *See Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification).  Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the pre-plan satisfaction of a prepetition claim."  *In re CoServ, L.L.C.*, 273 B.R. at 499.

17.     Section 105(a) of the Bankruptcy Code and the "doctrine of necessity" permit the bankruptcy court to exercise its broad grant of equitable powers to authorize the payment of prepetition obligations when such payment is "essential to the continued operation" of the debtor's business.  *See, e.g.*, *In re Lehigh & New England Railway. Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (Bankr. D. Del. 1999).

18.    The above-referenced sections of the Bankruptcy Code empower the Court to authorize the postpetition payment of prepetition claims when the payments are critical to preserving the going-concern value of the debtor's estate, as is the case here. *See, e.g.*, *In re Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims of certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization"); *In re CoServ, L.L.C.*, 273 B.R. at 497 ("[I]t is only logical that the bankruptcy court be able to use [s]ection 105(a) of the [Bankruptcy] Code to authorize satisfaction of the pre-petition claim in aid of preservation or enhancement of the estate.").

19.    For the reasons outlined herein and in the First Day Declaration, the Debtors submit that payment of the Interim Amount in the Interim Period and the Final Amount upon entry of a Final Order is necessary to the Debtors' continued and uninterrupted operations during these chapter 11 cases.  The Debtors seek to pay the Taxes and Fees to, among other things, prevent the Authorities from taking actions that may interfere with the Debtors' continued business operations.  Nonpayment of these obligations may cause Authorities to take precipitous action including, but not limited to, asserting liens or seeking to lift the automatic stay, imposing civil and/or criminal penalties, or modifying, suspending, or revoking licenses that are necessary to the Debtors' continued operations.  Such actions could materially disrupt the Debtors' day-to-day operations and impose significant costs on the Debtors' estates.  Failure to satisfy certain of the prepetition Taxes or Fees may jeopardize the Debtors' maintenance of good standing to operate in the jurisdictions in which they do business.

20.    The Debtors' ability to pay Taxes and Fees is critical to their continued and uninterrupted operations.  If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby

distracting such key personnel from the administration of these chapter 11 cases. *See, e.g.*, *Schmehl* v. *Helton*, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes); *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for unpaid taxes) (citing *United States* v. *Energy Res. Co.*, 495 U.S. 545, 547 (1990)). Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest. The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these chapter 11 cases.

21. Furthermore, the Debtors' liability to pay Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest, penalties, and other fees accrue on Taxes and Fees, which amounts also may be entitled to priority treatment. Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders. As noted below, many Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code. As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. To the extent that the Debtors are not able to timely pay the prepetition Taxes and Fees, they may ultimately be required to pay those amounts with additional interest, penalties, and fees. The Debtors' failure to pay the prepetition Taxes and Fees as they come due may thus ultimately increase the amount of priority claims held by the Authorities against the Debtors' estates to the detriment of the Debtors' general unsecured

creditors and other stakeholders.  Accordingly, the Debtors submit that the Court should grant the Debtors the authority to pay the prepetition Taxes and Fees on the terms set forth in the Proposed Orders.

## II.    Certain Taxes and Fees May Not Be Property of the Debtors' Estates

22.    Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  11 U.S.C. § 541(d).  Certain Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors.  *See, e.g.*, *Begier* v. *Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that certain taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *City of Farrell* v. *Sharon Steel Corp.* (*In re Sharon Steel Corp.*), 41 F.3d 92, 98–103 (3d Cir. 1994) (finding that funds withheld from employees' paychecks may be subject to a trust, and thus not property of a debtor's estate, even where such funds were commingled with the debtor's other property); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (finding that funds held in trust for federal excise taxes are not property of a debtor's estate and, therefore, are not available for distribution to creditors); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (finding that sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro* v. *N.Y. State Tax Comm'n*, 760 F.2d 432, 435–36 (2d Cir. 1985) (same). Because the Debtors may not have an equitable interest in funds held on account of such "trust

fund" taxes, the Debtors should be permitted to pay those funds to the Authorities as they become due.[4]

### III.    Certain Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment under the Bankruptcy Code

23.    Claims for certain Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).   Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, Authorities may attempt to assess interest and penalties if such amounts are not paid.  *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.  Therefore, payment of certain Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors.  Payment of such Taxes and Fees will likely give Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan of reorganization and will save the Debtors the potential interest expense, legal expense, penalties, and other fees that might otherwise accrue on Taxes and Fees during these chapter 11 cases.

### IV.    Processing of Checks and Electronic Funds Transfers Should Be Authorized

24.    The Debtors have sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to cash collateral.   In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating

---

[4]    For the avoidance of doubt, the Debtors hereby request authority to pay Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

to an authorized payment in respect of the relief requested herein. Accordingly, the Debtors believe that there is minimal risk that checks or wire transfer requests that the Court has not authorized will be inadvertently made. Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## **Immediate Relief Is Necessary**

25.    Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As described above and in the First Day Declaration, any disruption to paying prepetition or postpetition Taxes and Fees, on the terms proposed, would substantially diminish or impair the Debtors' efforts in these chapter 11 cases to preserve and maximize the value of their estates. For this reason and those set forth above and in the First Day Declaration, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied because the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## **Waiver of Stay Under Bankruptcy Rule 6004(h)**

26.    Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As provided herein, and to implement the foregoing successfully, the Debtors request that the Proposed Orders include a finding that the Debtors have established cause to exclude such relief from the fourteen (14)-day stay period under Bankruptcy Rule 6004(h).

