**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PROTERRA INC, *et al.*,[1]<br><br>          Debtors. | )   Chapter 11<br>)<br>)   Case No. 23-11120 (BLS)<br>)<br>)   (Joint Administration Requested)<br>)<br>)   **Ref. Docket No. 7** |

**NOTICE OF FILING OF REVISED PROPOSED**
**INTERIM EMPLOYEE WAGES ORDER**

**PLEASE TAKE NOTICE** that, on August 7, 2023, the above-captioned debtors and debtors in possession (together, the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Payment of Certain Prepetition Employee Wages and Benefits, and (II) Granting Related Relief* [D.I. 7] (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that, subsequent to filing the Motion, the Debtors received informal comments from various parties with respect to the proposed form of order (the "Proposed Interim Order") attached as Exhibit A to the Motion. In order to address certain of the comments, the Debtors revised the Proposed Interim Order, as reflected in the revised form of order (the "Revised Proposed Interim Order") attached hereto as **Exhibit 1**. For the convenience of the Court and all interested parties, a blackline comparing the Revised Proposed Interim Order against the Proposed Interim Order is attached hereto as **Exhibit 2**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to present the Revised Proposed Interim Order at the hybrid hearing scheduled for **August 10, 2023 at 9:30 a.m. (ET)** (the "Hearing") before The Honorable Brenden Linehan Shannon, United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (1379); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

for the District of Delaware. The Debtors reserve all rights to modify the Revised Proposed Interim Order at or prior to the Hearing.

| | |
|---|---|
| Dated: August 10, 2023<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP**<br><br>*/s/ Shella Borovinskaya*<br>Pauline K. Morgan (No. 3650)<br>Andrew L. Magaziner (No. 5426)<br>Shella Borovinskaya (No. 6758)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  pmorgan@ycst.com<br>           amagaziner@ycst.com<br>           sborovinskaya@ycst.com<br><br>- and -<br><br>**PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP**<br>Paul M. Basta (admitted *pro hac vice*)<br>Robert A. Britton (admitted *pro hac vice*)<br>Michael J. Colarossi (admitted *pro hac vice*)<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Tel:    (212) 373-3000<br>Fax:    (212) 757-3990<br>Email: pbasta@paulweiss.com<br>           rbritton@paulweiss.com<br>           mcolarossi@paulweiss.com<br><br>*Proposed Counsel to the Debtors and<br>Debtors in Possession* |

## Exhibit 1

**Revised Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 7** |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO PAY PREPETITION EMPLOYEE
WAGES AND BENEFITS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the Debtors[2] for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) pay certain prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of their business, including payment of certain prepetition obligations related thereto, each subject to the caps and limits set forth herein, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

30640915.3

hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to pay, in an aggregate amount of $7,042,004, obligations in connection with the Compensation and Benefits Programs arising prior to the Petition Date, that the Debtors expect to become due and payable prior to the Final Hearing (the "Interim Period"), and to pay any postpetition Compensation and Benefits Programs obligations; *provided*, that the Debtors will not make payments on account of any prepetition severance obligations unless required by state law, or make any payments to the Directors, the Non-Represented COI Workers, or under the Annual Cash Bonus Programs on account of prepetition obligations in the Interim Period.

3. The Debtors are authorized to pay or remit, with respect to the each program outlined below, each as more fully described in the Motion, the following interim amounts during the Interim Period on account of prepetition obligations:

| Prepetition Compensation and Benefits Obligations | Interim Amount |
|---|---|
| Unpaid Wages | $5,980,716 |
| *Wage Deductions* | $1,236,000 |
| Non-Insider Employee Cash Bonus Programs | $4,800 |
| Expenses and Reimbursements | $120,000 |
| Employee Benefits Programs | $718,688 |
| *Insurance Benefits* | $533,288 |
| *Other Employee Benefits* | $185,400 |
| Employee Compensation Tax Obligations | $55,800 |
| Payroll Processor Fees | $162,000 |

30640915.3

| | |
|---|---|
| **Total** | **$7,042,004** |

4.  The Debtors are authorized to continue the Compensation and Benefits Programs described in the Motion in accordance with historical practice in the ordinary course of the Debtors' business, *provided* that the Debtors are not authorized to continue the Executive Employee Severance Agreements; *provided*, *further*, that this Interim Order does not authorize the Debtors to grant additional awards under the Equity Incentive Program during these chapter 11 cases; *provided, further*, that approval of the Annual Cash Bonus Programs and the Informal Non-Executive Severance Program is subject to approval by a Final Order.

5.  The Debtors are authorized to continue to honor all prepetition and postpetition obligations to the RIF Workers and the EBA Workers solely as such obligations come due and owing during the Interim Period; *provided, that*, payments on account of prepetition obligations to RIF Workers and EBA Workers will not, in conjunction with the other programs constituting the Other Employee Benefits, exceed the amounts set forth in this Interim Order.

6.  The Debtors may pay and remit any and all Wage Deductions, Employee Compensation Tax Obligations, and Payroll Taxes in the ordinary course of business on a postpetition basis.

7.  The Debtors are authorized to modify, change, and discontinue any of their Compensation and Benefits Programs and to implement new programs, policies, and benefits in the ordinary course during these chapter 11 cases in the Debtors' sole discretion and without the need for further Court approval, subject to applicable law including 11 U.S.C. § 1113, including, without limitation, modifying, extending, or changing the terms of the EBA with the consent of the Union.

8. The Debtors are authorized to establish the Self-Insured Escrow Account and deposit the Self-Insured Escrow Amount as soon as reasonably practicable following the Petition Date.

9. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program, in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to pay any workers' compensation claims, deductibles, retentions, premiums, and other amounts required in connection with the Workers Compensation Program as such amounts become due in the ordinary course during the pendency of these chapter 11 cases, regardless of when accrued.

