**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 5** |

**INTERIM ORDER (I) ESTABLISHING NOTIFICATION AND HEARING
PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF
WORTHLESSNESS WITH RESPECT TO COMMON STOCK OF PROTERRA INC
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the Debtors[2] for entry of an interim order (this "Interim Order") (a) approving the Procedures related to certain transfers of, or declarations of worthlessness with respect to, Beneficial Ownership of Common Stock as detailed in Exhibit 1 to each of the Interim Order and the Final Order (collectively, the "Procedures"); (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures shall be null and void *ab initio*; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

3.      The Procedures, as set forth in Exhibit 1 attached hereto, are approved on an interim basis.

4.      Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock, in each case, in violation of the Procedures (including, but not limited to, the notice requirements) shall be null and void *ab initio*.

5.      In the case of any attempted transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such transfer, declaration, acquisition, disposition, or trade shall be required to take remedial actions specified by the Debtors to appropriately reflect that such transfer, declaration, acquisition, disposition, or trade is null and void *ab initio*.  In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures (including, but not

limited to, the notice requirements), the person or entity attempting to make such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.      The Debtors may retroactively or prospectively waive any and all sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures or imposed by this Interim Order on parties other than the Debtors.

7.      Other than to the extent that this Interim Order expressly conditions or restricts trading in Common Stock or Claims, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Claims, including in connection with the treatment of any such Common Stock or Claims under any chapter 11 plan or any applicable bankruptcy court order.

8.      The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

9.      Within three business days of the entry of this Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Notice of Interim Order to all parties that were served with notice of the Motion and the Nominees that hold Common Stock in "street name" for the beneficial holders.  Within five business days of the entry of this Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall post this Interim Order and the Procedures to the website established by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC (www.kccllc.net/proterra) and publish the Notice of Interim Order once in the national edition of *The New York Times*.  The Debtors may also file a form 8-K with a reference to the entry of this Interim Order.

10.     Nothing herein shall preclude any person desirous of acquiring any Common Stock from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

11.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

The relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and accordingly, Bankruptcy Rule 6003(b) has been satisfied.

12.     Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

16.     The final hearing on the Motion shall be held on September 7, 2023, at 11:00 a.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion must be filed with the Court on or before 4:00 p.m., prevailing Eastern Time, on August 31, 2023, and served on the following parties: (a) proposed counsel to the Debtors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn. Robert A. Britton (rbritton@paulweiss.com) and Michael J. Colarossi (mcolarossi@paulweiss.com), and (ii) Young Conaway Stargatt & Taylor LLP, 1000 North Street, Wilmington, Delaware, 19801 Attn:  Pauline K. Morgan (pmorgan@ycst.com) and Andrew L. Magaziner (amagaziner@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Linda Casey (linda.casey@usdoj.gov); (c) counsel to the Cowen Parties; and (d) counsel to

Bank of America.  If no objections to entry of a final order on the Motion are timely received,

this Court may enter such final order without need for the final hearing.

Dated: August 10th, 2023
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE