**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket No. 105** |
| | ) |

**CERTIFICATION OF COUNSEL REGARDING ORDER ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND
MANNER OF NOTICE THEREOF**

On August 17, 2023, the above-captioned debtors and debtors in possession (together, the "Debtors") filed the *Debtors' Motion for an Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I. 105] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"). A proposed order (the "Proposed Order") was attached to the Motion as Exhibit A. The deadline to file objections or otherwise respond to the Motion was established as August 31, 2023 at 4:00 p.m. (ET) (as may have been extended by the Debtors for any party, the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No other formal or informal responses or objections to the Motion were received.

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (1379); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

which resolves the U.S. Trustee's comments.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any objections or responses other than that described herein, and the U.S. Trustee do not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

[*Remainder of page intentionally left blank*]

Dated: September 5, 2023
Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
       amagaziner@ycst.com
       sborovinskaya@ycst.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Michael J. Colarossi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:   (212) 373-3000
Fax:   (212) 757-3990
Email: pbasta@paulweiss.com
      rbritton@paulweiss.com
      mcolarossi@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PROTERRA INC, *et al.*,[1] | ) | Case No. 23-11120 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 132** |

## ORDER ESTABLISHING BAR DATES FOR
## FILING PROOFS OF CLAIM AND APPROVING
## <u>THE FORM AND MANNER OF NOTICE THEREOF</u>

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possessions (together, the "<u>Debtors</u>"), pursuant to sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e), for entry of an order establishing deadlines for filing Proofs of Claim against the Debtors in these chapter 11 cases and approving the form and manner of notice thereof; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion and the hearing thereon having been given as set forth in the Motion; and such notice having been adequate and appropriate under the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]   Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"), if any; and upon the First Day Declaration and the record of the Hearing; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     Each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit (as defined in section 101(27) of the Bankruptcy Code) that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against which a claim is asserted; provided, however, that the Debtors may agree in writing to permit a claimant to file a Proof of Claim asserting a claim against more than one Debtor, if such Proof of Claim clearly identifies the Debtors and liability of each.

3.     A Proof of Claim shall be filed by the holder of the claim (the "Creditor") or an authorized representative of the Creditor.  Any Proof of Claim submitted by an authorized representative of the Creditor shall state the basis for such authorization.  Any person seeking to file a Proof of Claim on behalf of a Creditor without express written authorization shall seek authorization from this Court prior to the applicable Bar Date.

2

4.      **General Bar Date.**  Except as otherwise provided herein, any person and entity (excluding any governmental unit) asserting a claim against the Debtors in these chapter 11 cases shall file a completed and executed Proof of Claim, substantially in the form attached to the Motion as Exhibit C, so that it is received, as provided in paragraphs 8 and 9 below, by KCC on or before the General Bar Date to be designated by the Debtors, which shall be the date that is no earlier than the date that is thirty (30) calendar days after the date on which the Debtors actually serve the Bar Date Notice and Proof of Claim form, which shall be no earlier than the first business day following the later of (a) the date the Debtors file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") with this Court, and (b) the date of entry of this Order.  The Debtors shall include the designated General Bar Date in the Bar Date Notice and shall file the Bar Date Notice making the designated General Bar Date a matter of record.  The Debtors are authorized, but not required, to agree, after consultation with the Official Committee of Unsecured Creditors (the "Committee"), to extend the Bar Date for any claimant by written stipulation filed with this Court in advance of the General Bar Date.

5.      **Governmental Unit Bar Date.**  All governmental units (as defined in section 101(27) of the Bankruptcy Code) asserting claims against one or more of the Debtors shall file completed and executed Proofs of Claim, substantially in the form attached to the Motion as Exhibit C, so they are received, as provided in paragraphs 8 and 9 below, by KCC on or before 4:00 p.m. (prevailing Eastern Time) on February 3, 2024.

6.      **Amended Schedule Bar Date.**  If, on or after the date on which the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules to (a) change the amount, nature, classification, or characterization of a claim, or (b) add a new claim to the Schedules and the affected claimant does not agree with the amount, nature, classification,

3

or characterization of such claim, then the affected claimant shall file a completed and executed Proof of Claim, substantially in the form attached to the Motion as Exhibit C, or amend any previously-filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is received, as provided in paragraphs 8 and 9 below, by KCC on or before the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.  If the Debtors amend their Schedules with respect to the claim of a governmental unit, the affected governmental unit shall be permitted to dispute the amount, nature, classification, or characterization of the scheduled claim by filing with KCC a completed and executed Proof of Claim, substantially in the form attached to the Motion as Exhibit C, on or before the later of (a) the Governmental Unit Bar Date or (b) twenty-one (21) days after the governmental unit is served with notice of the applicable amendment or supplement to the Schedules.

7.      **Rejection Bar Date.**   In the event that the Debtors reject executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, to the extent filed, completed and executed Proofs of Claim, substantially in the form attached to the Motion as Exhibit C, shall be filed in connection with Rejection Damages Claims so that they are received, as provided in paragraphs 8 and 9 below, by KCC on or before the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such rejection; provided, that persons or entities asserting claims with respect to contracts or leases that are not Rejection Damages Claims must file Proofs of Claim on account of such claims by the General Bar Date.

8.      Proofs of Claim must be sent (a) by first-class mail, overnight courier, or hand-delivery to KCC at Proterra Claims Processing Center, c/o KCC, 222 N. Pacific Coast

Highway, Suite 300, El Segundo, CA 90245 or (b) electronically by submitting a Proof of Claim

through KCC's website, www.kccllc.net/proterra.

9.      Proofs of Claim mailed or delivered to KCC, or submitted electronically

through KCC's website, will be deemed timely filed only if <u>actually</u> <u>received</u> by KCC on or

before the Bar Date associated with such claim at the address listed in <u>paragraph 8</u> above.

10.      Except as set forth in <u>paragraphs 8</u> and <u>9</u> above, KCC shall not accept

Proofs of Claim by facsimile, telecopy, email, or other electronic submission, and Proofs of

Claim submitted by such means shall not be deemed timely filed.

11.      The following persons or entities are not required to file Proofs of Claim:

   a)      any person or entity that has already properly filed a Proof of
           Claim against the correct Debtor(s) with either KCC or the Clerk
           of the Court for the United States Bankruptcy Court for the District
           of Delaware;

   b)      any person or entity: (i) whose claim is listed in the Schedules or
           any amendments thereto; (ii) whose claim is not described therein
           as "disputed," "contingent," or "unliquidated"; (iii) who does not
           dispute the amount or characterization of its claim as set forth in
           the Schedules; and (iv) who agrees that the claim is an obligation
           of the specific Debtor that listed the claim on its Schedules.

   c)      professionals retained by the Debtors or the Committee pursuant to
           orders of this Court that assert administrative claims for fees and
           expenses subject to this Court's approval pursuant to sections 330,
           331, and 503(b) of the Bankruptcy Code;

   d)      any person or entity that asserts an administrative expense claim
           against the Debtors pursuant to section 503(b) of the Bankruptcy
           Code; <u>provided</u>, <u>however</u>, that any person or entity that asserts a
           claim under section 503(b)(9) of the Bankruptcy Code on account
           of prepetition goods received by the Debtors within twenty (20)
           days prior to the Petition Date must file a Proof of Claim on or
           before the General Bar Date;

   e)      current officers and directors of the Debtors who assert claims for
           indemnification and/or contribution arising as a result of such
           officers' or directors' prepetition or post-petition services to the
           Debtors;

