IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 12 & 71** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE
(A) THEIR PREPETITION INSURANCE POLICIES AND PREMIUM FINANCE
AGREEMENT AND PAY ALL PREPETITION OBLIGATIONS IN RESPECT
THEREOF AND (B) THEIR SURETY BOND PROGRAM AND PAY PREPETITION
OBLIGATIONS RELATING THERETO; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) continue to administer the Insurance Program (as defined herein) and to pay prepetition obligations relating thereto, including broker fees arising thereunder or in connection therewith, (ii) make payments pursuant to the Insurance Premium Finance Agreement (as defined herein), and (iii) to revise, extend, supplement, or change insurance coverage as needed, (b) authorizing the Debtors to maintain, renew, and modify their Surety Bond Program (as defined herein) and to pay prepetition obligations relating thereto, including broker fees arising thereunder or in connection therewith, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized to pay, in an aggregate amount of $1,150,000, prepetition obligations in connection with the Insurance and Surety Bond Program, and to pay any postpetition obligations related to the Insurance and Surety Bond Program.

3. The Debtors are authorized to (i) continue to maintain and perform under the Insurance Program, (ii) revise, extend, renew, supplement, or change the Policies or enter into new policies, if necessary, in the ordinary course of business, and (iii) continue to honor its postpetition obligations related thereto.

4. The Debtors are authorized to (i) continue honoring, in the ordinary course of business consistent with the Debtors' past practice, the Insurance Premium Finance Agreement and to renew or enter into new financing agreements as the terms of the existing arrangement

expires, without further order of this Court, and (ii) pay their regular monthly installment payments under the Insurance Premium Finance Agreement as the same become due in the ordinary course of business consistent with the Debtors' past practice.

5. The Debtors are authorized to (i) continue honoring, in the ordinary course of business consistent with the Debtors' past practice, obligations to the Insurance and Surety Bond Brokers and (ii) pay any amounts related thereto on a postpetition basis as the same become due in the ordinary course of business consistent with the Debtors' past practice.

6. The Debtors are authorized in their sole discretion, to continue the Surety Bond Program and to pay any postpetition obligations related thereto in the ordinary course of the Debtors' business.

7. The Debtors are authorized to renew or, as necessary, acquire additional bonding capacity and pledge cash collateral or letter of credit collateral, as needed in the ordinary course of their business, and execute other agreements, as needed, in connection with the Surety Bond Program.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition electronic payment requests, in replacement of any checks or electronic payment requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10. The Debtors shall provide monthly reporting to the Official Committee of Unsecured Creditors (the "Committee") and the Committee's professionals reflecting all payments made during the preceding month in connection with this Final Order.

11. The Debtors shall use commercially reasonable efforts to provide the Committee with written notice at least three (3) calendar days (and otherwise, as soon as commercially practicable) prior to entering into or canceling any new Insurance Policies or Surety Indemnity Agreements. In addition, the Debtors shall provide copies of all such Insurance Policies and Surety Indemnity Agreements to the Committee.

12. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are

valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13. Nothing herein shall alter, limit, modify, or impair the rights of the Debtors' Sureties under any of their bonds, bonded contracts, in any proceeds of the bonded contracts, and/or any other surety collateral, and/or under any of their respective indemnity agreements, or otherwise, and all such rights and interests are reserved and preserved.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: September 6th, 2023**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**