**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 5 & 68** |

**FINAL ORDER (I) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES
FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK OF PROTERRA INC AND CLAIMS
AGAINST DEBTORS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>") of the Debtors[2] for entry of a final order

(this "<u>Final Order</u>") (a) approving the Procedures related to certain transfers of, or declarations of

worthlessness with respect to, Beneficial Ownership of Common Stock and/or Claims against one

or more of the Debtors; (b) directing that any purchase, sale, or other transfer of, or declaration of

worthlessness with respect to, Beneficial Ownership of Common Stock, or any acquisition,

disposition, or trading of any Claims against the Debtors, in each case, in violation of the

Procedures, shall be null and void *ab initio*; and (c) granting related relief, all as more fully set

forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court

having found that it may enter a final order consistent with Article III of the United States

Constitution; and this Court having found that venue of this proceeding and the Motion in this

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

3.      The Procedures, as set forth in Exhibit 1 attached hereto, are hereby approved on a final basis.

4.      Any purchase, sale, or other transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock, or any acquisition, disposition, or trading of Claims, in each case, in violation of the Procedures (including, but not limited to, the notice requirements) shall be null and void *ab initio*.

5.      In the case of any such attempted purchase, sale, or other transfer of Beneficial Ownership of Common Stock and any such attempted acquisition, disposition, or trading of Claims against the Debtors, in each case, in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such transfer, declaration,

acquisition, disposition, or trade shall be required to take remedial actions specified by the Debtors to appropriately reflect that such transfer, declaration, acquisition, disposition, or trade is null and void *ab initio*. In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6. The Debtors, following reasonable consultation with the Official Committee of Unsecured Creditors (the "Committee") and the Second Lien Agent, may retroactively or prospectively waive any and all sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures or imposed by this Final Order on parties other than the Debtors; *provided*, *however*, the Debtors shall provide notice of any such waiver to counsel to the Committee and the Second Lien Agent in writing within three (3) business days thereafter.

7. Other than to the extent that this Final Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Beneficial Ownership of Common Stock, including in connection with the treatment of any such Common Stock under any chapter 11 plan or any applicable bankruptcy court order.

8. The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

9.     Within three business days of the entry of this Final Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Notice of Final Order to all parties that were served with notice of the Motion and the Nominees that hold Common Stock in "street name" for the beneficial holders.  Within five business days of the entry of this Final Order, or as soon as reasonably practicable thereafter, the Debtors shall post this Final Order and the Procedures to the website established by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC (www.kccllc.net/proterra), and publish the Notice of Final Order once in the national edition of *The New York Times*.  The Debtors may also file a Form 8-K with a reference to the entry of this Final Order.

10.     Nothing herein shall preclude any person desirous of acquiring any Common Stock or Claim from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief.

11.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of

the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: September 7th, 2023
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE