# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 36** |

## ORDER (A) APPROVING BIDDING PROCEDURES TO GOVERN THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (B) APPROVING PROCEDURES REGARDING ENTRY INTO ONE OR MORE STALKING HORSE AGREEMENTS, (C) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) APPROVING THE FORM AND MANNER OF THE NOTICE OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UN-EXPIRED LEASES, (E) SCHEDULING AUCTIONS FOR THE SALES OF THE COMPANY ASSETS AND HEARINGS TO CONSIDER APPROVAL OF THE SALES AND APPROVING THE FORM AND MANNER OF THE NOTICE THEREOF, AND (F) GRANTING RELATED RELIEF

Upon of the motion (the "<u>Motion</u>") of the Debtors[2] for entry of an order (a) approving the bidding procedures (the "<u>Bidding Procedures</u>") in substantially the form attached as **Exhibit 1** hereto to govern any sale of all or substantially all of the Debtors' assets (the "<u>Company Assets</u>") or some combination thereof, pursuant to section 363 of the Bankruptcy Code, (b) approving the form and manner of notice of the Sale and the Bid Deadlines, substantially in the form attached as **Exhibit 2** hereto (the "<u>Sale Notice</u>"), (c) authorizing the Debtors, in accordance with the terms of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (1379); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not otherwise defined herein are to be given the meanings ascribed to them in the Motion or the Bidding Procedures.

the Bidding Procedures, to (i) select one or more bidders to act as stalking horse bidders (each, a "Stalking Horse Bidder" and each such bid, a "Stalking Horse Bid") and enter into a purchase agreement or other executable document with any such Stalking Horse Bidder (each such agreement, a "Stalking Horse Agreement"), and (ii) provide certain bid protections in connection therewith, subject to further order of this Court; (d) approving procedures (the "Assumption and Assignment Procedures") for the assumption and assignment of executory contracts and unexpired leases as set forth in the Bidding Procedures Order; (e) approving the form and manner of the notice of assumption and assignment of executory contracts and unexpired leases, including the form and manner of notice of proposed cure amounts (the "Cure Notice") attached as **Exhibit 3** hereto; (f) scheduling one or more auctions for the sale of the Company Assets and a hearing or hearings to consider approval of the sale or sales of the Company Assets and approving the form and manner of the notice thereof; and (g) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration and the Sale Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"),

as applicable; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.  The Bidding Procedures attached as **Exhibit 1** are fair, reasonable, and appropriate, and are designed to maximize the value to be achieved from the Sales.

B.  The Assumption and Assignment Procedures provided for herein are fair, reasonable, and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code.

C.  The Debtors have articulated good and sufficient business reasons for this Court to approve: (i) the Bidding Procedures, including the scheduling of bid deadlines, auctions, and sale hearings with respect to the proposed Sale and the form and manner of notices related thereto; (ii) the establishment of procedures to assume and assign the Contracts and fix the Cure Amounts and the form and manner of notices related thereto; and (iii) the Debtors' authorization, in consultation with (a) the Official Committee of Unsecured Creditors (the "Committee") and the Committee's professionals and (b) the Cowen Parties, solely with respect to the Company Assets corresponding to any business line or business lines for which the Cowen Parties have (I) declined to submit a Qualified Bid and/or (II) communicated to the Debtors and the Committee that the Cowen Parties shall not be submitting a Qualified Bid (together, the "Consultation Parties"), to select one or more Stalking Horse Bidders, and, in their discretion, offer the Bid Protections in

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

connection therewith, subject to further order of this Court; and subject to higher or otherwise better offers as set forth in the Bidding Procedures.

