# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23- 11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 104** |

### ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, EFFECTIVE AS OF THE PETITION DATE, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the Debtors[2] for entry of an order (this "Order") authorizing the Debtors to (a) implement certain procedures to employ and retain the Ordinary Course Professionals (as defined herein) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional; (b) compensate and reimburse the Ordinary Course Professionals for postpetition services rendered and expenses incurred, subject to certain limits set forth herein, without the necessity of additional court approval; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to retain and pay reasonable postpetition fees and expenses, subject to the applicable OCP Caps, for the services of various professionals listed on the OCP Lists, attached to the Motions as Exhibit B-1, Exhibit B-2, and Exhibit B-3, in the ordinary course of business, without the need to file employment applications, pursuant to the following procedures (the "OCP Procedures"):

> (a) At least fourteen (14) calendar days prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, an OCP shall provide the Debtors' attorneys with a declaration, substantially in the form attached hereto as **Exhibit 1**, certifying that such OCP does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which the OCP is to be employed (each a "Declaration of Disinterestedness").
>
> (b) Within thirty (30) days of the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, an OCP shall file a copy of the OCP's Declaration of

2

Disinterestedness with the Court and serve, or cause to be served, a copy on the following parties (collectively, the "Notice Parties"): (i) Proterra Inc, 1815 Rollins Road, Burlingame, California 94010 (Attn: Jeffrey E. Mitchell; (ii) proposed counsel for the Debtors, (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Paul M. Basta (pbasta@paulweiss.com), Robert A. Britton (rbritton@paulweiss.com), and Michael J. Colarossi (mcolarossi@paulweiss.com), and (b) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com), Andrew L. Magaziner (amagaziner@ycst.com), and Shella Borovinskaya (sborovinskaya@ycst.com)); (iii) the Office of the United States Trustee for the District of Delaware 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda J. Casey (linda.casey@usdoj.gov)); (iv) proposed counsel for the Official Committee of Unsecured Creditors (the "Committee"), (a) Lowenstein Sandler LLP (Attn: Jeffrey Cohen (jcohen@lowenstein.com), Eric Chafetz (echafetz@lowenstein.com), Jordana Renert (jrenert@lowenstein.com), and Keara Waldron (kwaldron@lowenstein.com)) and (b) Morris James LLP (Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com)); (v) counsel to the First Lien Agent, Holland & Knight, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, Texas 75201 Attn: Robert Jones (robert.jones@hklaw.com) and Brent McIlwain (brent.mcilwain@hklaw.com); and (vi) counsel to the Second Lien Agent, Sidley Austin LLP, 787 Seventh Ave, New York, NY 10019, Attn: Thomas R. Califano (tom.califano@sidley.com) and Dennis M. Twomey (dtwomey@sidley.com).

(c) The Notice Parties and other parties in interest shall have fourteen (14) days after the filing of a Declaration of Disinterestedness (the "OCP Objection Deadline") to object to the retention of such OCP. Any objecting party shall file its objection with the Court and serve the same upon the Notice Parties, the Debtors' attorneys, and the relevant OCP on or before the OCP Objection Deadline. If an objection is received on or before the applicable OCP Objection Deadline with respect to any particular OCP, the matter shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, the objecting party, and the Court.

(d) If no objection is received on or before the OCP Objection Deadline with respect to an OCP, the retention of such OCP shall be deemed approved and the Debtors shall be authorized to retain and pay such OCP in accordance with the OCP Procedures effective as of the Petition Date or the date on which such OCP commenced services, as applicable, without further order from the Court.

(e) The Debtors shall be authorized, without formal applications being filed with the Court, to pay a retained OCP 100% of such OCP's postpetition fees and disbursements after such OCP submits to the Debtors an invoice setting forth in reasonable detail the nature of the services rendered; *provided*, *however*, that subject to further order of the Court, the Debtors shall not pay any individual OCP listed on **Exhibits B-1**, **B-2**, or **B-3**, excluding costs and disbursements, in excess of an applicable cap amount (each an "OCP Cap" and, collectively, the "OCP Caps"). Specifically, the Debtors shall not pay any individual OCP listed on **Exhibit B-1**, excluding costs and disbursements, in excess of $250,000 per month on average over a rolling three-month period (the "Tier 1 OCP Cap") and, similarly, shall not pay any individual OCP listed on **Exhibit B-2**, excluding costs and disbursements, in excess of $100,000 per month on average over a rolling three-month period (the "Tier 2 OCP Cap") and, similarly, shall not pay any individual OCP listed on **Exhibit B-3**, excluding costs and disbursements, in excess of $45,000 per month on average over a rolling three-month period (the "Tier 3 OCP Cap"); *provided*, *further*, that (i) the OCP Caps may be increased with the consent of (a) counsel to the First Lien Agent, (b) counsel to the Second Lien Agent, and (c) the US Trustee, subsequent to which the Debtors will file notice of such increase with the Court; and (ii) regardless of whether such consent is obtained, the Debtors reserve the right to seek Court authorization to amend any or all of the OCP Caps; *provided further*, that nothing herein shall limit the right of the U.S. Trustee to object to either the retention of Protiviti Inc. as an OCP, or the applicability of the Tier 1 OCP Cap to Protiviti Inc., within fourteen (14) days after the filing of a Declaration of Disinterestedness by Protiviti Inc.

(f) The Debtors shall not pay any fees and expenses for any particular OCP in excess of its applicable OCP Cap (taking into account any applicable increase to such OCP Cap) without Court approval based upon an application for allowance of fees and expenses under sections 330 and 331 of the Bankruptcy Code (a "Fee Application"), pursuant to the same procedures that are established for the Chapter 11 Professionals; *provided*, *however*, that the Debtors shall not be required to file an application to retain such Ordinary Course

4

Professional under section 327 of the Bankruptcy Code; *provided*, *further*, nothing herein shall require a Fee Application to be submitted solely because an OCP's fees and expenses exceeded the OCP Cap. While payments in excess of the OCP Cap require a fee application, given the costs associated with fee applications, the Debtors shall not be required to file a fee application if, for instance, the OCP exceeds its applicable OCP Cap by a de minimis amount and agrees to waive that overage amount to avoid burdening the Debtors' estates with the cost of preparing and filing a fee application. With respect to any such Fee Application for an OCP that provides legal services to the Debtors, the OCP shall reasonably comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013. Notwithstanding anything in these OCP Procedures to the contrary, if an OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour (0.1) increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved or withdrawn, the requirements of Local Rule 2016-2 shall be waived and the OCP shall be permitted to submit time records in whatever time increments such OCP ordinarily maintains its time and setting forth, in summary format, a description of the services rendered and individuals rendering such services on behalf of the Debtors.

(g) Within thirty (30) days after the end of, and with respect to, each three-month period after the Petition Date (including any partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during such period. Each statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported three-month period; and (iii) a general description of the services rendered by that OCP.

(h) The Debtors reserve the right, from time to time during these Chapter 11 Cases, to retain additional OCPs or list an existing OCP on a different OCP List than the OCP List on which they were initially listed, in either case, by (i) including such OCP(s) on an amended or supplemental OCP List that is filed with the Court and served on the Notice Parties and (ii) having such additional OCP comply with the OCP Procedures. In such event, the Debtors shall

5

file the amended or supplemental OCP List with this Court and serve such list on the Notice Parties. Interested parties shall have fourteen (14) days to object to any amended or supplemental OCP List. Each additional OCP listed in the amended OCP List shall serve (if not already served) a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are timely filed to any such additional OCP's Declaration of Disinterestedness or amended or supplemental OCP List (as applicable), then retention of such OCP and the amended or supplemental OCP List (as applicable) shall be deemed approved by this Court.

3. Nothing contained in this Order shall alter the Debtors' ability to dispute any invoice submitted by an OCP, and nothing contained in this Order shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Caps, subject to the rights of any party in interest to oppose any such request.

4. The form of the Declaration of Disinterestedness attached to this Order as **Exhibit 1** is approved.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform any other action necessary to implement and effectuate the relief granted in this Order.

7. Except as set forth in the OCP Procedures, the U.S. Trustee's Guidelines for Reviewing Applications for Compensation shall not be applicable to the retention or compensation of any OCP employed or compensated under this Order.

8. All the time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6

30707017.2

9. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 7th, 2023
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE