**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PROTERRA INC, et al.,[1] | Case No. 23-11120 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date: October 4, 2023 at 2:00 p.m. (ET)** |
| | **Obj. Deadline: September 27, 2023 at 4:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT**
**AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**EFFECTIVE AS OF AUGUST 26, 2023**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy cases of the above-captioned debtors (the "Debtors"), hereby submits this application (the "Application"), pursuant to sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and consistent with the *Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), issued by the Executive Office of the United States Trustee (the "EOUST"), for the entry of an order authorizing and approving the employment and retention of Lowenstein Sandler LLP ("Lowenstein Sandler") as counsel for the Committee effective as of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (1379); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

August 26, 2023. In support of this Application, the Committee submits the *Declaration of Jeffrey Cohen, Esq. in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of August 26, 2023* (the "Cohen Declaration"), a partner of Lowenstein Sandler, attached hereto as **Exhibit A**, and the *Declaration of Committee Chairperson in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of August 26, 2023* (the "Chairperson Declaration"), attached hereto as **Exhibit B**, and respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012 (Sleet, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

3.      On August 7, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing these cases (the "Chapter 11 Cases"). No trustee or examiner has been appointed in the Chapter 11 Cases.

4.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to manage their properties and operate their businesses as debtors in possession.

-2-

16307074/1

5.      On August 24, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. [Docket No. 126[2]].  The Committee is comprised of four members: (i) Power Electronics USA, Inc.; (ii) Ms. Michele Thorne; (iii) TPI, Inc.; and (iv) Sensata Technologies, Inc.

6.      On August 26, 2023, the Committee selected Lowenstein Sandler to serve as its lead counsel and Morris James LLP ("Morris James") to serve as its Delaware counsel.  The Committee subsequently selected Berkeley Research Group, LLC ("BRG") to server as its financial advisor and Miller Buckfire & Co., LLC and its affiliate Stifel, Nicolaus & Co., Inc. (together, "Miller Buckfire") to serve as its investment banker in the Chapter 11 Cases.

7.      Information regarding the Debtors' history, business operations, capital structure, secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the *Declaration of Gareth T. Joyce in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16].

## RELIEF REQUESTED

8.      By this Application, the Committee respectfully requests the entry of an order authorizing and approving the employment and retention of Lowenstein Sandler as its counsel to perform legal services relating to the Chapter 11 Cases, effective as of August 26, 2023.

9.      The Committee believes that it is necessary to employ attorneys to render the professional services described herein, and that without such professional assistance, neither the Committee's evaluation of the operations of the Debtors nor its meaningful participation in the negotiation, promulgation, and evaluation of any sale of assets or plan of reorganization would be possible.

---

[2]    On August 26, 2023, the U.S. Trustee filed an *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 133] correcting certain contact information for the Committee members.

16307074/1

10.     Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent an official committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.  Lowenstein Sandler has advised the Committee that Lowenstein Sandler does not hold or represent any other entity having an adverse interest in connection with the Chapter 11 Cases, and does not have any connections with the Bankruptcy Judge presiding over the Chapter 11 Cases, the U.S. Trustee for Region 3 or any person employed by the U.S. Trustee, except as set forth in the Cohen Declaration, submitted herewith and setting forth Lowenstein Sandler's connections with the Debtors, their creditors, and other parties-in-interest in the Chapter 11 Cases.

11.     The Committee selected Lowenstein Sandler because of its attorneys' experience and knowledge in bankruptcy matters.  The Committee believes that Lowenstein Sandler is well qualified to represent the Committee in the Chapter 11 Cases.  Lowenstein Sandler has represented official committees of unsecured creditors in numerous chapter 11 cases in this District, including, without limitation: *In re: Williams Industrial Services Group, Inc. et al.* Case No. 23-10961 (BLS) (Bankr. D. Del. July 22, 2023); *In re: Lucira Health, Inc.* Case No. 23-10242 (MFW) (Bankr. D. Del. Feb. 22, 2023); *In re: Gold Standard Baking*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 22, 2022); *In re: Avadim Health, Inc*., Case No. 21-10883 (CTG) (Bankr D. Del. May 31, 2021); *In re: Knotel, Inc.,* Case No. 21-10146 (MFW) (Bankr. D. Del. Jan. 31, 2021); *In re: Arandell Holdings, Inc.*, Case No. 20-11941 (JTD) (Bankr. D. Del Aug. 13, 2020); *In re: GNC Holdings, Inc.*, Case No. 20-11662 (KJC) (Bankr. D. Del; June 23, 2020); *In re: Maines Paper & Food Service, Inc.*, Case No. 20-11502 (KBO); (Bankr. D. Del. June 10, 2020); *In re: Exide Holdings, Inc.,* Case No. 20-11157 (CSS) (Bankr. D. Del. May 19, 2020); *In re: Hygea Holdings Corp.,* Case No. 20-10361 (KBO) (Bankr. D. Del. Feb. 19, 2020); *In re: Bumble Bee Parent, Inc.,*

Case No. 19-12502 (LSS) (Bankr. D. Del. Nov. 21, 2019); *In re: Fred's, Inc.,* Case No. 19-11984

(CSS) (Bankr. D. Del. Sept. 9, 2019); *In re: SportCo Holdings, Inc.,* Case No. 19-11299 (LSS)

(Bankr. D. Del. June 10, 2019); *In re: Southeastern Metal Products LLC,* Case No. 19-10989

(BLS) (Bankr. D. Del. May 6, 2019); *In re*: *Orchids Paper Company*, Case No. 19-10729 (MFW)

(Bankr. D. Del. Apr. 1, 2019); *In re*: *Vitamin World, Inc.*, Case No. 17-11933 (KJC) (Bankr. D.

Del. Sept. 11, 2017); *In re*: *Short Bark Industries*, Case No. 17-11502 (KG) (Bankr. D. Del. July

10, 2017); *In re: CST Industries Holdings, Inc.*, Case No. 17-11292 (BLS) (Bankr. D. Del. June 9,

2017); *In re: Rupari Holding Corp.*, Case No. 17-10793 (KJC) (Bankr. D. Del. Apr. 10, 2017); *In

re: Lily Robotics, Inc.*, Case No. 17-10426 (KJC) (Bankr. D. Del. Feb. 27, 2017); *In re: Prestige

Industries LLC*, Case No. 17-10186 (KG) (Bankr. D. Del. Jan. 30, 2017); *In re: Draw Another

Circle, Ltd.*, Case No. 16-11452 (KJC) (Bankr. D. Del. June 13, 2016); *In re: Xtera

Communications, Inc., et al.*, Case No. 16-12577 (KJC) (Bankr. D. Del. Nov. 15, 2016).

12.    The professional services that Lowenstein Sandler will provide to the Committee

include, but are not limited to:

(a)    advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Cases;

(b)    assisting and advising the Committee in its consultations with the Debtors relative to the administration of the Chapter 11 Cases;

(c)    assisting the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

(d)    assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' business;

(e)    assisting the Committee in analyzing (i) the Debtors' prepetition financing, (ii) the proposed use of cash collateral, and (iii) the adequacy of the proposed budget;

16307074/1

(f)    assisting the Committee in its investigation of the liens and claims of the holders of the Debtors' prepetition debt and the prosecution of any claims or causes of action revealed by such investigation;

(g)    assisting the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, sales of assets, financing of other transactions and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

(h)    assisting and advising the Committee as to its communications to unsecured creditors regarding significant matters in the Chapter 11 Cases;

(i)    representing the Committee at hearings and other proceedings;

(j)    reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

(k)    assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the Chapter 11 Cases, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals, including Lowenstein Sandler;

(l)    preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

(m)    performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

13.    Subject to the Court's approval, and pursuant to sections 328, 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures which this Court may fix, the Committee requests that Lowenstein Sandler be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Lowenstein Sandler incurs, in accordance with Lowenstein Sandler's ordinary and customary rates in effect on the date such services are rendered and such expenses are incurred.

14.    Lowenstein Sandler's hourly rates are as follows:

| Partners of the Firm | $690 – $1,835 |
|---|---|
| Of Counsel | $810 – $1,475 |
| Senior Counsel (generally twelve or more years of experience) | $630 – $1,410 |
| Counsel (generally seven or more years of experience) | $575 – $1,070 |
| Associates (generally fewer than seven years of experience) | $475 – $965 |
| Paralegals, Practice Support and Assistants | $240 – $425 |

15.    There will be no limitation on Lowenstein Sandler's right to seek reimbursement of all out-of-pocket disbursements and expenses.

16.    The hourly charges set forth above are based upon the experience and expertise of the attorney or legal assistant involved.  The hourly rates set forth above are subject to periodic adjustments, which occur annually on or about January 1 each year, to reflect economic and other conditions.  Lowenstein Sandler will advise the Committee, the Debtors,  and the U.S. Trustee of any increases in its hourly rates.  Pursuant to Local Rule 2014-1, Lowenstein Sandler will file and serve a supplemental declaration setting forth any additional material information relating to its employment promptly after learning of any such material information.

17.    Lowenstein Sandler will maintain detailed and contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above.  It is Lowenstein Sandler's policy to charge its clients in all areas of practice for all disbursements and expenses incurred in the rendition of services.  These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying,

-7-

travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings (including transcripts).[3]

18.    The Committee understands that any compensation and expenses paid to Lowenstein Sandler must be approved by the Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any orders of the Court respecting compensation of professionals.

19.    To the best of the Committee's knowledge, while Lowenstein Sandler does represent certain creditors of the Debtors on wholly unrelated matters, it does not represent any entity having an adverse interest in connection with the Chapter 11 Cases, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not represent or hold any interest adverse to the interests of the Debtors' estates with respect to the matters for which it is to be employed.

20.    By separate application, the Committee is also seeking approval to employ Morris James to serve as its Delaware counsel, BRG to serve as its financial advisor, and Miller Buckfire to serve as its investment banker in the Chapter 11 Cases.

21.    The Committee believes that if the Court approves the employment of Lowenstein Sandler and Morris James, these firms will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services.  Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in the Chapter 11 Cases between Lowenstein Sandler and Morris James will reduce the cost of monitoring these proceedings, as well as the time and expense associated with travel by Lowenstein Sandler with respect to matters that can be

---

[3]    Lowenstein Sandler may hire temporary and/or contract attorneys who may perform services in connection with the Chapter 11 Cases.  Lowenstein Sandler submits that payments made to temporary/contract attorneys do not constitute a division or sharing of compensation that is prohibited by statute and makes this voluntary disclosure in an abundance of caution. Lowenstein Sandler will not charge a markup to the Committee with respect to fees billed by such attorneys and they will be recorded as an expense on Lowenstein Sandler's invoices.

16307074/1

handled by Delaware counsel.  It is the carefully considered view of the Committee that, considering the size and complexity of the Chapter 11 Cases and the various interests involved, representation of the Committee by Lowenstein Sandler and Morris James is necessary and in the best interests of the Committee.

22.    The Committee is seeking to retain Lowenstein Sandler effective as of August 26, 2023.  Such relief is warranted by the extraordinary circumstances presented by the Chapter 11 Cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986).  Lowenstein Sandler was required to focus immediate attention on time-sensitive matters and promptly devote substantial resources to the representation of the Committee upon its retention and pending submission and approval of this Application.

## STATEMENT REGARDING THE U.S. TRUSTEE GUIDELINES

23.    In accordance with the U.S. Trustee Guidelines, Lowenstein Sandler shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Lowenstein Sandler also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by Lowenstein Sandler in the Chapter 11 Cases.[4]

---

[4]    By their terms, the U.S. Trustee Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996.  The Appendix A Guidelines have been a part of this Court's local procedures for years.  In other chapter 11 cases where it has been retained, Lowenstein Sandler has filed its fee applications in compliance with the Appendix A Guidelines. Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code.  As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority".

24.     As set forth in the Cohen Declaration, the following is provided in response to the

request for additional information contained in paragraph D.1. of the U.S. Trustee Guidelines:

| | |
|---|---|
| **<u>Question</u>:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| **<u>Question</u>:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **<u>Question</u>:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition period. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Lowenstein Sandler did not represent the Committee prior to the Petition Date. |
| **<u>Question</u>:** | Has your client approved your prospective budget and staffing plan and, if so, for what budget period? |
| Response: | Lowenstein Sandler expects to develop a budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Lowenstein Sandler reserves all rights. The Committee has approved Lowenstein Sandler's proposed hourly billing rates. |

25.     Lowenstein Sandler has advised the Committee that it intends to make a reasonable

effort to comply with the U.S. Trustee's requests for information and additional disclosures as set

forth in the U.S. Trustee Guidelines both in connection with this Application and the interim and

final fee applications to be filed by Lowenstein Sandler in the course of its engagement.  The

Committee understands it is Lowenstein Sandler's intention to work cooperatively with the U.S.

Trustee to address the concerns that prompted the EOUST to adopt the U.S. Trustee Guidelines;

however, in doing so, Lowenstein Sandler reserves all rights as to the relevance and substantive

legal effect of the U.S. Trustee Guidelines in respect of any application for employment or compensation in the Chapter 11 Cases that falls within the ambit of the U.S. Trustee Guidelines.

## NOTICE

26.     Notice of this Application has been given to (i) the U.S. Trustee; (ii) counsel for the Debtors; and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

27.     No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Lowenstein Sandler as counsel to the Committee, effective as of August 26, 2023, and grant the Committee such other and further relief as the Court deems just or proper.

Dated: September 13, 2023

Respectfully submitted,

**The Official Committee of Unsecured Creditors of Proterra Inc,** *et al.*

By: /s/ *Jerry Lavine*
Jerry Lavine of TPI, Inc., solely in his capacity as the Chairperson of the Official Committee of Unsecured Creditors and not in his personal capacity

16307074/1