IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROTERRA INC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11120 (BLS)<br>Jointly Administered<br><br>**Re: Docket No. \_\_\_** |

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF AUGUST 26, 2023

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (the "Debtors") for authorization to employ and retain Lowenstein Sandler LLP ("Lowenstein Sandler") to serve as counsel for the Committee, effective as of August 26, 2023; and upon consideration of the Cohen Declaration in support of the Application; and the Chairperson Declaration in support of the Application; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court having found that venue of the Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (1379); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

44656/2
09/13/2023 214410679.1
16307074/1

-2-

Constitution; and the Court having found that Lowenstein Sandler does not hold or represent an interest adverse to the Debtors' estates, and is a disinterested person under section 101(14) of the Bankruptcy Code; and the Court having found that the employment and retention of Lowenstein Sandler is necessary and in the best interest of the Committee; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED** as follows:

1. The Application is granted as set forth herein.

2. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Committee is authorized and empowered to employ and retain Lowenstein Sandler, effective as of August 26, 2023, to serve as its counsel in the Chapter 11 Cases.

3. Lowenstein Sandler shall apply for and be compensated for professional services rendered and reimbursement of expenses in connection with the Chapter 11 Cases in compliance with sections 328, 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, any applicable orders entered by this Court in respect of compensation of professionals and any case-specific fee protocols approved by the Court, after notice and a hearing pursuant to any other applicable procedures and orders of the Court.

4. Lowenstein Sandler also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Lowenstein Sandler in the Chapter 11 Cases.

5. Lowenstein Sandler shall provide ten days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any

agreement entered into in connection with the Committee's retention of Lowenstein Sandler are implemented and shall file such notice with the Court, *provided*, *however*, that in the event that the Lowenstein Sandler attorneys responsible for this matter do not have sufficient advance notice of such rate increases, Lowenstein Sandler shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the Lowenstein Sandler attorneys responsible for this matter.

6. The Committee is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014, or otherwise, or any Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. To the extent Lowenstein Sandler uses the services of temporary or contract attorneys (collectively, the "Contractors") to perform any services in connection with the Chapter 11 Case, Lowenstein Sandler shall ensure that the Contractors are subject to the same conflicts checks as required for Lowenstein Sandler, and file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractors, and Lowenstein Sandler shall (i) pass through the cost of such Contractors to the Debtor at the same rate that Lowenstein Sandler pays the Contractors, and (ii) seek reimbursement for actual costs of the Contractors only.

9. This Court shall retain jurisdiction over any and all matters arising from or relating to the interpretation of implementation of this Order.