IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | : | Chapter 11 |
|---|---|---|
| PROTERRA INC., *et al.,*[1] | : | Case No.: 23-11120 (BLS) |
| Debtors. | : | (Jointly Administered) |
| | : | Hearing Date: October 4, 2023 at 2:00 pm (ET) |
| | : | Objection Deadline: September 27, 2023, at 4:00 pm (ET) |

## MOTION OF NSK INDUSTRIES, INC. FOR AN ORDER ALLOWING SECTION 503(B)(9) ADMINISTRATIVE EXPENSE CLAIM AND REQUIRING IMMEDIATE PAYMENT THEREOF

NSK Industries, Inc., ("NSK"), by and through its undersigned counsel, hereby moves this Court for entry of an order for allowance and payment of its administrative expense claim under 11 U.S.C. § 503(b)(9) described below (the "Administrative Expense Claim"). In support of this motion, NSK states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. This Court possesses the requisite authority to grant the relief requested herein pursuant to 11 U.S.C. § 503(b)(9).

### BACKGROUND

2. On August 7, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra, Inc. (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtor's service address is: 1815 Rollins Road, Burlingame, California 94010.

"Chapter 11 Cases"). The Debtors continue to manage and operate their business as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

3. On August 25, 2023, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases [Docket No. 133]. No trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors' Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

**BASIS FOR RELIEF REQUESTED**

4. NSK requests that the Court enter an Order allowing its 503(b)(9) claim in the amount of **$22,307.00** and directing the Debtors to pay NSK's 503(b)(9) claim as soon as practicable.

5. Section 503(b) provides for the allowance of an administrative claim for "the value of any goods received by the debtor within twenty days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). In *Brown & Cole Stores, LLC v. Associated Grocers, Inc.*, 375 B.R. 873 (9th Cir. BAP 2007), the court held that a claim meeting the three criteria of § 503(b)(9) would be allowed without regard to whether the claim was secured in any part or unsecured, *id.* at 877-78, and citing the legislative history of the Section, irrespective of whether or not the vendor was also the holder of reclamation rights under § 546(c) and/or deemed a "critical vendor." *Id*. at 875 n.3.

6. Section 503 does not specifically address when administrative claims will be paid in a chapter 11 case, and most courts interpreting these provisions have held that the bankruptcy court has discretion to order that such claims be paid at any time during the pendency of the case, but no later than confirmation. *Id.* at 152. *See also, e.g., In re Global Home Products, LLC,* 2006 Bankr.

2

LEXIS 3608, p. 10 (Bankr. D.Del. 2006), citing *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005); *Varsity Carpet Servs. V. Richardson (In re Colortex Indus.)*, 19 F.3d 1371, 1384 (11th Cir. 1994); *In re Continental Airlines, Inc.* 146 B.R. 520, 531 (Bankr. D.Del. 1992); *In re Bookbinders' Restaurant, Inc.*, 2006 Bankr. LEXIS 3749, pp. 11-16 (Bankr. E.D. Pa. 2006); *In re Tubular Technologies, LLC*, 372 B.R. 820, 823, n. 4 (Bankr.D.S.C. 2007). The confirmation date is not a default payment date for administrative claims, but is rather the latest of four possible dates by which administrative claims will be paid. *In re Bookbinders' Restaurant, Inc.*, *supra* at p. 12.

7. In all cases, the decision to order, or to decline to order, the payment of allowed administrative claims should be guided by the need to prevent manifest unfairness to persons with similarly-situated claims. *In re Bookbinders' Restaurant, Inc., supra* at pp. 16-17 (while an administrative creditor does not have an unqualified right to have its claim paid simply because other administrative creditors are being paid, "[t]hat said, there may be circumstances in which it would be inequitable or inappropriate to permit a debtor to pay certain administrative expenses but not others."). In this regard, neither § 503 nor § 507 makes any distinction between administrative claims arising under §503(b)(9) and those arising under any other subsection. In fact, in the case of *In re Plastech Engineered Products, Inc.*, 394 B.R. 147 (Bankr. E.D. Mich. 2008), the court expressly declined to consider administrative claims under § 503(b)(9) as a special class of administrative claims to which § 502(d) would uniquely apply, noting no such distinction for *any* administrative claims allowable under §§ 503(b) and 507(a)(2). *Id.* at 163-64.

8. Having delivered goods to the Debtors in the ordinary course of business within twenty days before the Debtors' bankruptcy filing, NSK is entitled to an administrative expense claim in the amount of **$22,307.00** pursuant to 11 U.S.C § 503(b)(9). *See* **Exhibit A** attached hereto.

9. Furthermore, NSK's request for payment is timely in this case, in that it is being filed before any deadline set by the court for such claims.

10. There is no evidence that the payment of the Administrative Expense Claim would unduly prejudice the Debtors or other creditors in this case.

WHEREFORE, NSK respectfully requests an order allowing its section 503(b)(9) claim in the amount of **$22,307.00** and directing Debtors to pay NSK within ten (10) days of entry thereof or at such time to be determined by the Court and for other such relief as is just and equitable.

Dated: September 14, 2023  
Wilmington, Delaware

**GELLERT SCALI BUSENKELL & BROWN, LLC**

By: */s/ Bradley P. Lehman*
Bradley P. Lehman (#5921)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Tel.: (302) 425-5800
Fax: (302) 425-5814
E-mail: blehman@gsbblaw.com

*Counsel to NSK Industries, Inc.*