# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROTERRA INC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-11120 (BLS)<br>)<br>) (Jointly Administered)<br>)<br>)<br>) **Re: Docket No. 137** |

## ORDER AUTHORIZING THE DEBTORS TO
## EMPLOY AND RETAIN MOELIS & COMPANY LLC AS CAPITAL MARKETS
## ADVISOR AND INVESTMENT BANKER EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 of the Bankruptcy Rules, and Local Rules 2014-1 and 2016-2: (i) authorizing the Debtors to employ and retain Moelis & Company LLC ("Moelis") to serve as the Debtors' capital markets advisor and investment banker effective as of the Petition Date in accordance with the terms and conditions of the engagement letter between Moelis and the Debtors, dated as of August 21, 2023 ("Engagement Letter"), attached hereto as **Exhibit 1**, including the compensation arrangements and indemnification, contribution and reimbursement provisions set forth therein; (ii) modifying the timekeeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2, the guidelines of the United States Trustee for the District of Delaware (the "U.S. Trustee Guidelines") and any other applicable procedures and orders of this Court in connection with Moelis' engagement; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

(iii) granting such other relief as this Court deems just and proper; and this Court having found that it has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and consideration of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and upon consideration of the Application and the Latif Declaration; and upon the record of all proceedings had before this Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Application and the Latif Declaration establish just cause for the relief granted herein; and this Court being satisfied, based on the representations made in the Application and the Latif Declaration, that (i) Moelis does not hold or represent an interest adverse to the Debtors' estates and (ii) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Application is granted as set forth in this Order and the provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2. In accordance with sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, effective as of the Petition Date, the Debtors are authorized to employ and retain Moelis as their capital markets advisor and investment banker in these chapter 11 cases in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Moelis on the terms and at the times specified in the Engagement Letter as modified herein.

3. Moelis shall be compensated for fees and reimbursed for out-of-pocket expenses by the Debtors in accordance with the terms of the Application and/or Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Moelis, including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, and the Restructuring Fee, shall be subject to section 328(a) of the Bankruptcy Code, except as set forth herein.

4. Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Moelis shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the Trustee Guidelines and any other procedures or orders of this Court, each as and to the extent modified pursuant to this Order; *provided, however*, the U.S. Trustee retains all rights to respond or object to Moelis' interim and final applications for compensation (including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, and the Restructuring Fee) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and this Court retains jurisdiction to consider the U.S. Trustee's response or objection to Moelis' interim and final fee

pursuant to section 330 of the Bankruptcy Code; and *provided, further*, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated solely on an hourly or length-of-case based criteria.  Notwithstanding the foregoing, while Moelis will file monthly fee applications, Moelis shall not be required to await approval of any fee application before receiving the Monthly Fees pursuant to the terms of the Engagement Letter.

5.  Notwithstanding anything to the contrary in the Application, the Engagement Letter, or this Order, the terms of the Engagement Letter are hereby modified as follows:

  i. **Section 2(b) is deleted and replaced in its entirety with the following**: At the closing of a Restructuring, a fee (the "Restructuring Fee") of $3,750,000; *provided, however*, that the confirmation of solely a liquidating Plan which includes or is confirmed in connection with the consummation of a Sale Transaction shall not constitute a Restructuring which requires payment of a Restructuring Fee.

  ii. **Section 2(c) is deleted and replaced in its entirety with the following**: At the closing of a Sale Transaction, a non-refundable cash fee (the "Sale Transaction Fee") of:

   (i) $3,500,000, plus 2.5% of Transaction Value (as defined in *Annex A*) for amounts in excess of $175,000,000, for the Sale Transaction with the highest Transaction Value; plus

   (ii) $2,000,000 plus 2.5% of Transaction Value (as defined in *Annex A*) for amounts in excess of $175,000,000, for the Sale Transaction with the second highest Transaction Value; plus

   (iii) 2.0% of Transaction Value (as defined in *Annex A*) for any other Sale Transactions.

   The Company will pay a separate Sale Transaction Fee in respect of each Sale Transaction in the event more than one Sale Transaction

        occurs. In the event more than one Sale Transaction occurs, and Moelis earns and is paid more than one Sale Transaction Fee, 25% of the Sale Transaction Fee earned per Section 2(c)(ii) shall be credited against the Sale Transaction Fee earned per Section 2(c)(i).

   iii.   Notwithstanding anything in the Application or Engagement Letter to the contrary, the aggregate Transaction Fees (whether pursuant to the Tail Period or otherwise) and Monthly Fees payable under the Engagement Letter, taking into account any fee credits, shall not exceed $7,000,000.

   iv.   Notwithstanding anything in the Application or Engagement Letter to the contrary, Moelis shall earn and be paid both a Restructuring Fee and a Sale Transaction Fee in the event both a Sale Transaction and a subsequent Restructuring Transaction pursuant to a Plan of Reorganization occur, provided, however, that in the event both a Restructuring Fee and any Sale Transaction Fees are earned by Moelis, 50% of the lesser of (a) the aggregate Sale Transaction Fees and (b) the Restructuring Fee shall be credited against the greater of the aggregate Sale Transaction Fees and the Restructuring Fee.

   v.   Notwithstanding anything in the Application, Engagement Letter, or this Order to the contrary, Moelis shall not be entitled to receive any Termination Fee.

6.   Notwithstanding anything to the contrary in the Application, the Engagement Letter, or herein, the requirements of the Bankruptcy Rules, the Local Rules, the Trustee Guidelines and any other procedures or orders of this Court are hereby modified such that Moelis restructuring professionals shall be required only to keep summary time records in half-hour increments, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, Moelis' professionals shall not be required to keep time records on a project category basis, and Moelis shall not be required to provide or conform to any schedule of hourly rates.

7.   In the event that Moelis seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis' own

5

applications, both interim and final, and these invoices and time records shall be subject to the approval of this Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Attorneys' fees and/or expenses reimbursed under the Engagement Letter shall be limited to those expended in representing Moelis in retention and fee application matters.  For the avoidance of doubt, the preceding sentence does not apply to, and in no way limits, the provisions with respect to reimbursement of attorney's fees and/or expenses set forth in Annex B to the Engagement Letter with respect to indemnification.  Notwithstanding anything contained or set forth in the Application or the Engagement Letter, Moelis shall not seek reimbursement of any fees or costs incurred defending any of Moelis' fee applications in these cases.

       8.      The indemnification contribution, and reimbursement provisions included in Annex B to the Engagement Letter are approved, subject during the pendency of these cases to the following modifications:

    a. No Moelis Person (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement are approved by this Court.

    b. The Debtors shall have no obligation to indemnify any Moelis Person, or provide contribution or reimbursement to any Moelis Person, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Moelis Person's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of Moelis' contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) ; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof, to be a claim or expense for which the Moelis Person should not receive indemnity, contribution or

        reimbursement under the terms of the Engagement Letter, as modified by this Order.

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, a Moelis Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the Moelis Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Moelis Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Moelis Person for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, any Moelis Person. All parties in interest shall retain the right to object to any demand for indemnification, contribution and/or reimbursement.

9. Any limitation of liability pursuant to the terms and conditions set forth in the Application, the Engagement Letter or any ancillary documents thereto shall not apply as to any losses, claims, damages or liabilities for which any Moelis Person would not be entitled to indemnification under the provisions of this Order. Any limitations on amounts to be contributed by any Moelis Person shall be eliminated. The Moelis Persons shall retain any rights they may have to contribution at common law.

10. Moelis shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

11. Notwithstanding anything in the Application or the Engagement Letter to the contrary, Moelis shall, (i) to the extent that Moelis uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that Moelis pays the Contractors; and (ii) seek reimbursement for actual costs only. The Debtors shall ensure

that any such Contractors are subject to the same conflict checks as required for Moelis and that they shall file with this Court such disclosures as required by Bankruptcy Rule 2014.

12. Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of these chapter 11 cases, any provision in the Engagement Letter to the effect that Moelis is not acting as a fiduciary of the Debtors shall have no force or effect.

13. Moelis shall not unilaterally terminate its engagement under the Engagement Letter absent prior approval of the Court.

14. Such services other than those set forth in the Application that the Debtors may request that Moelis provide during the course of these chapter 11 cases, to the extent agreed to by Moelis, shall be subject to separate application and order of this Court.

15. The Debtors and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

18. To the extent that there may be any inconsistency between the terms of the Application, the Latif Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

Dated: September 21st, 2023
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE