IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROTERRA INC, *et al.*,[1] | Case No. 23-11120 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 234** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRIS JAMES LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 26, 2023

Upon consideration of the Application for Entry of an Order Authorizing and Approving the Employment of Morris James LLP ("Morris James") as Delaware Counsel for the Official Committee of Unsecured Creditors (the "Committee"), *Nunc Pro Tunc* to August 26, 2023 (the "Application"),[2] upon the Declaration of Eric J. Monzo, an attorney with Morris James, in support of the Application (the "Monzo Declaration"), and upon the Declaration of Jerry Lavine, in support of the Application (the "Lavine Declaration"); the Court being satisfied based on the representations made in the Application and in the Monzo Declaration that said attorneys represent no interest adverse to the Committee, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Committee, and after due deliberation and sufficient cause appearing therefor;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (1379); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

16278882/1

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 328 and 1103(a) of the Bankruptcy Code, the Committee is authorized to retain and employ Morris James as counsel, *Nunc Pro Tunc* to August 26, 2023.

3. Morris James shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Bankruptcy Rules, and such other orders as this Court may direct.

4. Morris James shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court. Morris James also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Case Effective as of November 1, 2013*, both in connection with this Application and the interim and final fee applications to be filed by Morris James in the Chapter 11 Cases.

5. Morris James shall not be reimbursed for fees and expenses for defending any objection to Morris James' fee application under the Bankruptcy Code.

6. Morris James shall not charge a markup to the Committee with respect to fees billed by contract attorneys who are hired by Morris James to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

7. Morris James shall provide ten-business-days' notice to the Debtors, the United States Trustee, and the Official Committee of Unsecured Creditors before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. To the extent the Application, the Monzo Declaration, and the Lavine Declaration are inconsistent with this Order, or any agreements between the Committee and Morris James are inconsistent with this Order, the terms of this Order shall govern.

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implemental of this Order.

Dated: October 3rd, 2023  
Wilmington, Delaware

BRENDAN L. SHANNON  
UNITED STATES BANKRUPTCY JUDGE