**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PROTERRA INC, *et al*.,[1] | Case No. 23-11120 (BLS) |
| | (Jointly Administered) |
| Debtors. | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**PROTERRA INC (CASE NO. 23-11120)**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PROTERRA INC, *et al.*,[1] | ) | Case No. 23-11120 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS
AND METHODOLOGY REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These *Global Notes and Statement of Limitations and Methodology Regarding the Debtors' Schedules and Statements* (the "Global Notes") comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of the information and data used in preparing the Schedules and Statements. Inadvertent errors, omissions, or inaccuracies may exist in the Schedules and Statements. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]    These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

## I.    <u>Notes Applicable to All Schedules and Statements</u>

**<u>Note 1: Reporting Date</u>**.  All asset information, except where otherwise noted (including with respect to cash and accounts receivable), is provided as of July 31, 2023.  All liability information is provided as of August 7, 2023 (the "<u>Petition Date</u>").

**<u>Note 2: Currency</u>**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.  To the extent any amounts had to be converted to U.S. dollars, the conversion rate used was as of the Petition Date.

**<u>Note 3: Signatory</u>**.  David Black has signed each set of Schedules and Statements.  Mr. Black serves as Chief Financial Officer of Debtor Proterra Inc, and he is an authorized signatory for each of the Debtors in these chapter 11 cases.  In reviewing and signing the Schedules and Statements, Mr. Black has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their legal and financial advisors.  Mr. Black has not personally verified and could not personally verify the accuracy of each such statement and representation, but believes them to be true, correct, and accurate as of the date he signed the Schedules and Statements.

**<u>Note 4: Basis of Presentation</u>**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("<u>GAAP</u>"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  These Schedules and Statements were not filed with the United States Securities and Exchange Commission (the "<u>SEC</u>") or any other authority, and neither the SEC nor any state authority has passed upon the accuracy or adequacy of the Schedules and Statements, or upon the merits of the Schedules and Statements.

**<u>Note 5: Net Book Value</u>**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by nor readily available to the Debtors.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date.  Net book values may vary substantially from the actual market value of such property and other assets, and should not be relied upon or taken as evidence of such assets' actual market value.

**<u>Note 6: Estimates and Assumptions</u>**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

**<u>Note 7: Totals</u>**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are undetermined amounts, the actual total may be different from the listed total.

**Note 8: Confidential or Sensitive Information**.  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record, information such as names, addresses, or amounts.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individua.  The alterations were limited to only what is necessary to protect the Debtors or a third party.

**Note 9: Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action, or in any way prejudice or impair the assertion of such claims or Causes of Action.

**Note 10: Claim Designation**.  Any (i) failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" or (ii) designation of a claim in the Schedules and Statement as "not subject to offset" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed" or "not subject to offset."   The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed" or "subject to offset."  Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate.  Listing a claim does not constitute an admission of liability by the Debtors.

**Note 11: Fiscal Year**.  Each Debtor's fiscal year ends on or about December 31.

**Note 12:  Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

**Note 13: Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."   The Debtors may have material unliquidated

liabilities, including liabilities with respect to potential Claims arising on account of the potential rejection of executory contracts and unexpired leases. These Claims are not included in the Debtors' summary of total liabilities, and, accordingly, the presented aggregate liability amount may materially understate the amount of liabilities assertable or allowable against the Debtors.

**Note 14: Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

**Note 15: Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**Note 16: Insiders**. In circumstances where the Schedules and Statements require information regarding "insiders", the Debtors have included information with respect to the individuals and entities that the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. Persons and entities listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

**Note 17: Payments**. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "Cash Management System") (as described in the *Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing (A) Continued Use of Cash Management System, (B) Maintenance of Bank Accounts and Business Forms, (C) Continuance of Corporate Credit Card Programs, and (D) Honoring Certain Prepetition Obligations; (II) Waiving Strict Compliance With 11 U.S.C. § 345(b) and Certain Operating Guidelines, as Applicable, and (III) Granting Related Relief* [Docket No. 14]) (the "Cash Management Motion")). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

**Note 18: Reservation of Rights**. In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of their preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, inadvertent errors or omissions might exist and subsequent information or discovery might result in material changes or modification to the Schedules and Statements that require the Debtors to file amended Schedules and Statements. **The Debtors reserve all of their rights under Bankruptcy Rule 1009 to amend or modify any of the Schedules and Statements, including with respect to the treatment, characterization,**

**classification, amount, omission, or inclusion of any claims, assets, liabilities, or executory contracts, and to the extent necessary to advance positions in these chapter 11 cases that might conflict with the Schedules and Statements.**

II.    <u>**Notes to Schedules of Assets and Liabilities**</u>

1.    ***Schedule A/B – Assets***.  The Debtors have potentially excluded the following categories of assets from the Schedules and Statements: deferred tax assets; certain intangibles; or deferred revenue accounts.  Other immaterial assets may also have been excluded.  Unless otherwise noted, all amounts listed in Schedule A/B are as of July 31, 2023.

***Schedule A/B, Part 1 – Cash***.  The cash and cash equivalents listed in the Schedules reflect values as of the Petition Date.  There is an approximately $17,000 difference in the cash balance reported on the Schedules as compared to the amount described in the Cash Management Motion, which difference is driven by the change in the market value of US treasury investments in the Merrill Lynch working capital management account (x3373).

***Schedule A/B, Part 2 – Deposits***.  The Company recognizes certain customer prepayments as deposits on their balance sheet.

***Schedule A/B, Part 3 – Accounts Receivable***.  The receivables listed in the Schedules reflect values as of the Petition Date and include receivables from the Debtors' customers.  These amounts are the calculated net of any unapplied or on account receipts, trade adjustments, and unidentified receipts.

***Schedule A/B, Part 4, Question 15 – Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.***  The Debtors have used their reasonable efforts to identify ownership interests of entities within the six years immediately preceding the Petition Date.  The Debtors have equity interests in two (2) other entities, one of which is listed as confidential.  The Debtors have provided their equity ownership percentage in such entities, but, as such entities are not publicly traded, the Debtors have listed the value of such interests as "Undetermined".

***Schedule A/B, Part 5 – Inventory, Excluding Agricultural Assets.***  Balances for Raw Materials, Work in Progress, and Finished Goods, as listed in Question 21, are based on fixed assets and inventory schedules, calculated as of July 31, 2023.  The Debtors sold certain of their inventory prior to the Petition Date.  As a result, this part may include some inventory that has already been sold.  Additionally, the Debtors have listed the value of inventory purchased within 20 days of the Petition Date as "Undetermined" as the Debtors are continuing to reconcile their books and records to various open purchase orders, shipments, and received goods.

***Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles***.  Dollar amounts are presented net of accumulated depreciation and other adjustments.  Unless otherwise indicated, owned property and equipment are listed at net book value.

***Schedule A/B, Part 10 – Intangibles***. The value of intangible assets is listed as undetermined. The Debtors are not able to provide a schedule with values specific to each intangible asset.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtors and Rights to Setoff Claims***. In the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with their customers, insurance agencies, or insurance carriers. In addition, the Debtors believe that they may possess certain claims and causes of action against various parties. Accordingly, certain of the Debtors may become party to litigation in which such Debtor may assert claims as a plaintiff or counterclaims and/or crossclaims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

2.    ***Schedule D – Creditors Who Have Claims Secured by Property***. Except where otherwise noted, the value of all secured liabilities listed on Schedule D are calculated as of the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, subject to the Debtors' rights pursuant to any applicable court order. By listing an "amount of claim" in Schedule D, the Debtors are not admitting or waiving any rights to assert that all or any portion of such claim is wholly unsecured. Further, the listing of a claim as secured is not an admission as to the validity of any lien. Finally, although there are multiple parties that may hold a portion of the debt included in the Debtors' prepetition funded debt, only administrative agents have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date. Without limitation, the Debtors reserve all rights with respect to the Liquidation Payment Amount Claims (as defined in Docket No. 142).[3]

The descriptions provided in Schedule D are intended only to be a summary. In certain instances, a Debtor may be a co-obligor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

---

[3]    The amount of claim listed in the Schedules for CSI GP LLC for Proterra Operating Company, Inc. is $178,030,025.82. In connection with preparing the First Day Declaration, the CSI GP LLC claim was calculated as $177,283,103.23 and rounded as $177,200,000, which latter amount was reflected in the First Day Declaration. The difference in the Schedules and the First Day Declaration reflects an updated calculation for interest owed on such claim.

Nothing in Schedule D and/or the Notes shall be deemed a modification or interpretation of the terms of such agreements.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Gareth T. Joyce in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "First Day Declaration").  Furthermore, in addition to the First Day Declaration, reference to the applicable debt documents is necessary for a complete description of the collateral, security interests, and the nature, extent, and priority of any liens.

Except as specifically stated, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's claim.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

3.    ***Schedule E/F – Creditors Who Have Unsecured Claims***. Except where otherwise noted, the value of all unsecured liabilities listed on Schedule E/F are calculated as of the Petition Date.

The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  Some of the scheduled liabilities are unknown, contingent and/or unliquidated at this time.  In such cases, the amounts are listed as "Undetermined." Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

***Paid Claims***.  The Debtors have authority to pay certain outstanding prepetition liabilities pursuant to the Bankruptcy Court's first day orders (collectively, the "First Day Orders"). As such, certain liabilities listed in these Schedules and Statements may have been subsequently reduced or satisfied pursuant to the First Day Orders notwithstanding the fact that the Debtors have listed claims and payables as of the Petition Date in these Schedules and Statements.

***Excluded Liabilities***.  The Debtors have potentially excluded the following categories of liabilities from the Schedules and Statements: deferred tax liabilities; and certain accrued liabilities.  The Debtors have also excluded potential Claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such Claims exist.  Other immaterial liabilities may also have been excluded.

***Part 1 – Creditors with Priority Unsecured Claims***.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.

Pursuant to the *Final Order (I) Authorizing the Debtors to Pay Prepetition Employee Wages and Benefits, and (II) Granting Related Relief* [Docket No. 207] (the "Employee Wage Order"), the Debtors received authority to pay certain prepetition obligations, including certain employee wages and other employee benefits in the ordinary course of business.  The Debtors believe that (but cannot guarantee that) such claims will be satisfied in the ordinary course during the chapter 11 cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court.  Additionally, claims against the Debtors on account of wage or wage-related obligations may maintain priority under section 507 of the Bankruptcy Code, but are subject to the priority cap imposed under subsections (a)(4) and (a)(5) of section 507 of the Bankruptcy Code.

***Part 2 – Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made reasonable attempts to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  The amounts listed on schedule E/F are gross of any pre-Petition Date credits and may not reflect any right of setoff or recoupment, and the Debtors reserve any such setoff or recoupment rights.  Additionally, certain creditors may assert mechanics', materialmans', or other similar liens against the Debtors for amounts listed in Schedule E/F.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Debtors reserve their rights to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

***Trade Payables***.  The value of trade payables is calculated as of the Petition Date, with the exception of certain claims that have been reduced in accordance with agreements entered into or payments made pursuant to certain First Day Orders.  To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

4.      ***Schedule G – Executory Contracts and Unexpired Leases***.  Although the Debtors have made reasonable efforts to attribute an executory contract or unexpired lease to the applicable Debtor counterparty on Schedule G, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity of the Debtors' business. The Debtors reserve all of their rights with respect to the named parties of any and all executory

contracts and unexpired leases, including the right to amend, supplement, or otherwise modify Schedule G.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. These rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, non disturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, and title agreements. To the extent that such documents constitute executory contracts, the documents may have been omitted.

Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, some of which may be oral. While the Debtors have made every effort to reflect the current agreements, to the extent such contracts or agreements constitute executory contracts, certain of these contracts and agreements may not be listed individually on Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any contract, agreement, document or other instrument related to a creditor's claim. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreements, instruments, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider. The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor.

### III.    Notes to Statements of Financial Affairs

1. ***Statements, Part 1, Questions 1 and 2 – Income and Non-Business Revenue***.  Revenue has been provided through August 6, 2023.

2. ***Statements, Part 2, Questions 3 and 4 – Payments to Certain Creditors and Payments or Other Transfers of Property Made Within 1 Year Before Filing This Case That Benefited Any Insider***.  The Debtors' responses to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by the Debtors from bank accounts on behalf of the corresponding Debtor, pursuant to the Debtors' Cash Management System described in the Cash Management Motion.

   For the purposes of these Statements, the Debtors used the Petition Date as the date of the information for the financial information provided, including payments made on the Petition Date.  The Debtors have responded to Question 3 in detailed format by listing each payment.  The response to Question 3, however, does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11).

   The payroll-related amount shown in response to Question 4, which includes, among other things, salary, wage, and additional compensation, is a gross amount that does not include reductions for amounts including employee tax or benefit withholdings.

   The directors and executive officers of Debtor Proterra Inc are also directors and executive officers of Debtor Proterra Operating Company, Inc.  To the extent payments to such individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor entities, they did not receive payment for their services as directors or executive officers of these entities.  Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed under Questions 3 and 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

3. ***Statements, Part 3, Question 7 – Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits***.  To the best of their knowledge, the Debtors have provided information with respect to all "material litigation" in response to Question 7, defined to include claims or assessments involving amounts exceeding $50,000, individually or in the aggregate.

4. ***Statements, Part 6, Question 11 – Payments Related to Bankruptcy***.  Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date.  The services rendered pertain to, among other things, (i) the Debtors' prepetition sale and marketing process, (ii) relief under the Bankruptcy Code, and (iii) preparation of a bankruptcy petition.  Amounts listed reflect the

total amounts paid to these respective firms, as bifurcating the specific restructuring activities would be administratively burdensome.

Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders.

5.    ***Statements, Part 11, Question 21 – Property Held for Another.***   In the normal course of the Debtors' business, the Debtors have vehicles or battery packs that remain on the Debtors' premises, but belong to the customer. This inventory balance floats and is consistently changing in the normal course.  As of August 6, 2023, the Debtors held the following properties physically on behalf of our customers: eleven (11) electric transit buses worth approximately $10.7 million; and seventy-nine (79) battery packs worth approximately $1.9 million in value. In addition, periodically, the Debtors hold certain products held for warranty repair.  Such property is not material in value.

6.    ***Statements, Part 13, Question 25 – Businesses in which the Debtors Have an Interest***. The Debtors have used their reasonable efforts to identify ownership interests of entities within the six years immediately preceding the Petition Date.  The Debtors have equity interests in two (2) other entities, one of which is listed as confidential.  The Debtors have provided their equity ownership percentage in such entities, but, as such entities are not publicly traded, the Debtors have listed the value of such interests as "Undetermined".

7.    ***Statements, Part 13, Question 26 – Books, Records, and Financial Statements***.  Certain of the Debtors are registrants with the Securities and Exchange Commission and file with such agency periodic financial reports on a consolidated basis. These reports also contain information about those Debtors' finances, and are available publicly through the Debtors' website at https://ir.proterra.com/home/default.aspx.

The Debtors have supplied financial statements and reports in the ordinary course of business to certain third parties under confidentiality agreements. Such third parties include restructuring professionals, administrative agents under the Debtors' debt facilities, and certain other creditors. Therefore, the Debtors have not provided full lists of these parties in their response to Statement Question 26d.

8.    ***Statements, Part 13, Question 27 – Inventories***.  The Debtors have excluded inventory in transit, as such inventory is not in the Debtors' possession.

9.    ***Statements, Part 13, Question 28 – Controlling Interest Holders.*** For purposes of the Schedules and Statements, the Debtors define "controlling interest holders" to include entities that directly hold in excess of 20% of the voting interests of the applicable Debtor entity.  Entities listed as "controlling interest holders" have been included for informational purposes only.  The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling interest holders" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

* * * * *

11

**Fill in this information to identify the case:**

Debtor Name: In re : Proterra Inc

United States Bankruptcy Court for the:  District Of Delaware

Case number (if known): 23-11120 (BLS)

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to | Filing date | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

Debtor: Proterra Inc

Name

Case number *(if known):* 23-11120

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to | Filing date | _____ | $ _____ |
| **For prior year:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | _____ | $ _____ |

Debtor: Proterra Inc
_____
Name

Case number *(if known)*:  23-11120

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3.** **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 . (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1 | _____ Creditor's Name | _____ | $ _____ | ☐ Secured debt |
| | | | | ☐ Unsecured loan repayments |
| | _____ Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | _____ | | | ☐ Other |
| | City          State       ZIP Code | | | |
| | _____ Country | | | |

**4.** **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | _____ Insider's Name | _____ | $ _____ | _____ |
| | _____ Street | | | |
| | _____ City          State       ZIP Code | | | |
| | _____ Country | | | |
| | **Relationship to Debtor** | | | |
| | _____ | | | |

Debtor: Proterra Inc

Name

Case number *(if known)*: 23-11120

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| _____ | | | |
| Country | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | Last 4 digits of account number: XXXX– _____ | | |
| City          State          ZIP Code | | | |
| _____ | | | |
| Country | | | |

Debtor: Proterra Inc
_____
Name

Case number (if known)    23-11120
_____

| Part 3: | Legal Actions or Assignments |
|---|---|

**7.    Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | Amar Khatib vs Proterra  Inc | Wage & Hour Lawsuit | California Superior Court for San Mateo County <br> Name <br><br> 400 County Center <br> Street <br><br> Redwood City    CA    94063 <br> City    State    ZIP Code <br><br> Country | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | **Case number** <br> Case No. 22-CIV-01447 | | | |
| 7.2 | Jeremy Villanueva vs Proterra Inc, Gareth T. Joyce, and Karina Padilla | Securities Class Action | United States District Court Northern District of California <br> Name <br><br> Phillip Burton Federal Building & United States Courthouse <br> Street <br><br> 450 Golden Gate Avenue <br> San Francisco    CA    94102 <br> City    State    ZIP Code <br><br> Country | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | **Case number** <br> 5:23-cv-03519-BLF | | | |
| 7.3 | Los Angeles County, CA - Property Tax Audit | Audit | Assessment of Appeals Board County of Los Angeles <br> Name <br><br> 500 West Temple Street, Room 383 <br> Street <br><br> Kenneth Hahn Hall of Administration <br> Los Angeles    CA    90012 <br> City    State    ZIP Code <br><br> Country | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | **Case number** <br> 2021-809470 | | | |
| 7.4 | Tanya Tirado v. Proterra Inc, Gareth T. Joyce, Karina Franco Padilla, and Amy Ard | Securities Class Action | United States District Court Northern District of California <br> Name <br><br> Phillip Burton Federal Building & United States Courthouse <br> Street <br><br> 450 Golden Gate Avenue <br> San Francisco    CA    94102 <br> City    State    ZIP Code <br><br> Country | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | **Case number** <br> 5:23-cv-04528-PCP | | | |

Debtor: Proterra Inc
_____
Name

Case number *(if known)*: 23-11120
_____

**8.    Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the Property | Value |
|---|---|---|
| 8.1 _____ <br> Custodian's name | | $ _____ |
| _____ <br> Street | **Case title** <br> _____ | **Court name and address** |
| _____ | _____ | _____ <br> Name |
| _____ <br> City          State          ZIP Code | **Case number** <br> _____ | _____ <br> Street |
| _____ <br> Country | **Date of order or assignment** <br> _____ | _____ <br> City          State          ZIP Code |
| | | _____ <br> Country |

Debtor: Proterra Inc

Name

Case number *(if known)*:  23-11120

---

**Part 4:**    **Certain Gifts and Charitable Contributions**

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | | | | $ |
| | Creditor's Name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Recipient's relationship to debtor** | | | |
| | | | | |

Debtor:  Proterra Inc
_____
Name

Case number *(if known)*:    23-11120
_____

| Part 5: | Certain Losses |
|---|---|

**10.**   **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 _____ | _____ | _____ | $ _____ |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Proterra Inc

Name

Case number *(if known):*    23-11120

| Part 6: | Certain Payments or Transfers |
|---|---|

**11.    Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

**12.    Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |
| | **Trustee** | | | |
| | | | | |

Debtor: Proterra Inc
_____

Name

Case number *(if known)*: 23-11120
_____

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | _____ | _____ | _____ | $ _____ |

**Address**

_____
Street

_____

_____
City            State            ZIP Code

_____
Country

**Relationship to Debtor**

_____

Debtor:  Proterra Inc

Name

Case number *(if known)*:    23-11120

| Part 7: | Previous Locations |
|---------|-------------------|

14.  **Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---------|-------------------|

14.1  _____     From _____   To _____

Street

_____

City                State            ZIP Code

_____

Country

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor: Proterra Inc
_____
Name

Case number *(if known)*:    23-11120
_____

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 Facility Name _____ | | |
| Street _____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City _____ State _____ ZIP Code _____ | | Check all that apply:<br>☐ Electronically<br>☐ Paper |
| Country _____ | | |

Debtor: Proterra Inc

Name

Case number *(if known)*:    23-11120

---

**Part 9:**    **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?

    ☐ No

    ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 17.1 _____ | EIN: _____ |

    Has the plan been terminated?

    ☐ No

    ☐ Yes

Debtor:  Proterra Inc
_____
Name

Case number *(if known)*:  23-11120
_____

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18.  Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | | XXXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | | $ |
| | Name | | | | |
| | Street | | | | |
| | | | | | |
| | City          State          ZIP Code | | | | |
| | Country | | | | |

**19.  Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | | | | ☐ No |
| | Name | | | |
| | Street | | | ☐ Yes |
| | | **Address** | | |
| | City          State          ZIP Code | | | |
| | Country | | | |

Debtor: Proterra Inc

Name

Case number *(if known)*    23-11120

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | | | | ☐ No |
| | Name | | | ☐ Yes |
| | Street | | | |
| | | | **Address** | |
| | City          State          ZIP Code | | | |
| | Country | | | |

Debtor:  Proterra Inc

Name

Case number *(if known)*      23-11120

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| | Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|---|
| 21.1 | | | | $ |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City        State        ZIP Code | | | |
| | Country | | | |

Debtor: Proterra Inc

Name

Case number *(if known)*:     23-11120

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

|  | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | _____ | Name _____ |  | ☐ Pending |
|  |  | Street _____ |  | ☐ On appeal |
|  | **Case Number** |  |  | ☐ Concluded |
|  | _____ | City        State        ZIP Code |  |  |
|  |  | Country _____ |  |  |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

|  | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name _____ | Name _____ | _____ | _____ |
|  | Street _____ | Street _____ |  |  |
|  | City        State        ZIP Code | City        State        ZIP Code |  |  |
|  | Country _____ | Country _____ |  |  |

Debtor:  Proterra Inc

Name

Case number *(if known)*:  23-11120

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |

Name

Street

City          State          ZIP Code

Country

Name

Street

City          State          ZIP Code

Country

Debtor: Proterra Inc

Name

Case number *(if known)*    23-11120

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 Proterra Operating Company, Inc. | | EIN: 27-1878459 |
| Name | | Dates business existed |
| 1815 Rollins Road | | From  6/15/2021   To  Present |
| Street | | |
| | | |
| Burlingame        CA        94010 | | |
| City        State        ZIP Code | | |
| | | |
| Country | | |

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26a.1 See SOFA 26a Attachment | From                To |
| Name | |
| | |
| Street | |
| | |
| City        State        ZIP Code | |
| | |
| Country | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared  a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26b.1 BDO USA, P.A. | From  8/6/2021   To  Present |
| Name | |
| PO Box 677973 | |
| Street | |
| | |
| Dallas        TX        75267-7973 | |
| City        State        ZIP Code | |
| | |
| Country | |

Debtor: Proterra Inc

Name

Case number *(if known)*   23-11120

26b.2 KPMG

Name

From 8/6/2021   To   Present

464 Monterey Ave, Suite E

Street

| Los Angeles | CA | 90040 |
|---|---|---|
| City | State | ZIP Code |

Country

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 See SOFA 26c Attachment | |
| Name | |
| Street | |
| City          State          ZIP Code | |
| Country | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1 See Global Notes |
| Name |
| Street |
| City          State          ZIP Code |
| Country |

Debtor:  Proterra Inc

Name

Case number *(if known)*      23-11120

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

|  | Name and address of the person who has possession of inventory records |
|---|---|
| 27.1 | |
| | Name |
| | Street |
| | |
| | City          State          ZIP Code |
| | Country |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1 See SOFA 28 Attachment | | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,   members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☒ Yes. Identify below.

| | Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | Jack Allen | Address on File | Chairman of the Board | From 3/1/2020  To  6/24/2023 |
| 29.2 | Joan Robinson-Barry | Address on File | Board Member | From 4/1/2021  To  3/27/2023 |
| 29.3 | JoAnn Covington | Address on File | Chief Legal Officer | From 4/17/2017  To  3/24/2023 |
| 29.4 | Karina Padilla | Address on File | CFO | From 1/4/2021  To  6/3/2023 |

Debtor: Proterra Inc

Name

Case number *(if known)*:   23-11120

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | | | | |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to debtor** | | | |

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☒ Yes. Identify below.

| | Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|---|
| 31.1 | Proterra Inc | EIN:  90-2099565 |

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| | Name of the pension fund | Employer Identification number of the pension fund |
|---|---|---|
| 32.1 | | EIN: |

**Part 14:**   **Signature and Declaration**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/06/2023
              MM / DD / YYYY

✖   / s / David Black                                          Printed name   David Black

Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Chief Financial Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐   No

☑   Yes

**In re: Proterra Inc**
**Case No.  23-11120**
SOFA 26a Attachment
Books, records and financial statements - Accountants and bookkeepers

| Line Number | Name | Address 1 | City | State | Zip | Dates of service |
|---|---|---|---|---|---|---|
| 26a.01 | Aaron Chew | 1815 Rollins Road | Burlingame | CA | 94010 | 5/1/2019 - Present |
| 26a.02 | David S. Black | 1815 Rollins Road | Burlingame | CA | 94010 | 5/08/2023 - Present |
| 26a.03 | Jeffrey D. Embt | 1815 Rollins Road | Burlingame | CA | 94010 | 6/8/2023 - Present |
| 26a.04 | Jing Zhang | 1815 Rollins Road | Burlingame | CA | 94010 | 9/23/2019 - Present |
| 26a.05 | Juan Escobar | 1815 Rollins Road | Burlingame | CA | 94010 | 2/15/2021 - Present |
| 26a.06 | Karina Padilla | Address on file | | | | 1/4/2021 - 6/3/2023 |
| 26a.07 | Kerri Howard | 1815 Rollins Road | Burlingame | CA | 94010 | 6/13/2022 - Present |
| 26a.08 | Marcela R. Castro | Address on file | | | | 2/7/2022 - 9/6/2023 |
| 26a.09 | Matt Schaffer | Address on file | | | | 4/1/2023 - 6/1/2023 |
| 26a.10 | Rochelle Reaves | 1815 Rollins Road | Burlingame | CA | 94010 | 6/13/2022 - Present |

**In re: Proterra Inc**
**Case No. 23-11120**
SOFA 26c Attachment
Books, records and financial statements - Firms in possession of books and records

| Line Number | Name | Address 1 | City | State | Zip | If any books of account and records are unavailable, explain why |
|---|---|---|---|---|---|---|
| 26c.01 | Aaron Chew | 1815 Rollins Road | Burlingame | CA | 94010 | |
| 26c.02 | BDO USA, P.A. | PO Box 677973 | Dallas | TX | 75267-7973 | |
| 26c.03 | David S. Black | 1815 Rollins Road | Burlingame | CA | 94010 | |
| 26c.04 | Jeffrey D. Embt | 1815 Rollins Road | Burlingame | CA | 94010 | |
| 26c.05 | Jing Zhang | 1815 Rollins Road | Burlingame | CA | 94010 | |
| 26c.06 | Juan Escobar | 1815 Rollins Road | Burlingame | CA | 94010 | |
| 26c.07 | Kerri Howard | 1815 Rollins Road | Burlingame | CA | 94010 | |
| 26c.08 | KPMG | 464 Monterey Ave, Suite E | Los Angeles | CA | 90040 | |
| 26c.09 | Marcela R. Castro | Address on file | | | | |
| 26c.10 | Rochelle Reaves | 1815 Rollins Road | Burlingame | CA | 94010 | |

**In re: Proterra Inc**
**Case No. 23-11120**
SOFA 28 Attachment
Current Partners, Officers, Directors and Shareholders

| Line Number | Name | Address 1 | City | State | Zip | Position and nature of any interest | % of interest, if any |
|---|---|---|---|---|---|---|---|
| 28.01 | Brook Porter | 1815 Rollins Road | Burlingame | CA | 94010 | Board Member | 0.13% |
| 28.02 | Chris Bailey | 1815 Rollins Road | Burlingame | CA | 94010 | Chief Business Officer | 0.04% |
| 28.03 | Constance Skidmore | 1815 Rollins Road | Burlingame | CA | 94010 | Board Member and Head of Audit Committee | 0.13% |
| 28.04 | David Black | 1815 Rollins Road | Burlingame | CA | 94010 | CFO | 0.00% |
| 28.05 | Dustin Grace | 1815 Rollins Road | Burlingame | CA | 94010 | Chief Technology Officer | 0.29% |
| 28.06 | Gareth Joyce | 1815 Rollins Road | Burlingame | CA | 94010 | CEO | 0.28% |
| 28.07 | Jan Hauser | 1815 Rollins Road | Burlingame | CA | 94010 | Board Member | 0.02% |
| 28.08 | Jeannine Sargent | 1815 Rollins Road | Burlingame | CA | 94010 | Board Member and Head of Nominating Committee | 0.13% |
| 28.09 | Jeff Embt | 1815 Rollins Road | Burlingame | CA | 94010 | Chief Accounting Officer | 0.00% |
| 28.10 | Jeff Mitchell | 1815 Rollins Road | Burlingame | CA | 94010 | General Counsel | 0.04% |
| 28.11 | Jill Frizzley | 1815 Rollins Road | Burlingame | CA | 94010 | Head of Investigation Committee | 0.00% |
| 28.12 | Julian Soell | 1815 Rollins Road | Burlingame | CA | 94010 | Chief Operating Officer | 0.02% |
| 28.13 | Justin Pugh | 1815 Rollins Road | Burlingame | CA | 94010 | Chief Transformation Officer | 0.00% |
| 28.14 | Mary Louise Krakauer | 1815 Rollins Road | Burlingame | CA | 94010 | Board Member and Head of Compensation Committee | 0.01% |
| 28.15 | Michael D. Smith | 1815 Rollins Road | Burlingame | CA | 94010 | Board Member | 0.13% |
| 28.16 | Roger Nielsen | 1815 Rollins Road | Burlingame | CA | 94010 | Chairman of the Board | 0.01% |
| 28.17 | Sara Dadyar | 1815 Rollins Road | Burlingame | CA | 94010 | Chief People Officer | 0.00% |