27.     For this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable to the Proposed Orders.

## **Reservation of Rights**

28.     Nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as:  (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) a waiver of the obligation of any party in interest to file a proof of claim; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## **Notice**

29.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims

against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Securities and Exchange Commission; and (g) the Authorities; (h) counsel to the Cowen Parties; (i) counsel to Bank of America; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Orders granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 7, 2023
      Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Andrew L. Magaziner*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
        amagaziner@ycst.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (*pro hac vice* admission pending)
Robert A. Britton (*pro hac vice* admission pending)
Michael J. Colarossi (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York 10019
Tel:  (212) 373-3000
Fax:  (212)757-3990
Email: pbasta@paulweiss.com
      rbritton@paulweiss.com
      mcolarossi@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. __** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the Debtors[2] for entry of an interim order
(this "Interim Order") (a) authorizing the Debtors to remit or pay (or use tax credits or other
attributes to offset or otherwise satisfy) certain Taxes and Fees (as defined herein) due and owing
to various federal, state, local, foreign, and other applicable Authorities (as defined herein) that
arose prior to the Petition Date (as defined herein) (including any Assessment (as defined herein)
determined by Audit (as defined herein) or otherwise to be owed for periods prior to the Petition
Date), and (b) granting related relief; and upon the First Day Declaration; and this Court having
jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing
Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §
157(b)(2); and this Court having found that venue of this proceeding and the Motion in this
district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the
relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized to remit or pay (or use tax credits to offset or otherwise satisfy), in an aggregate amount of $2,075,000, all Taxes and Fees expected to become due and owing to federal, state, local, and other applicable Authorities that arose prior to the Petition Date (including any Assessment determined by Audit or otherwise to be owed for periods prior to the Petition Date and, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to Assessments), and that the Debtors expect to become due and payable prior to the Final Hearing, in each case, solely to the extent that such Taxes and Fees become payable in accordance with applicable law, to pay any postpetition obligations related thereto, and to pay postpetition Taxes and Fees in the ordinary course of the Debtors' business.

3.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in the Motion or this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

4.      To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

5.      Nothing in this Interim Order shall be construed as authorizing the Debtors to pay any amounts on account of past due taxes or to prepay any taxes, except with respect to trust fund taxes that do not constitute property of the Debtors' estates.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

7.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

8.      Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume,

4

adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9.      The relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and accordingly Bankruptcy Rule 6003(b) has been satisfied.

10.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

14.     The final hearing on the Motion shall be held on _____, 2023, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion must be filed with the Court on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023, and served on the following parties:  (a) counsel to the Debtors; (b) the Office of the United

States Trustee for the District of Delaware; (c) counsel to the Cowen Parties; (d) counsel to Bank of America; and (e) the statutory committee of unsecured creditors, if any has been appointed.  If no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

**Exhibit  B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. __ & ____** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO
PAY CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the Debtors[2] for entry of a final order (this "Final Order") (a) authorizing the Debtors to remit or pay (or use tax credits or other attributes to offset or otherwise satisfy) all Taxes and Fees (as defined herein) due and owing to federal, state, local, foreign, and other applicable Authorities (as defined herein) that arose prior to the Petition Date (as defined herein) (including any Assessment (as defined herein) determined by Audit (as defined herein) or otherwise to be owed for periods prior to the Petition Date), and to pay all Taxes and Fees due and owing to various federal, state, local, foreign, and other applicable Authorities that arose after the Petition Date (including any Assessment subsequently determined by Audit or otherwise to be owed for periods after the Petition Date) and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565) and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized to remit or pay (or use tax credits to offset or otherwise satisfy), in an aggregate amount of $4,170,000, all Taxes and Fees expected to become due and owing to various federal, state, local, and other applicable Authorities that arose prior to the Petition Date (including any Assessment determined by Audit or otherwise to be owed for periods prior to the Petition Date and, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to Assessments), and that the Debtors expect to become due and payable following the Petition Date, in each case, solely to the extent that such Taxes and Fees become payable in accordance with applicable law, to pay any postpetition obligations related thereto, and to pay postpetition Taxes and Fees in the ordinary course of the Debtors' business.

3.      The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

4.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in the Motion or this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

5.      To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

6.      Nothing in this Final Order shall be construed as authorizing the Debtors to pay any amounts on account of past due taxes or to prepay any taxes, except with respect to trust fund taxes that do not constitute property of the Debtors' estates.

7.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

8.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein

9.      Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other

applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.