10. Notwithstanding any provision in the Motion or this Interim Order to the contrary, this Interim Order does not authorize any payments which may implicate the provisions of section 503(c)(1) or (2) of the Bankruptcy Code.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

12. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or

30640915.3

admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

14. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

30640915.3

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

18. The final hearing on the Motion shall be held on _____, 2023, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion must be filed with the Court on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023, and served on the following parties: (a) proposed counsel to the Debtors (i); Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn. Paul Basta (pbasta@paulweiss.com) and Robert Britton (rbritton@paulweiss.com), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North Street, Wilmington, Delware, 19801, Attn: Pauline K. Morgan (pmorgan@ycst.com), and Andrew L. Magaziner (amagaziner@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Linda Casey (linda.casey@usdoj.gov); (c) the administrative and collateral agents under the Debtors' prepetition credit facilities and counsel thereto; and (d) the statutory committee of unsecured creditors, if any has been appointed. If no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

**Exhibit 2**

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (—BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. —7** |

## INTERIM ORDER (I) AUTHORIZING
## THE DEBTORS TO PAY PREPETITION EMPLOYEE
## WAGES AND BENEFITS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the Debtors[2] for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) pay certain prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of their business, including payment of certain prepetition obligations related thereto, each subject to the caps and limits set forth herein, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to pay, in an aggregate amount of $7,042,004, obligations in connection with the Compensation and Benefits Programs arising prior to the Petition Date, that the Debtors expect to become due and payable prior to the Final Hearing (the "Interim Period"), and to pay any postpetition Compensation and Benefits Programs obligations; *provided*, that the Debtors will not make payments on account of any prepetition severance obligations unless required by state law, or make any payments to the Directors, the Non-Represented COI Workers, or under the Annual Cash Bonus Programs on account of prepetition obligations in the Interim Period.

3. The Debtors are authorized to pay or remit, with respect to the each program outlined below, each as more fully described in the Motion, the following interim amounts during the Interim Period on account of prepetition obligations:

| Prepetition Compensation and Benefits Obligations | Interim Amount |
|---|---|
| Unpaid Wages | $5,980,716 |
| *Wage Deductions* | $1,236,000 |
| Non-Insider Employee Cash Bonus Programs | $4,800 |
| Expenses and Reimbursements | $120,000 |
| Employee Benefits Programs | $718,688 |
| *Insurance Benefits* | $533,288 |
| *Other Employee Benefits* | $185,400 |
| Employee Compensation Tax Obligations | $55,800 |
| Payroll Processor Fees | $162,000 |

| | |
|---|---|
| **Total** | **$7,042,004** |

4. The Debtors are authorized to continue the Compensation and Benefits Programs described in the Motion in accordance with historical practice in the ordinary course of the Debtors' business, *provided* that the Debtors are not authorized to continue the Executive Employee Severance Agreements; *provided*, *further*, that this Interim Order does not authorize the Debtors to grant additional awards under the Equity Incentive Program during these chapter 11 cases; *provided, further,* that approval of the Annual Cash Bonus Programs and the Informal Non-Executive Severance Program is subject to approval by a Final Order.

5. The Debtors are authorized to continue to honor all prepetition and postpetition obligations to the RIF Workers and the ~~COI~~EBA Workers solely as such obligations come due and owing during the Interim Period; *provided, that*, payments on account of prepetition obligations to RIF Workers and ~~COI~~EBA Workers will not ~~exceed that~~, in conjunction with the other programs constituting the Other Employee Benefits, exceed the amounts set forth in this Interim Order.

6. The Debtors may pay and remit any and all Wage Deductions, Employee Compensation Tax Obligations, and Payroll Taxes in the ordinary course of business on a postpetition basis.

7. The Debtors are authorized to modify, change, and discontinue any of their Compensation and Benefits Programs and to implement new programs, policies, and benefits in the ordinary course during these chapter 11 cases in the Debtors' sole discretion and without the need for further Court approval, subject to applicable law including 11 U.S.C. § 1113, including, without limitation, modifying, extending, or changing the terms of the EBA~~; *provided that* payments on account of prepetition obligations under the EBA will not exceed the amounts provided in this Interim Order~~ with the consent of the Union.

8. The Debtors are authorized to establish the Self-Insured Escrow Account and deposit the Self-Insured Escrow Amount as soon as reasonably practicable following the Petition Date.

9. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program, in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to pay any workers' compensation claims, deductibles, retentions, premiums, and other amounts required in connection with the Workers Compensation Program as such amounts become due in the ordinary course during the pendency of these chapter 11 cases, regardless of when accrued.

10. Notwithstanding any provision in the Motion or this Interim Order to the contrary, this Interim Order does not authorize any payments which may implicate the provisions of section 503(c)(1) or (2) of the Bankruptcy Code.

11. ~~10.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

12. ~~11.~~ Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or

admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13. ~~12.~~ The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

14. ~~13.~~ Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. ~~14.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. ~~15.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

17. ~~16.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

18. ~~17.~~ The final hearing on the Motion shall be held on _____, 2023, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion must be filed with the Court on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023, and served on the following parties:  (a) proposed counsel to the Debtors (i); Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn. Paul Basta (pbasta@paulweiss.com) and Robert Britton (rbritton@paulweiss.com), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North Street, Wilmington, Delware, 19801, Attn: Pauline K. Morgan (pmorgan@ycst.com), and Andrew L. Magaziner (amagaziner@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn:  Linda Casey (linda.casey@usdoj.gov); (c) the administrative and collateral agents under the Debtors' prepetition credit facilities and counsel thereto; and (d) the statutory committee of unsecured creditors, if any has been appointed.  If no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.