5

f)      any Debtor asserting a claim against another Debtor;

g)      any person or entity whose claim against the Debtor(s) has been allowed by an order of this Court, entered on or before the Bar Dates;

h)      any person or entity who has been exempted from the requirement to file a Proof of Claim by another order entered in these chapter 11 cases;

i)      any person or entity whose claim has been satisfied in full prior to the applicable Bar Date;

j)      any person or entity holding a claim payable to the Court or to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") pursuant to 28 U.S.C. § 1930;

k)      any holder of a claim arising under or in connection with the (i) First Lien Credit Facility (as defined in the First Day Declaration), *provided that* the First Lien Agent (as defined in the First Day Declaration) is authorized to file a single master Proof of Claim by the General Bar Date with regard to all of the claims thereunder and (ii) Second Lien Convertible Notes (as defined in the First Day Declaration), *provided that* the Second Lien Agent (as defined in the First Day Declaration) is authorized to file a single master Proof of Claim by the General Bar Date with regard to all of the claims thereunder;[3]

l)      any holder of a claim relating to self-funded insurance plans; and

m)      any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtors' use of cash collateral or access to postpetition financing (if any).

12.      Any Interest Holder, whose interest is based exclusively upon the ownership of common stock in a corporation or other equity securities (as defined in section 101(16) of the Bankruptcy Code), or warrants or rights to purchase, sell, or subscribe to such a security or interest (collectively, an "Interest") need not file a proof of interest on or before the General Bar Date; provided, that Interest Holders who wish to assert claims against the Debtors

---

[3]    For the avoidance of doubt, nothing in the Motion or this Order shall be deemed to allow, or constitute the Debtors' consent to, any portion of any claim, including any premium asserted by the Second Lien Agent or any holders of Second Lien Convertible Notes.

that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date, unless one of the exceptions contained in paragraph 11 above applies.

13.    Unless otherwise agreed by the Debtors in writing, any entity asserting claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor on or before the applicable Bar Date.  In addition, any entity filing a Proof of Claim must identify on its Proof of Claim the particular Debtor against which its claim is asserted.

14.    Notwithstanding anything to the contrary in this Order, the Agents (as defined in the First Day Declaration) are authorized to file a master Proof of Claim (a "Master Proof of Claim") on behalf of itself and any or all holders (each, a "Debt Claim Holder") of claims under the applicable funded debt documents (collectively, the "Debt Claims"), provided that nothing herein shall waive the right of any Prepetition First Lien Secured Party (as defined in the First Day Declaration) or Prepetition Second Lien Secured Party (as defined in the First Day Declaration) to file its own Proofs of Claim against the Debtors.  Any such Master Proof of Claim shall have the same effect as if each applicable Debt Claim Holder had individually filed a Proof of Claim against each applicable Debtor on account of such Debt Claim Holder's Debt Claim.  The Agents shall further be authorized to amend, supplement, or otherwise modify such Master Proof of Claim from time to time, to the extent permitted by applicable law.  The Agents shall not be required to file with a Master Proof of Claim any instruments, agreement, or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements, or other documents will be provided upon written request by counsel to the Debtors to counsel for each of the Agents.  For administrative convenience, any Master Proof

of Claim authorized herein may be filed in the case of Debtor Proterra Inc, Case No. 23-11120 (BLS) (the "Lead Case"), with respect to all amounts asserted in such Master Proof of Claim, and such Master Proof of Claim shall be deemed to be filed and asserted by the applicable entity or entities against every Debtor that is liable for the applicable claim so long as such authorized Master Proof of Claim sets forth in reasonable detail the basis for such claim and the amount asserted against each applicable Debtor.   No authorized Master Proof of Claim shall be disallowed, reduced, or expunged on the basis that it is filed only in the Lead Case.   For the avoidance of doubt, the provisions set forth in this paragraph 14 and any Master Proof of Claim filed pursuant to the terms hereof are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party in interest or their respective successors in interest, including, without limitation, the rights of the Agents or any Debt Claim Holder as holders of a Debt Claim against the Debtors under applicable law, and the numerosity requirements set forth in section 1126 of the Bankruptcy Code.

15.    Any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim: (a) may be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases, unless otherwise ordered by this Court; (b) may not, with respect to such claim, be treated as a Creditor of the Debtors for the purposes of voting upon any plan in these proceedings; and (c) may not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of this Court; provided, however, that a claimant shall be able to vote upon, and receive distributions under, any plan of reorganization or

liquidation in the chapter 11 cases to the extent, and in such amount, as any undisputed, non-contingent, and liquidated claims identified in the Schedules on behalf of the claimant.

16.    The Bar Date Notice, substantially in the form attached to the Motion as Exhibit B, and the Proof of Claim form, substantially in the form attached to the Motion as Exhibit C, are hereby approved in all respects.

17.    The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known Creditors of the Debtors if it is served, together with the Proof of Claim form, by first-class U.S. mail, postage prepaid, no later than thirty (30) days before the General Bar Date, to (a) all persons and entities (and their counsel if known) known by the Debtors to be holding potential claims or interests in the Debtors, (b) all parties that have requested notice in these chapter 11 cases, (c) all persons or entities listed in the Schedules, (d) all parties to executory contracts and unexpired leases with the Debtors, (e) all parties to litigation with the Debtors, (f) all parties that have already filed a Proof of Claim against the Debtors, (g) all taxing authorities for the jurisdictions in which the Debtors do business, (h) all governmental units that may have claims against the Debtors, and (i) the U.S. Trustee.

18.    The Debtors shall publish the Publication Notice, substantially in the form attached to the Motion as Exhibit D, in the national edition of *The New York Times*, at least once no later than twenty-one (21) days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Bar Dates by publication.

19.    The Debtors are authorized to make supplemental mailings of the Bar Date Notice and Proof of Claim form, which supplemental mailings being deemed timely and the

applicable Bar Dates being applicable to the recipient parties in interest, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and the Debtors mail notices to such parties in interest and such parties in interest receive at least twenty-one (21) days' notice; and (c) there are additional potential claimants and such claimants receive at least twenty-one (21) days' notice; <u>provided</u>, that to the extent any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such parties in interest if (i) such party in interest is not a "Schedule D" or Schedule E/F" claimant or (ii) after conducting a reasonable search for a new address, the Debtors are unable to locate such new address.

20.    Notwithstanding anything in this Order, nothing herein shall prejudice any entity from seeking to extend the time to file a Proof of Claim "for cause shown" under Bankruptcy Rule 3003(c)(3) or raising the defense of "excusable neglect" within the meaning of Bankruptcy Rule 9006(b).

21.    Nothing in this Order shall prejudice the right of the Debtors or any other party in interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated.

22.    The Debtors are authorized to make non-substantive changes to the exhibits to the Motion without further order of this Court, including without limitation, changes to (a) correct typographical and grammatical errors, (b) update references to cited pleadings and

orders, and (c) conform changes among this Order, the exhibits, and any other related materials prior to their mailing to parties in interest.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

**EXHIBIT B**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re:  Docket No. __** |

**NOTICE OF ENTRY OF BAR**
**DATE ORDER ESTABLISHING**
**DEADLINES FOR FILING PROOFS**
**OF CLAIM (INCLUDING FOR CLAIMS ASSERTED UNDER**
**SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AGAINST THE DEBTORS**

**TO:    ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT:**

On August 7, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on [●], 2023, the Court entered an order (the "Bar Date Order")[2] establishing deadlines to file proofs of claim for all potential claims (as defined below), *including* claims arising pursuant to section 503(b)(9) (each, a "503(b)(9) Claim") of the Bankruptcy Code against the Debtors that arose prior to the Petition Date.

| **Bar Dates** | |
|---|---|
| *General Bar Date* | [●], 2023 at 4:00 p.m. (prevailing Eastern Time) |
| *Governmental Unit Bar Date* | February 3, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| *Amended Schedules Bar Date* | the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules |
| *Rejection Bar Date* | the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]    Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them below or in the Bar Date Order.

| rejection |

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A TIMELY PROOF OF CLAIM IN THE FORM AND MANNER SPECIFIED BY THE BAR DATE ORDER AND WHO FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE: (A) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR PROPERTY OF THE DEBTORS, OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THE CHAPTER 11 CASES; (B) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSES OF VOTING UPON ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE PROCEEDINGS; AND (C) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM; _PROVIDED_, _HOWEVER_, THAT A CLAIMANT SHALL BE ABLE TO VOTE UPON, AND RECEIVE DISTRIBUTIONS UNDER, ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE CHAPTER 11 CASES TO THE EXTENT, AND IN SUCH AMOUNT, AS ANY UNDISPUTED, NON-CONTINGENT, AND LIQUIDATED CLAIMS IDENTIFIED IN THE SCHEDULES ON BEHALF OF THE CLAIMANT.**

You should not file a Proof of Claim if you do not have a claim against the Debtors. Your receipt of this notice (this "Notice") does not necessarily mean that you have a claim or that either the Debtors or the Court believe you have a claim.

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity[3] (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or Governmental Unit[4]) that holds or asserts a claim against one or more of the Debtors (including 503(b)(9) Claims) must file a Proof of Claim with an original signature, substantially conforming to the proof of claim form attached hereto, so that it is actually received by Kurtzman Carson Consultants LLC ("KCC"), the Court-approved claims and noticing agent in these chapter 11 cases, on or before the Bar Dates set forth below. Proofs of Claim must be sent by _first-class mail_, _overnight courier_, or _hand-delivery_ to:

**Proterra Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

Alternatively, Proofs of Claim may be submitted electronically through the electronic filing system available at **www.kccllc.net/proterra**.

---

[3]   "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

[4]   "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

To be properly filed, a Proof of Claim must be filed against the specific Debtor against which the claimant holds or asserts a claim.  For example, if a claimant holds or asserts a claim against Proterra Inc, the Proof of Claim must specify Proterra Inc.  If a claimant wishes to assert a claim against both Debtors, separate Proofs of Claim must be filed against each applicable Debtor.

Proofs of Claim will be deemed timely filed only if <u>actually received</u> by KCC on or before the Bar Date associated with such claim.  Further, except with respect to the electronic filing system described above, KCC will not accept Proofs of Claim sent by facsimile, telecopy, email, or other electronic submission, and such claims will not be deemed to be properly or timely filed claims.

**General Bar Date.  Except as otherwise provided herein, each person or entity holding or asserting a claim (including a 503(b)(9) Claim) against the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is <u>actually received</u> by KCC on or before [●], 2023 at 4:00 p.m. (prevailing Eastern Time) (the "<u>General Bar Date</u>").**

**Governmental Unit Bar Date.  Each governmental unit holding or asserting a claim against the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is actually received by KCC on or before February 3, 2024 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Governmental Bar Date</u>," and, together with the General Bar Date, the "<u>Bar Dates</u>").**

*Amended Schedules Bar Date.*  If, on or after the date on which the Debtors serve this Notice, the Debtors amend or supplement their schedules of assets and liabilities or statements of financial affairs (collectively, the "<u>Schedules</u>") (a) to change the amount, nature, classification, or characterization of a claim, or (b) to add a new claim to the Schedules and the affected claimant does not agree with the amount, nature, classification, or characterization of such claim, the affected claimant is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim so that the Proof of Claim is actually received by KCC on or before the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

*Rejection Bar Date.*  A Proof of Claim relating to the Debtors' rejection of an executory contract or unexpired lease pursuant to a Court order must be filed so that it is actually received by KCC on or before the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such rejection.

For purposes of the Bar Date Order and this Notice, and pursuant to section 101(5) of the Bankruptcy Code, the term "<u>claim</u>" means: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured as of the Petition Date.

For purposes of the Bar Date Order and this Notice, a "503(b)(9) Claim" is a claim for the value of any goods received by the Debtors within twenty (20) days prior to the Petition Date in which the goods have been sold to the Debtors in the ordinary course of the Debtors' business.

**The following persons and entities need NOT file a Proof of Claim:**

a)  any person or entity that has already properly filed a Proof of Claim against the correct Debtor(s) with either KCC or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b)  any person or entity (i) whose claim is listed in the Schedules or any amendments thereto; (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated"; (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules; and (iv) who agrees that the claim is an obligation of the specific Debtor that listed the claim on its Schedules;

c)  professionals retained by the Debtors or the Committee pursuant to orders of this Court that assert administrative claims for fees and expenses subject to this Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d)  any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; provided, however, that any person or entity that has a claim under section 503(b)(9) of the Bankruptcy Code on account of prepetition goods received by the Debtors within twenty (20) days prior to the Petition Date must file a Proof of Claim on or before the General Bar Date;

e)  current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

f)  any Debtor asserting a claim against another Debtor;

g)  any person or entity whose claim against the Debtor(s) has been allowed by an order of the Court, entered on or before the Bar Dates;

h)  any person or entity who has been exempted from the requirement to file a proof of claim by another order entered in the chapter 11 cases;

i)  any person or entity whose claim has been satisfied in full prior to the applicable Bar Date;

j)  any person or entity holding a claim payable to the Office of the United States Trustee for the District of Delaware pursuant to 28 U.S.C. § 1930;

4

k)        any holder of a claim arising under or in connection with the (i) First Lien Credit Facility (as defined in the First Day Declaration), *provided that* the First Lien Agent (as defined in the First Day Declaration) is authorized to file a single master Proof of Claim by the General Bar Date with regard to all of the claims thereunder and (ii) Second Lien Convertible Notes (as defined in the First Day Declaration), *provided that* the Second Lien Agent (as defined in the First Day Declaration) is authorized to file a single master Proof of Claim by the General Bar Date with regard to all of the claims thereunder;[5]

l)        any holder of a claim relating to self-funded insurance plans; and

m)       any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtors' use of cash collateral or access to postpetition financing (if any).

Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit) holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in the corporation or other equity security (as defined in section 101(16) of the Bankruptcy Code), or warrants or rights to purchase, sell, or subscribe to such a security (any such security being referred to in this Notice as an "Interest") need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date (or, in the case of a governmental unit, the Governmental Bar Date), unless another exception identified in the Bar Date Order applies.

The Debtors reserve the right to: (a) dispute or assert offsets or defenses against any claim filed or any claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; and (b) subsequently designate any claim as disputed, contingent, or unliquidated.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim on any grounds.

Acts or omissions of the Debtors, if any, that occurred prior to the Petition Date, including acts or omissions related to any indemnity agreements, guarantees, or services provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding that such claims (or any injuries on which they are based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds or asserts a claim or a potential claim against the Debtors, no matter how remote or contingent, must file a Proof of Claim on or before the applicable Bar Date.

---

[5]    For the avoidance of doubt, nothing in the Bar Date Order shall be deemed to allow, or constitute the Debtors' consent to, any position of any claim, including any premium asserted by the Second Lien Agent or any holders of Second Lien Convertible Notes.

You may be listed as the holder of a claim against the Debtors in the Schedules, as the same may be amended from time to time.  If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed," you must file a Proof of Claim.  Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801.  In addition, copies of the Debtors' Schedules and Bar Date Order may be viewed and downloaded free of charge at KCC's dedicated website for the Debtors' chapter 11 cases (www.kccllc.net/proterra); or viewed and downloaded for a fee at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

*[Remainder of page intentionally left blank]*

Questions concerning the contents of this Notice, the Bar Date Order, and requests for Proofs of Claim should be directed to KCC's toll-free lines at 888-251-3076 (USA or Canada); 310-751-2617 (International), or by submitting an inquiry at www.kccllc.net/proterra/inquiry.  Please note that KCC's staff is not permitted to give legal advice.  You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.  Nothing contained in this Notice shall preclude the Debtors from objecting to any filed claim on any grounds.

Dated: [•], 2023
      Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ [DRAFT]*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
      amagaziner@ycst.com
      sborovinskaya@ycst.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Michael J. Colarossi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:  (212) 373-3000
Fax:  (212) 757-3990
     Email: pbasta@paulweiss.com
       rbritton@paulweiss.com
       mcolarossi@paulweiss.com

[*Proposed*] *Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT C**

**Proof of Claim Form**

Your claim can be filed electronically on KCC's website at https://www.kccllc.net/proterra

---

United States Bankruptcy Court for the District of Delaware

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)

☐ Proterra Inc (Case No. 23-11120)          ☐ Proterra Operating Company, Inc. (Case No. 23-11121)

---

## Official Form 410
# Proof of Claim
04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.   From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number      Street

City                    State            ZIP Code

Country

Contact phone

Contact email

**Where should payments to the creditor be sent?** (if different)

Name

Number      Street

City                    State            ZIP Code

Country

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims registry (if known) _____          Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.  Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ___ ___ ___ ___

**7.  How much is the claim?**

$ _____ . Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9.  Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:  _____

**Basis for perfection:**  _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                               $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:**   $_____  (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check all that apply:*                   **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ |

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
             MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name       _____
               First name         Middle name         Last name

Title        _____

Company   _____
               Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
               Number       Street

_____
City              State       ZIP Code      Country

Contact phone   _____    Email _____

# Official Form 410
# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

## PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

Proterra Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://www.kccllc.net/proterra.

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/proterra.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## **EXHIBIT D**

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

## NOTICE OF ENTRY OF BAR
## DATE ORDER ESTABLISHING
## DEADLINES FOR FILING PROOFS
## OF CLAIM (INCLUDING FOR CLAIMS ASSERTED UNDER
## SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AGAINST THE DEBTORS

**PLEASE TAKE NOTICE THAT:**

On August 7, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on [●], 2023, the Court entered an order (the "Bar Date Order")[2] establishing deadlines to file proofs of claim for all potential claims (as defined below), *including* claims arising pursuant to section 503(b)(9) (each, a "503(b)(9) Claim") of the Bankruptcy Code against the Debtors that arose prior to the Petition Date.

| Bar Dates | |
|---|---|
| *General Bar Date* | [●], 2023 at 4:00 p.m. (prevailing Eastern Time) |
| *Governmental Unit Bar Date* | February 3, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| *Amended Schedules Bar Date* | the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules |
| *Rejection Bar Date* | the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such rejection |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]   Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them below or in the Bar Date Order.

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A TIMELY PROOF OF CLAIM IN THE FORM AND MANNER SPECIFIED BY THE BAR DATE ORDER AND WHO FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE: (A) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR PROPERTY OF THE DEBTORS, OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THE CHAPTER 11 CASES; (B) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSES OF VOTING UPON ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE PROCEEDINGS; AND (C) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM; <u>PROVIDED</u>, <u>HOWEVER</u>, THAT A CLAIMANT SHALL BE ABLE TO VOTE UPON, AND RECEIVE DISTRIBUTIONS UNDER, ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE CHAPTER 11 CASES TO THE EXTENT, AND IN SUCH AMOUNT, AS ANY UNDISPUTED, NON-CONTINGENT, AND LIQUIDATED CLAIMS IDENTIFIED IN THE SCHEDULES ON BEHALF OF THE CLAIMANT.**

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity that holds or asserts a claim against the Debtors (including claims arising under section 503(b)(9) of the Bankruptcy Code) must file a Proof of Claim with original signature, substantially conforming to the proof of claim form available on www.kccllc.net/proterra, so that it is actually received by Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Court-approved claims and noticing agent in these chapter 11 cases, on or before the Bar Dates set forth below. Proofs of Claim must be sent by *first-class mail*, *overnight courier*, or *hand-delivery* to:

**Proterra Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

Alternatively, Proofs of Claim may be submitted electronically through the electronic filing system available at www.kccllc.net/proterra.

To be properly filed, a Proof of Claim must be filed against the specific Debtor against which the claimant holds or asserts a claim. For example, if a claimant holds or asserts a claim against Proterra Inc), the Proof of Claim must specify Proterra Inc. If a claimant wishes to assert a claim against more than one Debtor, separate Proofs of Claim must be filed against each applicable Debtor.

Proofs of claim will be deemed timely filed only if <u>actually</u> <u>received</u> by KCC on or before the Bar Date associated with such claim. Further, except with respect to the electronic filing system described above, KCC will not accept Proofs of Claim sent by facsimile, telecopy, email, or other electronic submission, and such claims will not be deemed to be properly or timely filed claims.

   ***General Bar Date.*** **Except as otherwise provided herein, each person or entity holding or asserting a claim (including a 503(b)(9) Claim) against the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is <u>actually</u> <u>received</u> by KCC on or before [●], 2023 at 4:00 p.m. (prevailing Eastern Time) (the "<u>General Bar Date</u>").**

   ***Governmental Unit Bar Date.*** **Each governmental unit holding or asserting a claim against the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is actually received by KCC on or before February 3, 2024 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Governmental Bar Date</u>," and, together with the General Bar Date, the "<u>Bar Dates</u>").**

   *Amended Schedules Bar Date.* If, on or after the date on which the Debtors serve this notice (this "<u>Notice</u>"), the Debtors amend or supplement their schedules of assets and liabilities or statements of financial affairs (collectively, the "<u>Schedules</u>") (a) to change the amount, nature, classification, or characterization of a claim, or (b) to add a new claim to the Schedules and the affected claimant does not agree with the amount, nature, classification, or characterization of such claim, the affected claimant is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim so that the Proof of Claim is actually received by KCC on or before the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

   *Rejection Bar Date.* A Proof of Claim relating to the Debtors' rejection of an executory contract or unexpired lease pursuant to a Court order must be filed so that it is actually received by KCC on or before the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such rejection.

   For purposes of the Bar Date Order and this Notice, and pursuant to section 101(5) of the Bankruptcy Code, the term "<u>claim</u>" means: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured as of the Petition Date. Further, a "<u>503(b)(9) Claim</u>" is a claim for the value of any goods received by the Debtors within twenty (20) days prior to the Petition Date in which the goods have been sold to the Debtors in the ordinary course of the Debtors' business.

   Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit) holding an interest in the Debtors (an "<u>Interest Holder</u>"), which interest is based exclusively upon the ownership of common or preferred stock in the corporation or other equity security (as defined in section 101(16) of the Bankruptcy Code), or warrants or rights to purchase, sell or subscribe to such a security (any such security being referred to in this Notice as an "<u>Interest</u>"), need not file a proof of interest on or before the General Bar Date; <u>provided</u>, <u>however</u>, that Interest Holders who wish to assert <u>claims</u> against the Debtors that arise out of or relate to the ownership or purchase

of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date (or, in the case of a governmental unit, the Governmental Bar Date), unless another exception identified in the Bar Date Order applies.

Acts or omissions of the Debtors, if any, that occurred prior to the Petition Date, including acts or omissions related to any indemnity agreements, guarantees, or services provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they are based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds or asserts a claim or a potential claim against the Debtors, no matter how remote or contingent, must file a Proof of Claim on or before the General Bar Date.

Questions concerning the contents of this Notice, the Bar Date Order, and requests for Proofs of Claim should be directed to KCC's toll-free lines at 888-251-3076 (USA or Canada); 310-751-2617 (International), or by submitting an inquiry at www.kccllc.net/proterra/inquiry. Please note that KCC's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim. Nothing contained in this Notice shall preclude the Debtors from objecting to any filed claim on any grounds.

Dated: [•], 2023
Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ [DRAFT]*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
        amagaziner@ycst.com
        sborovinskaya@ycst.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Michael J. Colarossi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
        Email: pbasta@paulweiss.com
               rbritton@paulweiss.com
               mcolarossi@paulweiss.com

[*Proposed*] *Counsel to the Debtors and Debtors in Possession*

**EXHIBIT B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re:  Docket No. —132** |

**ORDER ESTABLISHING BAR DATES FOR
FILING PROOFS OF CLAIM AND APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possessions (together, the "Debtors"), pursuant to sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e), for entry of an order establishing deadlines for filing Proofs of Claim against the Debtors in these chapter 11 cases and approving the form and manner of notice thereof; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion and the hearing thereon having been given

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]   Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

as set forth in the Motion; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"), if any; and upon the First Day Declaration and the record of the Hearing; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit (as defined in section 101(27) of the Bankruptcy Code) that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against which a claim is asserted; provided, however, that the Debtors may agree in writing to permit a claimant to file a Proof of Claim asserting a claim against more than one Debtor, if such Proof of Claim clearly identifies the Debtors and liability of each.

3.      A Proof of Claim shall be filed by the holder of the claim (the "Creditor") or an authorized representative of the Creditor.  Any Proof of Claim submitted by an authorized representative of the Creditor shall state the basis for such authorization.  Any person seeking to file a Proof of Claim on behalf of a Creditor without express written authorization shall seek authorization from this Court prior to the applicable Bar Date.

4.    **General Bar Date.**  Except as otherwise provided herein, any person and entity (excluding any governmental unit) asserting a claim against the Debtors in these chapter 11 cases shall file a completed and executed Proof of Claim, substantially in the form attached to the Motion as Exhibit C, so that it is received, as provided in paragraphs 8 and 9 below, by KCC on or before the General Bar Date to be designated by the Debtors, which shall be the date that is no earlier than the date that is thirty (30) calendar days after the date on which the Debtors actually serve the Bar Date Notice and Proof of Claim form, which shall be no earlier than the first business day following the later of (a) the date the Debtors file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") with this Court, and (b) the date of entry of this Order.  The Debtors shall include the designated General Bar Date in the Bar Date Notice and shall file the Bar Date Notice making the designated General Bar Date a matter of record.  The Debtors are authorized, but not required, to agree, after consultation with the ~~official committee of unsecured creditors, if one is appointed~~Official Committee of Unsecured Creditors (the "Committee"), to extend the Bar Date for any claimant by written stipulation filed with this Court in advance of the General Bar Date.

5.    **Governmental Unit Bar Date.**  All governmental units (as defined in section 101(27) of the Bankruptcy Code) asserting claims against one or more of the Debtors shall file completed and executed Proofs of Claim, substantially in the form attached to the Motion as Exhibit C, so they are received, as provided in paragraphs 8 and 9 below, by KCC on or before 4:00 p.m. (prevailing Eastern Time) on February 3, 2024.

6.    **Amended Schedule Bar Date.**  If, on or after the date on which the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules to (a) change the amount, nature, classification, or characterization of a claim, or (b) add a new claim

to the Schedules and the affected claimant does not agree with the amount, nature, classification, or characterization of such claim, then the affected claimant shall file a completed and executed Proof of Claim, substantially in the form attached to the Motion as Exhibit C, or amend any previously-filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is received, as provided in paragraphs 8 and 9 below, by KCC on or before the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.  If the Debtors amend their Schedules with respect to the claim of a governmental unit, the affected governmental unit shall be permitted to dispute the amount, nature, classification, or characterization of the scheduled claim by filing with KCC a completed and executed Proof of Claim, substantially in the form attached to the Motion as Exhibit C, on or before the later of (a) the Governmental Unit Bar Date or (b) twenty-one (21) days after the governmental unit is served with notice of the applicable amendment or supplement to the Schedules.

7.     **Rejection Bar Date.**   In the event that the Debtors reject executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, to the extent filed, completed and executed Proofs of Claim, substantially in the form attached to the Motion as Exhibit C, shall be filed in connection with Rejection Damages Claims so that they are received, as provided in paragraphs 8 and 9 below, by KCC on or before the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such rejection; provided, that persons or entities asserting claims with respect to contracts or leases that are not Rejection Damages Claims must file Proofs of Claim on account of such claims by the General Bar Date.

8.    Proofs of Claim must be sent (a) by first-class mail, overnight courier, or hand-delivery to KCC at Proterra Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (b) electronically by submitting a Proof of Claim through KCC's website, www.kccllc.net/proterra.

9.    Proofs of Claim mailed or delivered to KCC, or submitted electronically through KCC's website, will be deemed timely filed only if <u>actually</u> <u>received</u> by KCC on or before the Bar Date associated with such claim at the address listed in <u>paragraph 8</u> above.

10.    Except as set forth in <u>paragraphs 8</u> and <u>9</u> above, KCC shall not accept Proofs of Claim by facsimile, telecopy, email, or other electronic submission, and Proofs of Claim submitted by such means shall not be deemed timely filed.

11.    The following persons or entities are not required to file Proofs of Claim:

a)    any person or entity that has already properly filed a Proof of Claim against the correct Debtor(s) with either KCC or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b)    any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto; (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated"; (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules; and (iv) who agrees that the claim is an obligation of the specific Debtor that listed the claim on its Schedules.

c)    professionals retained by the Debtors or the ~~Official~~ Committee ~~of Unsecured Creditors, if one is appointed,~~ pursuant to orders of this Court that assert administrative claims for fees and expenses subject to this Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d)    any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that any person or entity that asserts a claim under section 503(b)(9) of the Bankruptcy Code on account of prepetition goods received by the Debtors within twenty (20)

days prior to the Petition Date must file a Proof of Claim on or before the General Bar Date;

e)      current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

f)      any Debtor asserting a claim against another Debtor;

g)      any person or entity whose claim against the Debtor(s) has been allowed by an order of this Court, entered on or before the Bar Dates;

h)      any person or entity who has been exempted from the requirement to file a Proof of Claim by another order entered in these chapter 11 cases;

i)      any person or entity whose claim has been satisfied in full prior to the applicable Bar Date;

j)      any person or entity holding a claim payable to the Court or to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") pursuant to 28 U.S.C. § 1930;

k)      any holder of a claim arising under or in connection with the (i) First Lien Credit Facility (as defined in the First Day Declaration), *provided that* the First Lien Agent (as defined in the First Day Declaration) is authorized to file a single master Proof of Claim by the General Bar Date with regard to all of the claims thereunder and (ii) Second Lien Convertible Notes (as defined in the First Day Declaration), *provided that* the Second Lien Agent (as defined in the First Day Declaration) is authorized to file a single master Proof of Claim by the General Bar Date with regard to all of the claims thereunder;[3] ~~and~~

l)      any holder of a claim relating to self-funded insurance plans; and

m)      ~~l)~~ any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtors' use of cash collateral or access to postpetition financing (if any).

---

[3]     For the avoidance of doubt, nothing in the Motion or this Order shall be deemed to allow, or constitute the Debtors' consent to, any portion of any claim, including any premium asserted by the Second Lien Agent or any holders of Second Lien Convertible Notes.

12.     Any Interest Holder, whose interest is based exclusively upon the ownership of common stock in a corporation or other equity securities (as defined in section 101(16) of the Bankruptcy Code), or warrants or rights to purchase, sell, or subscribe to such a security or interest (collectively, an "Interest") need not file a proof of interest on or before the General Bar Date; provided, that Interest Holders who wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date, unless one of the exceptions contained in paragraph 11 above applies.

13.     Unless otherwise agreed by the Debtors in writing, any entity asserting claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor on or before the applicable Bar Date.  In addition, any entity filing a Proof of Claim must identify on its Proof of Claim the particular Debtor against which its claim is asserted.

14.     Notwithstanding anything to the contrary in this Order, the Agents (as defined in the First Day Declaration) are authorized to file a master Proof of Claim (a "Master Proof of Claim") on behalf of itself and any or all holders (each, a "Debt Claim Holder") of claims under the applicable funded debt documents (collectively, the "Debt Claims"), provided that nothing herein shall waive the right of any Prepetition First Lien Secured Party (as defined in the First Day Declaration) or Prepetition Second Lien Secured Party (as defined in the First Day Declaration) to file its own Proofs of Claim against the Debtors.  Any such Master Proof of Claim shall have the same effect as if each applicable Debt Claim Holder had individually filed a Proof of Claim against each applicable Debtor on account of such Debt Claim Holder's Debt Claim.  The Agents shall further be authorized to amend, supplement, or otherwise modify such

Master Proof of Claim from time to time, to the extent permitted by applicable law.  The Agents shall not be required to file with a Master Proof of Claim any instruments, agreement, or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements, or other documents will be provided upon written request by counsel to the Debtors to counsel for each of the Agents.  For administrative convenience, any Master Proof of Claim authorized herein may be filed in the case of Debtor Proterra Inc, Case No. 23-11120 (BLS) (the "Lead Case"), with respect to all amounts asserted in such Master Proof of Claim, and such Master Proof of Claim shall be deemed to be filed and asserted by the applicable entity or entities against every Debtor that is liable for the applicable claim so long as such authorized Master Proof of Claim sets forth in reasonable detail the basis for such claim and the amount asserted against each applicable Debtor.   No authorized Master Proof of Claim shall be disallowed, reduced, or expunged on the basis that it is filed only in the Lead Case.  For the avoidance of doubt, the provisions set forth in this paragraph 14 and any Master Proof of Claim filed pursuant to the terms hereof are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party in interest or their respective successors in interest, including, without limitation, the rights of the Agents or any Debt Claim Holder as holders of a Debt Claim against the Debtors under applicable law, and the numerosity requirements set forth in section 1126 of the Bankruptcy Code.

15.     Any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim: (a) ~~shall~~may be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases, unless otherwise ordered

by this Court; (b) ~~shall~~may not, with respect to such claim, be treated as a Creditor of the Debtors for the purposes of voting upon any plan in these proceedings; and (c) ~~shall~~may not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of this Court; provided, however, that a claimant shall be able to vote upon, and receive distributions under, any plan of reorganization or liquidation in the chapter 11 cases to the extent, and in such amount, as any undisputed, non-contingent, and liquidated claims identified in the Schedules on behalf of the claimant.

16.     The Bar Date Notice, substantially in the form attached to the Motion as Exhibit B, and the Proof of Claim form, substantially in the form attached to the Motion as Exhibit C, are hereby approved in all respects.

17.     The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known Creditors of the Debtors if it is served, together with the Proof of Claim form, by first-class U.S. mail, postage prepaid, no later than thirty (30) days before the General Bar Date, to (a) all persons and entities (and their counsel if known) known by the Debtors to be holding potential claims or interests in the Debtors, (b) all parties that have requested notice in these chapter 11 cases, (c) all persons or entities listed in the Schedules, (d) all parties to executory contracts and unexpired leases with the Debtors, (e) all parties to litigation with the Debtors, (f) all parties that have already filed a Proof of Claim against the Debtors, (g) all taxing authorities for the jurisdictions in which the Debtors do business, (h) all governmental units that may have claims against the Debtors, and (i) the U.S. Trustee.

18.     The Debtors shall publish the Publication Notice, substantially in the form attached to the Motion as Exhibit D, in the national edition of *The New York Times*, at least once

no later than twenty-one (21) days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Bar Dates by publication.

19.    The Debtors are authorized to make supplemental mailings of the Bar Date Notice and Proof of Claim form, which supplemental mailings being deemed timely and the applicable Bar Dates being applicable to the recipient parties in interest, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c), and the Debtors mail notices to such parties in interest and such parties in interest receive at least twenty-one (21) days' notice; and (c) there are additional potential claimants and such claimants receive at least twenty-one (21) days' notice; provided, that to the extent any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such parties in interest if (i) such party in interest is not a "Schedule D" or Schedule E/F" claimant or (ii) after conducting a reasonable search for a new address, the Debtors are unable to locate such new address.

20.    Notwithstanding anything in this Order, nothing herein shall prejudice any entity from seeking to extend the time to file a Proof of Claim "for cause shown" under Bankruptcy Rule 3003(c)(3) or raising the defense of "excusable neglect" within the meaning of Bankruptcy Rule 9006(b).

21.    Nothing in this Order shall prejudice the right of the Debtors or any other party in interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the

Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated.

22.     The Debtors are authorized to make non-substantive changes to the exhibits to the Motion without further order of this Court, including without limitation, changes to (a) correct typographical and grammatical errors, (b) update references to cited pleadings and orders, and (c) conform changes among this Order, the exhibits, and any other related materials prior to their mailing to parties in interest.

23.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24.     This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

**EXHIBIT B**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PROTERRA INC, *et al.*,[1] | ) | Case No. 23-11120 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. __** |

**NOTICE OF ENTRY OF BAR
DATE ORDER ESTABLISHING
DEADLINES FOR FILING PROOFS
OF CLAIM (INCLUDING FOR CLAIMS ASSERTED UNDER
~~SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AGAINST THE DEBTORS~~**

**TO:    ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT:**

On August 7, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on [●], 2023, the Court entered an order (the "Bar Date Order")[2] establishing deadlines to file proofs of claim for all potential claims (as defined below), *including* claims arising pursuant to section 503(b)(9) (each, a "503(b)(9) Claim") of the Bankruptcy Code against the Debtors that arose prior to the Petition Date.

| **Bar Dates** | |
|---|---|
| *General Bar Date* | [●], 2023 at 4:00 p.m. (prevailing Eastern Time) |
| *Governmental Unit Bar Date* | February 3, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| *Amended Schedules Bar Date* | the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]   Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them below or in the Bar Date Order.

| | |
|---|---|
| *Rejection Bar Date* | the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such rejection |

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A TIMELY PROOF OF CLAIM IN THE FORM AND MANNER SPECIFIED BY THE BAR DATE ORDER AND WHO FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE: (A) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR PROPERTY OF THE DEBTORS, OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THE CHAPTER 11 CASES; (B) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSES OF VOTING UPON ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE PROCEEDINGS; AND (C) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM; PROVIDED, HOWEVER, THAT A CLAIMANT SHALL BE ABLE TO VOTE UPON, AND RECEIVE DISTRIBUTIONS UNDER, ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE CHAPTER 11 CASES TO THE EXTENT, AND IN SUCH AMOUNT, AS ANY UNDISPUTED, NON-CONTINGENT, AND LIQUIDATED CLAIMS IDENTIFIED IN THE SCHEDULES ON BEHALF OF THE CLAIMANT.**

You should not file a Proof of Claim if you do not have a claim against the Debtors.  Your receipt of this notice (this "Notice") does not necessarily mean that you have a claim or that either the Debtors or the Court believe you have a claim.

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity[3] (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or Governmental Unit[4]) that holds or asserts a claim against one or more of the Debtors (including 503(b)(9) Claims) must file a Proof of Claim with an original signature, substantially conforming to the proof of claim form attached hereto, so that it is actually received by Kurtzman Carson Consultants LLC ("KCC"), the Court-approved claims and noticing agent in these chapter 11 cases, on or before the Bar Dates set forth below.  Proofs of Claim must be sent by *first-class mail*, *overnight courier*, or *hand-delivery* to:

**Proterra Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

---

[3]    "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

[4]    "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

Alternatively, Proofs of Claim may be submitted electronically through the electronic filing system available at **www.kccllc.net/proterra**.

To be properly filed, a Proof of Claim must be filed against the specific Debtor against which the claimant holds or asserts a claim.  For example, if a claimant holds or asserts a claim against Proterra Inc, the Proof of Claim must specify Proterra Inc.  If a claimant wishes to assert a claim against both Debtors, separate Proofs of Claim must be filed against each applicable Debtor.

Proofs of Claim will be deemed timely filed only if <u>actually</u> <u>received</u> by KCC on or before the Bar Date associated with such claim.  Further, except with respect to the electronic filing system described above, KCC will not accept Proofs of Claim sent by facsimile, telecopy, email, or other electronic submission, and such claims will not be deemed to be properly or timely filed claims.

**_General Bar Date._  Except as otherwise provided herein, each person or entity holding or asserting a claim (including a 503(b)(9) Claim) against the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is <u>actually</u> <u>received</u> by KCC on or before [●], 2023 at 4:00 p.m. (prevailing Eastern Time) (the "<u>General Bar Date</u>").**

**_Governmental Unit Bar Date._  Each governmental unit holding or asserting a claim against the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is actually received by KCC on or before February 3, 2024 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Governmental Bar Date</u>," and, together with the General Bar Date, the "<u>Bar Dates</u>").**

_Amended Schedules Bar Date._  If, on or after the date on which the Debtors serve this Notice, the Debtors amend or supplement their schedules of assets and liabilities or statements of financial affairs (collectively, the "<u>Schedules</u>") (a) to change the amount, nature, classification, or characterization of a claim, or (b) to add a new claim to the Schedules and the affected claimant does not agree with the amount, nature, classification, or characterization of such claim, the affected claimant is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim so that the Proof of Claim is actually received by KCC on or before the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

_Rejection Bar Date._  A Proof of Claim relating to the Debtors' rejection of an executory contract or unexpired lease pursuant to a Court order must be filed so that it is actually received by KCC on or before the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such rejection.

For purposes of the Bar Date Order and this Notice, and pursuant to section 101(5) of the Bankruptcy Code, the term "<u>claim</u>" means: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an

equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured as of the Petition Date.

For purposes of the Bar Date Order and this Notice, a "503(b)(9) Claim" is a claim for the value of any goods received by the Debtors within twenty (20) days prior to the Petition Date in which the goods have been sold to the Debtors in the ordinary course of the Debtors' business.

**The following persons and entities need NOT file a Proof of Claim:**

a)   any person or entity that has already properly filed a Proof of Claim against the correct Debtor(s) with either KCC or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b)   any person or entity (i) whose claim is listed in the Schedules or any amendments thereto; (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated"; (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules; and (iv) who agrees that the claim is an obligation of the specific Debtor that listed the claim on its Schedules;

c)   professionals retained by the Debtors or the ~~Official~~ Committee ~~of Unsecured Creditors, if one is appointed,~~ pursuant to orders of this Court that assert administrative claims for fees and expenses subject to this Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d)   any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; provided, however, that any person or entity that has a claim under section 503(b)(9) of the Bankruptcy Code on account of prepetition goods received by the Debtors within twenty (20) days prior to the Petition Date must file a Proof of Claim on or before the General Bar Date;

e)   current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

f)   any Debtor asserting a claim against another Debtor;

g)   any person or entity whose claim against the Debtor(s) has been allowed by an order of the Court, entered on or before the Bar Dates;

h)   any person or entity who has been exempted from the requirement to file a proof of claim by another order entered in the chapter 11 cases;

4

i)  any person or entity whose claim has been satisfied in full prior to the applicable Bar Date;

j)  any person or entity holding a claim payable to the Office of the United States Trustee for the District of Delaware pursuant to 28 U.S.C. § 1930;

k)  any holder of a claim arising under or in connection with the (i) First Lien Credit Facility (as defined in the First Day Declaration), *provided that* the First Lien Agent (as defined in the First Day Declaration) is authorized to file a single master Proof of Claim by the General Bar Date with regard to all of the claims thereunder and (ii) Second Lien Convertible Notes (as defined in the First Day Declaration), *provided that* the Second Lien Agent (as defined in the First Day Declaration) is authorized to file a single master Proof of Claim by the General Bar Date with regard to all of the claims thereunder;[5] ~~and~~

l)  any holder of a claim relating to self-funded insurance plans; and

m)  ~~l)~~ any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtors' use of cash collateral or access to postpetition financing (if any).

Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit) holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in the corporation or other equity security (as defined in section 101(16) of the Bankruptcy Code), or warrants or rights to purchase, sell, or subscribe to such a security (any such security being referred to in this Notice as an "Interest") need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date (or, in the case of a governmental unit, the Governmental Bar Date), unless another exception identified in the Bar Date Order applies.

The Debtors reserve the right to: (a) dispute or assert offsets or defenses against any claim filed or any claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; and (b) subsequently designate any claim as disputed, contingent, or unliquidated. Nothing contained in this Notice shall preclude the Debtors from objecting to any claim on any grounds.

Acts or omissions of the Debtors, if any, that occurred prior to the Petition Date, including acts or omissions related to any indemnity agreements, guarantees, or services

---

[5]  For the avoidance of doubt, nothing in the Bar Date Order shall be deemed to allow, or constitute the Debtors' consent to, any position of any claim, including any premium asserted by the Second Lien Agent or any holders of Second Lien Convertible Notes.

provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding that such claims (or any injuries on which they are based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds or asserts a claim or a potential claim against the Debtors, no matter how remote or contingent, must file a Proof of Claim on or before the applicable Bar Date.

You may be listed as the holder of a claim against the Debtors in the Schedules, as the same may be amended from time to time.  If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed," you must file a Proof of Claim.  Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801.  In addition, copies of the Debtors' Schedules and Bar Date Order may be viewed and downloaded free of charge at KCC's dedicated website for the Debtors' chapter 11 cases (www.kccllc.net/proterra); or viewed and downloaded for a fee at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

*[Remainder of page intentionally left blank]*

Questions concerning the contents of this Notice, the Bar Date Order, and requests for Proofs of Claim should be directed to KCC's toll-free lines at 888-251-3076 (USA or Canada); 310-751-2617 (International), or by submitting an inquiry at www.kccllc.net/proterra/inquiry.  Please note that KCC's staff is not permitted to give legal advice.  You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.  Nothing contained in this Notice shall preclude the Debtors from objecting to any filed claim on any grounds.

Dated: [•], 2023
    Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ [DRAFT]*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
      amagaziner@ycst.com
      sborovinskaya@ycst.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Michael J. Colarossi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
    Email: pbasta@paulweiss.com
      rbritton@paulweiss.com
      mcolarossi@paulweiss.com

[*Proposed*] *Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT C**

**Proof of Claim Form**

***[Intentionally Omitted]***

**<u>EXHIBIT D</u>**

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

## NOTICE OF ENTRY OF BAR
## DATE ORDER ESTABLISHING
## DEADLINES FOR FILING PROOFS
## OF CLAIM (INCLUDING FOR CLAIMS ASSERTED UNDER
## ~~SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AGAINST THE DEBTORS~~

**PLEASE TAKE NOTICE THAT:**

On August 7, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on [●], 2023, the Court entered an order (the "Bar Date Order")[2] establishing deadlines to file proofs of claim for all potential claims (as defined below), *including* claims arising pursuant to section 503(b)(9) (each, a "503(b)(9) Claim") of the Bankruptcy Code against the Debtors that arose prior to the Petition Date.

| Bar Dates | |
|---|---|
| *General Bar Date* | [●], 2023 at 4:00 p.m. (prevailing Eastern Time) |
| *Governmental Unit Bar Date* | February 3, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| *Amended Schedules Bar Date* | the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules |
| *Rejection Bar Date* | the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them below or in the Bar Date Order.

| rejection |
|---|

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A TIMELY PROOF OF CLAIM IN THE FORM AND MANNER SPECIFIED BY THE BAR DATE ORDER AND WHO FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE: (A) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR PROPERTY OF THE DEBTORS, OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THE CHAPTER 11 CASES; (B) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSES OF VOTING UPON ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE PROCEEDINGS; AND (C) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM; _PROVIDED_, _HOWEVER_, THAT A CLAIMANT SHALL BE ABLE TO VOTE UPON, AND RECEIVE DISTRIBUTIONS UNDER, ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THESE CHAPTER 11 CASES TO THE EXTENT, AND IN SUCH AMOUNT, AS ANY UNDISPUTED, NON-CONTINGENT, AND LIQUIDATED CLAIMS IDENTIFIED IN THE SCHEDULES ON BEHALF OF THE CLAIMANT.**

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity that holds or asserts a claim against the Debtors (including claims arising under section 503(b)(9) of the Bankruptcy Code) must file a Proof of Claim with original signature, substantially conforming to the proof of claim form available on www.kccllc.net/proterra ("KCC"), the Court-approved claims and noticing agent in these chapter 11 cases, on or before the Bar Dates set forth below.  Proofs of Claim must be sent by _first-class mail_, _overnight courier_, or _hand-delivery_ to:

**Proterra Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

Alternatively, Proofs of Claim may be submitted electronically through the electronic filing system available at www.kccllc.net/proterra.

To be properly filed, a Proof of Claim must be filed against the specific Debtor against which the claimant holds or asserts a claim.  For example, if a claimant holds or asserts a claim against Proterra Inc), the Proof of Claim must specify Proterra Inc.  If a claimant wishes to assert a claim against more than one Debtor, separate Proofs of Claim must be filed against each applicable Debtor.

Proofs of claim will be deemed timely filed only if actually received by KCC on or before the Bar Date associated with such claim.  Further, except with respect to the electronic

filing system described above, KCC will not accept Proofs of Claim sent by facsimile, telecopy, email, or other electronic submission, and such claims will not be deemed to be properly or timely filed claims.

**General Bar Date.**  **Except as otherwise provided herein, each person or entity holding or asserting a claim (including a 503(b)(9) Claim) against the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is <u>actually</u> <u>received</u> by KCC on or before [●], 2023 at 4:00 p.m. (prevailing Eastern Time) (the "<u>General Bar Date</u>").**

**Governmental Unit Bar Date.**  **Each governmental unit holding or asserting a claim against the Debtors that arose prior to the Petition Date must file a Proof of Claim so that it is actually received by KCC on or before February 3, 2024 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Governmental Bar Date</u>," and, together with the General Bar Date, the "<u>Bar Dates</u>").**

*Amended Schedules Bar Date.*  If, on or after the date on which the Debtors serve this notice (this "<u>Notice</u>"), the Debtors amend or supplement their schedules of assets and liabilities or statements of financial affairs (collectively, the "<u>Schedules</u>") (a) to change the amount, nature, classification, or characterization of a claim, or (b) to add a new claim to the Schedules and the affected claimant does not agree with the amount, nature, classification, or characterization of such claim, the affected claimant is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim so that the Proof of Claim is actually received by KCC on or before the later of (y) the General Bar Date or (z) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

*Rejection Bar Date.*  A Proof of Claim relating to the Debtors' rejection of an executory contract or unexpired lease pursuant to a Court order must be filed so that it is actually received by KCC on or before the later of (a) the General Bar Date or (b) thirty (30) days after the date of service of the Court order authorizing such rejection.

For purposes of the Bar Date Order and this Notice, and pursuant to section 101(5) of the Bankruptcy Code, the term "<u>claim</u>" means: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured as of the Petition Date. Further, a "<u>503(b)(9) Claim</u>" is a claim for the value of any goods received by the Debtors within twenty (20) days prior to the Petition Date in which the goods have been sold to the Debtors in the ordinary course of the Debtors' business.

Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit) holding an interest in the Debtors (an "<u>Interest Holder</u>"), which interest is based exclusively upon the ownership of common or preferred stock in the corporation or other equity security (as defined in section 101(16) of the Bankruptcy Code), or warrants or rights to purchase, sell or subscribe to

such a security (any such security being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date (or, in the case of a governmental unit, the Governmental Bar Date), unless another exception identified in the Bar Date Order applies.

Acts or omissions of the Debtors, if any, that occurred prior to the Petition Date, including acts or omissions related to any indemnity agreements, guarantees, or services provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they are based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds or asserts a claim or a potential claim against the Debtors, no matter how remote or contingent, must file a Proof of Claim on or before the General Bar Date.

Questions concerning the contents of this Notice, the Bar Date Order, and requests for Proofs of Claim should be directed to KCC's toll-free lines at 888-251-3076 (USA or Canada); 310-751-2617 (International), or by submitting an inquiry at www.kccllc.net/proterra/inquiry. Please note that KCC's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim. Nothing contained in this Notice shall preclude the Debtors from objecting to any filed claim on any grounds.

Dated: [•], 2023
    Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ [DRAFT]*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
      amagaziner@ycst.com
      sborovinskaya@ycst.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Michael J. Colarossi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 373-3000
Fax:   (212) 757-3990
    Email: pbasta@paulweiss.com
       rbritton@paulweiss.com
       mcolarossi@paulweiss.com

[*Proposed*] *Counsel to the Debtors and Debtors in Possession*