D. The form and manner of service of the Sale Notice attached as **Exhibit 2** hereto, and the Debtors' proposed publication of the Sale Notice, as proposed in the Motion, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction(s), the Sale(s), the Bidding Procedures, and the Assumption and Assignment Procedures to be employed in connection therewith, including, without limitation: (i) the date, time, and place of the Auctions (if any held); (ii) the Bidding Procedures and the dates and deadlines related thereto; (iii) the objection deadline(s) for the Sale and the date, time, and place of the Sale Hearings; (iv) the identification of the Company Assets to be sold; and (v) representations describing the Sale as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching with the same validity and priority to the proceeds of the Sale; and no other or further notice of the Sale shall be required.

E. The Cure Notice attached hereto as **Exhibit 3** is appropriate and reasonably calculated to provide each non-debtor party to any Contracts (such parties, collectively, the "Non-Debtor Counterparties") with proper notice of the potential assumption and assignment of the applicable Contract, the proposed Cure Amount, and the Assumption and Assignment Procedures. The inclusion of any particular contract or lease on a Cure Notice shall not be deemed to be an admission that such contract or lease is an executory contract or unexpired lease of property or require or guarantee that such contract or lease will be assumed and/or assigned, and all rights of the Debtors with respect to the foregoing are reserved.

F. No further notice beyond that described in the foregoing paragraphs is required in connection with the Sales.

G. The entry of this order (the "<u>Bidding Procedures Order</u>") is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion or the relief provided herein, as they pertain to the entry of this Bidding Procedures Order, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

**<u>The Bidding Procedures</u>**

3. The Bidding Procedures are fully incorporated and approved in their entirety. All dates and deadlines set forth in the Bidding Procedures are hereby established, subject to the terms of the Bidding Procedures. The Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the sale or disposition of all or any portion of the Company Assets under section 363 of the Bankruptcy Code (the "<u>Asset Sale</u>"). In addition to one or more Asset Sales, the Debtors, in consultation with the Consultation Parties, are further authorized to solicit any other type of strategic transaction involving the Debtors and/or any or all of the Company Assets, including, without limitation, a financing process for the potential raising of debt or equity financing through a chapter 11 plan of reorganization and/or a chapter 11 plan of reorganization proposed by the Cowen Parties, as holders of the Second Lien Convertible Notes, premised upon the preservation of the Debtors' net operating losses upon their emergence from these chapter 11 cases (any of the immediately foregoing, a "<u>Recapitalization Transaction</u>", and, any of the foregoing, including an Asset Sale, a "<u>Potential Transaction</u>"). Any party desiring to propose a Potential Transaction shall comply with this Bidding Procedures Order, including the Bidding

Procedures. The Debtors, in consultation with the Consultation Parties, are authorized to schedule one or more Auctions in connection with the Bidding Procedures.

4. Potential Bidders or Qualified Bidders (other than the Stalking Horse Bidders, if any, and solely to the extent set forth in any Stalking Horse Agreement) must disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation. For the avoidance of doubt, no Qualified Bidder (other than the Stalking Horse Bidders, if any, and solely to the extent set forth in any Stalking Horse Agreement) will be permitted to request at any time, whether as part of the Auctions, if any, or otherwise, a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation, and by submitting its Bid is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code.

## Assumption and Assignment Procedures

5. The following Assumption and Assignment Procedures shall govern the assumption and assignment of the Contracts in connection with the Sale(s), and any objections related thereto:

   a. No later than twenty-one (21) days before the Track A Sale Hearing, the Debtors shall file with this Court and serve the Cure Notice on each Non-Debtor Counterparty to each of the Contracts.

   b. In the event that the Debtors identify any Non-Debtor Counterparties that were not served with the Cure Notice, the Debtors may subsequently serve (by overnight mail) such Non-Debtor Counterparty with a Cure Notice, and the following procedures will nevertheless apply to such Non-Debtor Counterparty; *provided*, *however*, absent further order of this Court, the Cure/Assignment Objection Deadline (defined below) with respect to such Non-Debtor Counterparty shall be 4:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) days following service of the Cure Notice.

   c. The Cure Notice served on each Non-Debtor Counterparty shall: (i) identify each Contract; (ii) list the Cure Amount the Debtors believe is required to be paid pursuant to the Bankruptcy Code in order to effectuate the assignment of the Contract; (iii) include a statement that the assumption and assignment of such

Contract is neither required nor guaranteed; and (iv) inform such Non-Debtor Counterparty of the requirement to file any Cure/Assignment Objections (defined below) by the Cure/Assignment Objection Deadline (defined below). Service of a Cure Notice does not (x) constitute, and shall not be deemed, an admission that a particular Contract is an executory contract or unexpired lease of property, or (y) confirm that the Debtors are required to assume and/or assign such Contract.

d. Objections (a "Cure/Assignment Objection"), if any, to one or more of (i) a scheduled Cure Amount, (ii) the ability of the Stalking Horse Bidders, if any, to provide adequate assurance of future performance, and (iii) the proposed assumption, assignment, and/or transfer of such Contract (including the transfer of any related rights or benefits thereunder), other than objections that relate specifically to the identity of any Successful Bidder (other than the Stalking Horse Bidders, if any), must: (x) be in writing; (y) state with specificity the nature of such objection, including the amount of Cure Amount in dispute; and (z) be filed with this Court and properly served on the Debtors, the Consultation Parties, and the Notice Parties so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on October 16, 2023** (the "Cure/Assignment Objection Deadline"), subject to subparagraph (b) above.

e. Objections of any Non-Debtor Counterparty related solely to the identity of, and adequate assurance of future performance by, a Successful Bidder (should the Successful Bidder be any party other than a Stalking Horse Bidder, if any) must (x) be in writing, (y) state with specificity the nature of such objection, and (z) be filed with this Court and properly served on the Debtors, the Consultation Parties, and the Notice Parties so as to be received no later than the Post-Auction Objection Deadline (defined below) and shall be heard at the respective Sale Hearing unless otherwise ordered by this Court or agreed to by the Debtors and the Successful Bidder.

f. Any Non-Debtor Counterparty to a Contract that fails to timely file and properly serve a Cure/Assignment Objection or Post-Auction Objection (as applicable) as provided herein will: (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Contract in the event it is assumed and/or assigned by the Debtors, and the Debtors and the assignee of the Contract shall be entitled to rely solely upon the Cure Amounts scheduled on the Cure Notice; and (ii) be deemed to have consented to the assumption, assignment, and/or transfer of such Contract (including the transfer of any related rights and benefits thereunder) to the relevant assignee and shall be forever barred and estopped from objecting to the assumption or assignment of such Contracts to the applicable assignee or asserting or claiming against the Debtors or the applicable assignee that any additional pre-assignment amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Contract, that any related right or benefit under such Contract cannot or will not be available to the relevant assignee, or that the assignee failed to provide such Non-Debtor Counterparty with adequate assurance of future performance.

g. If a Non-Debtor Counterparty files an objection satisfying the requirements of these Assumption and Assignment Procedures that is not consensually resolved by the respective Sale Hearing, such unresolved objection will be considered at the Sale Hearing; *provided*, *however*, any Contract that is the subject of a Cure/Assignment Objection with respect solely to the amount of the Cure Amount may be assumed and assigned prior to resolution of such objection, so long as the Debtors or assignee, as applicable, (i) pay any undisputed Cure Amount on or before (x) the Closing Date (as defined in a Stalking Horse Agreement, should the Debtors enter into one or more such agreements) or, (y) in the event the Successful Bidder is a party other than a Stalking Horse Bidder, if any, the date designated for consummating the Sale under such Successful Bidder's Definitive Purchase Agreement, and (ii) appropriately reserve funding for the disputed portion of the Cure Amount pending resolution of the dispute.

h. The Debtors' assumption and/or assignment of a Contract is subject to approval by this Court and consummation of the Sale. Absent entry of a Sale Order approving the assumption and/or assignment of the Contracts and consummation of the Sale, the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

### **Notice Procedures**

6. The Sale Notice in the form attached hereto as **Exhibit 2** is approved, and the Debtors are authorized to make non-substantive or immaterial changes to the Sale Notice or to fill in missing information, in each case to the extent not inconsistent with this Bidding Procedures Order, prior to service or publication of the Sale Notice.

7. One (1) business day or as soon as reasonably practicable after entry of this Bidding Procedures Order, the Debtors will (i) serve the Sale Notice to the Sale Notice Parties and (ii) subject to applicable submission deadlines, cause a form of the Sale Notice to be published, on one occasion, in the national edition of *USA Today*, *New York Times*, *The Wall Street Journal*, or other national publication, and post the Sale Notice and the Bidding Procedures Order on the website of Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent.

8. No other or further notice of the Sales, the Auctions, the Sale Hearings, or the Sale Objection Deadline shall be required. Service and publication of the Sale Notice as set forth herein is deemed to satisfy the notice requirements under Bankruptcy Rules 2002, 6004, and 6006, as

well as Local Rule 6004-1, and to otherwise comply in all respects with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

9. One (1) business day or as soon as reasonably practicable following conclusion of the Auctions, the Debtors shall file a notice on this Court's docket identifying the Successful Bidder(s) and any applicable Backup Bidder(s).

10. The form of Cure Notice attached hereto as **Exhibit 3** and the Assumption and Assignment Procedures set forth herein are approved and are deemed to be sufficient to provide effective notice to the Non-Debtor Counterparties of the Debtors' intent to potentially assume and assign some or all of the Contracts and the Debtors' proposed Cure Amounts. Such notice is deemed to satisfy the notice requirements under Bankruptcy Rules 2002, 6004, and 6006, as well as Local Rule 6004-1, and to otherwise comply in all respects with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**Auctions and Sale Hearings**

11. **Bid Deadlines**. As further described in the Bidding Procedures, (i) the Indication of Interest Deadline (as defined in the Bidding Procedures) for all Bids is 4:00 p.m. (prevailing Eastern Time) on September 26, 2023, and (ii) the deadline for (a) Track A Bids is **4:00 p.m. (prevailing Eastern Time) on October 16, 2023**, and the deadline for (b) Track B Bids is **4:00 p.m. (prevailing Eastern Time) on November 6, 2023**. No Bid shall be deemed to be a Qualified Bid unless such Bid meets the requirements set forth in the Bidding Procedures.

12. **Sale Objection Deadline**. Subject to paragraph 18, the Sale Objection Deadline is **4:00 p.m. (prevailing Eastern Time) on October 16, 2023**. A Sale Objection must be filed with this Court and served in the manner set forth below so as to be actually received no later than the Sale Objection Deadline.

13. **Auction; Cancellation of Auction**. Depending on the Bids received in accordance with the Bidding Procedures, the Debtors may conduct one or more Auctions for the proposed Sales. If at least one Qualified Bid is received in accordance with the Bidding Procedures with regard to the same or to overlapping Company Assets, the Debtors shall be permitted to hold the Auctions in accordance with the Bidding Procedures, which Track A Auction shall take place on **October 19, 2023 at 10:00 a.m. (prevailing Eastern Time),** and which Track B Auction shall take place on **November 9, 2023 at 10:00 a.m. (prevailing Eastern Time)** at the offices of counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, or such later time or such other place as the Debtors shall designate, in consultation with the Consultation Parties. In the event that the Debtors, in consultation with the Consultation Parties, designate a later time or place for the Auctions, they shall (i) notify all Qualified Bidders (as defined in the Bidding Procedures) who have submitted Qualified Bids, and (ii) file notice of such change with this Court. Only (a) Qualified Bidders (including the Stalking Horse Bidder, if any) and their legal and financial advisors, (b) the Consultation Parties, and (c) actual creditors of the Debtors (provided that they give at least three (3) business days' notice to the Debtors' counsel of their intention to attend an Auction via email to Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attn: Joshua A. Esses (jesses@paulweiss.com) and Vida Robinson (virobinson@paulweiss.com), shall be entitled to attend an Auction.

14. In the event that (i) the Debtors, in consultation with the Consultation Parties, designate a Stalking Horse Bidder and enter into a Stalking Horse Agreement, if no Qualified Bids other than the Stalking Horse Bid are received in accordance with the Bidding Procedures, or (ii) only one Qualified Bid is received, then the Debtors may decide, in the Debtors' reasonable business judgment and in consultation with the Consultation Parties, to cancel the applicable

Auction and designate the Stalking Horse Bid or Qualified Bid as the Successful Bid (as defined in the Bidding Procedures) and pursue entry of an order approving a Sale to the Stalking Horse Bidder pursuant to the Stalking Horse Agreement.

15. If an Auction is cancelled, the Debtors shall promptly file a notice of cancellation of the applicable Auction and designation of the Stalking Horse Bid or Qualified Bid as the Successful Bid, if applicable.

16. Each Qualified Bidder participating in an Auction will be required to confirm on the record at the Auction, that (i) it has not engaged in any collusion with respect to the Bidding Procedures and the Auction, (ii) its Qualified Bid is a good faith *bona fide* offer that it intends to consummate if selected as the Successful Bidder or Backup Bidder, and (iii) the Qualified Bidder agrees to serve as the Backup Bidder if its Qualified Bid is the next highest or otherwise best bid after the Successful Bid.

17. **Notice for Non-Debtor Counterparties**. The Debtors shall file with this Court and serve within one (1) day of the applicable Auction to any Non-Debtor Counterparty that is implicated by the Successful Bid or Backup Bid (if any) a notice containing the identity of the Successful Bidder and Backup Bidder (if any).

18. **Post-Auction Objection Deadline**. The deadline to object only to (i) the conduct at the applicable Auction (if held) or (ii) solely with respect to the Non-Debtor Counterparties to the Contracts, to the specific identity of and adequate assurance of future performance provided by the Successful Bidder (only if such Successful Bidder is not a Stalking Horse Bidder) (such a limited objection, a "Post-Auction Objection") is the later of **October 27, 2023 at 4:00 p.m. (prevailing Eastern Time)** or within one (1) day of the filing of the notice of the Successful Bidder with respect to the Track A Sale Hearing and the later of **November 17, 2023 at 4:00 p.m.**

11

**(prevailing Eastern Time)** or within one (1) day of the filing of the notice of the Successful Bidder with respect to the Track B Sale hearing (these deadlines, together, the "Post-Auction Objection Deadlines"). A Post-Auction Objection must be filed with this Court and served in the manner set forth below so as to be actually received no later than the Post-Auction Objection Deadline.

19. **Sale Hearings**. The Track A Sale Hearing shall take place on **November 1, 2023, at 10:00 a.m. (prevailing Eastern Time)** and the Track B Sale Hearing, if any, shall take place on **November 28, 2023 at 10:00 a.m. (prevailing Eastern Time).** At the Sale Hearings, the Debtors will seek the entry of a Sale Order approving and authorizing the Sale to the Successful Bidder(s). The Sale Hearings (or any portion thereof) may be adjourned by this Court or the Debtors, in consultation with the Consultation Parties, from time to time without further notice other than by announcement in open court or through the filing of a notice or other document on this Court's docket.

**Objection Procedures**

20. Any party that seeks to object to the proposed Sale(s) or related relief shall file a formal written objection that complies with the objection procedures set forth herein.

21. Objections, if any, must be: (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with this Court; and (vi) served on the Debtors, the Committee, and the Notice Parties, in each case so as to be received no later than the Sale Objection Deadline, Cure/Assignment Objection Deadline, or the applicable Post-Auction Objection Deadline (collectively, the "Deadlines"), as applicable.

22. Failure to file an objection on or before the applicable Deadline (i) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of

the Sale Order, and/or to the consummation and performance of the Sale with a Successful Bidder, and (ii) for purposes of section 363(f)(2) of the Bankruptcy Code, shall be deemed to be "consent" to entry of the Sale Order and consummation of the Sale and all transactions related thereto free and clear of any interest in the Company Assets.

**Approval of Designation of Stalking Horse Bidder, Bid Protections, and Backup Bidder**

23. Pursuant to the Bidding Procedures, the Debtors, in consultation with the Consultation Parties, are authorized, but not directed, to select one or more bidders to act as the Stalking Horse Bidder for all or any part of the Company Assets and enter into a Stalking Horse Agreement with each Stalking Horse Bidder so selected.

24. In the event that the Debtors enter into a Stalking Horse Agreement, within two (2) business days of entering into such agreement, the Debtors shall file with the Court and serve on the Sale Notice Parties a notice (the "Stalking Horse Notice") which shall include, among other things: (i) the identification of the Stalking Horse Bidders; (ii) a copy of the Stalking Horse Agreements; and (iii) the deposit paid by the Stalking Horse Bidders.

25. The Debtors are authorized to seek approval, in connection with a Stalking Horse Agreement, of Bid Protections for such Stalking Horse Bidder on no less than five (5) business days' notice of any proposed hearing on such motion, with objections due at 4:00 p.m. (prevailing Eastern Time) one (1) business day prior to such a hearing.

**Other Relief Granted**

26. Absent a subsequent order of this Court to the contrary, this Bidding Procedures Order shall be binding in all respects upon any trustees, examiners, "responsible persons," or other fiduciaries appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code.

27. Nothing herein shall be deemed to or constitute the assumption, assignment, assumption and assignment, or rejection of any executory contract or unexpired lease.

28. Notwithstanding anything herein to the contrary, the entry of this Order and the relief granted hereby is without prejudice to (i) the rights of Philadelphia Indemnity Insurance Company (the "Surety") to object to or respond to any proposed assumption and/or assignment of any indemnity agreement, surety bond, or similar instrument issued by the Surety (pursuant to an Asset Sale or any Potential Transaction), including, without limitation, the right to object to an involuntary substitution of principal under any surety bond and (ii) the rights of the Debtors or any other party-in-interest's right to challenge any of the foregoing actions (or lack thereof).

29. Nothing in this Order, the Bidding Procedures, any Definitive Purchase Agreement, or any other document, agreement, or instrument contemplated by any of the foregoing, shall be deemed to waive any rights, remedies, or defenses that the Surety has or may have under applicable bankruptcy and non-bankruptcy laws, under any indemnity agreements, surety bonds, or related agreements, or any letters of credit, or other surety collateral relating thereto.

30. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bidding Procedures Order shall be effective immediately and enforceable upon its entry.

31. Notwithstanding anything to the contrary in this Bidding Procedures Order, the Bidding Procedures, or the Assumption and Assignment Procedures, the Debtors, in consultation with the Consultation Parties, may extend in their discretion, or seek an extension from this Court, the deadlines set forth in this Bidding Procedures Order or the Bidding Procedures, including, but not limited to, the Bid Deadline (as this term is defined in the Bidding Procedures).

32. All persons or entities (whether or not a Qualified Bidder) that participate in the bidding process for a Potential Transaction will be deemed to have knowingly and voluntarily (i) consented to the entry of a final order by this Court in connection with the Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution and (ii) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

33. In the event of any conflict between this Bidding Procedures Order and the Motion and/or the Bidding Procedures, this Bidding Procedures Order shall govern in all respects.

34. This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation, interpretation, and enforcement of this Bidding Procedures Order.

**Dated: September 7th, 2023**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE