## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | **Re: Docket No. __** |

**ORDER AUTHORIZING THE DEBTORS**
**TO RETAIN AND EMPLOY KPMG LLP TO PROVIDE AUDIT AND**
**TAX RESTRUCTURING SERVICES TO THE DEBTORS AND DEBTORS IN**
**POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Retention Application") of the above-captioned debtors and debtors-in-possession (together, the "Debtors"), for entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing them to retain and employ KPMG LLP ("KPMG") to provide audit and tax restructuring services to the Debtors in the above-captioned chapter 11 cases, (collectively, the "Chapter 11 Cases") effective as of the Petition Date;[2] and upon the Declaration of Steven D. Morgan, a Certified Public Accountant and partner at KPMG, *Declaration of Steven D. Morgan in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of KPMG LLP to Provide Audit and Tax Restructuring Services to the Debtors Effective as of the Petition Date*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]    Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Retention Application and Declaration.

(the "Morgan Declaration") in support thereof; and this Court being satisfied based on the representations made in the Retention Application and in the Morgan Declaration that KPMG represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; and consideration of the Retention Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Retention Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.    The relief requested in the Retention Application is hereby granted as set forth herein.

2.    In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, the Debtors are authorized to retain and employ KPMG to provide audit and tax restructuring services to the Debtors on the terms set forth in the Engagement Terms, effective as of the Petition Date, as modified by this Order.

3.    KPMG shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, this Order, the Interim Compensation Order and any other applicable orders of this Court.

4.    The terms and conditions of the Engagement Terms, including, for the avoidance of doubt, the discounted rates set forth in paragraph 12(a) of the Retention Application, and as set forth in this Order, are approved.

5.      Should KPMG and the Debtors enter into any additional engagement letters and/or statement(s) of work regarding additional services to be provided to the Debtors during these Chapter 11 Cases, KPMG and the Debtors will follow the procedure for authorization to provide such additional services as set forth in this Order.   To the extent that the Debtors and KPMG wish to expand the scope of KPMG's services beyond those services set forth in the Engagement Terms, the Debtors will file a notice (the "Notice of Additional Services") of any proposed additional services (the "Proposed Additional Services") on the docket of the Chapter 11 Cases, attach any underlying engagement letter(s), and make any additional disclosures required under Bankruptcy Rule 2014 with respect to such Proposed Additional Services, and serve such notice upon (a) the U.S. Trustee; (b) the United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service; (d) the state attorneys general for states in which the Debtors conduct business; (e) the Securities and Exchange Commission; (f) counsel to the First Lien Agent, Holland & Knight, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, Texas 75201 Attn: Robert Jones (robert.jones@hklaw.com) and Brent McIlwain (brent.mcilwain@hklaw.com); (g) counsel to the Second Lien Agent, Sidley Austin LLP, 787 Seventh Ave, New York, NY 10019, Attn: Thomas R. Califano (tom.califano@sidley.com) and Dennis M. Twomey (dtwomey@sidley.com); (h) proposed counsel to the Official Committee of Unsecured Creditors, (a) Lowenstein Sandler LLP 1251 6th Ave. 17th Fl., New York, NY 10020, Attn: Jeffrey Cohen (jcohen@lowenstein.com), Eric Chafetz (echafetz@lowenstein.com), Jordana Renert (jrenert@lowenstein.com), and Keara Waldron (kwaldron@lowenstein.com), and (b) Morris James LLP, 500 Delaware Ave # 1500, Wilmington, DE 19801, Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com); and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.   If no interested party files an objection to the Notice of Additional Services within fourteen (14) days of filing such notice, the

3

Proposed Additional Services and underlying engagement agreement shall be deemed approved by the Court without further notice or hearing.

6.      KPMG shall file monthly, interim, and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330 in (1) larger chapter 11 cases by those seeking compensation who are not attorneys, (2) all chapter 11 cases below the larger case thresholds, and (3) cases under other chapters of the Bankruptcy Code Effective as of May 17, 1996 (the "Fee Guidelines") and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Terms, as modified by this Order.    Notwithstanding anything to the contrary in this Order, the Retention Application, the Engagement Terms or the Morgan Declaration, KPMG shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, including all information and time keeping requirements of Local Rule 2016-2(d), except that with respect to any fixed fees to be paid to KPMG, KPMG shall be permitted to keep professional time records in half-hour increments, and shall not be required to keep time in tenth-hour (0.1) increments, shall not be required to provide or conform to any schedule of hourly rates, shall not be required to keep time records on a project category basis, and shall not be required to comply with Local Rule 2016-2(d)(viii).    KPMG shall request reimbursement of only its actual expenses incurred, and all such requests shall comply with Local Rule 2016-2(e).

7.      Notwithstanding anything to the contrary in this Order, the Retention Application, the Engagement Terms or the Morgan Declaration, no amount shall be paid to KPMG absent an order of this Court approving a fee application filed on notice to parties in interest in these cases, except as otherwise allowed under the Interim Compensation Order.

4

8.    The indemnification provisions included in the Engagement Terms are approved,

subject to the following terms, which apply during the pendency of the Debtors' Chapter 11 Cases:

(a)    KPMG [3] shall not be entitled to indemnification, contribution or reimbursement for services other than those services in the Engagement Terms and approved by this Order, unless such other services and indemnification, contribution or reimbursement therefor are approved by the Court;

(b)    The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense to the extent it is either:   (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined for a contractual dispute in which the Debtors allege breach of KPMG's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Tax Restructuring Engagement Letter and Application, as modified by this Order; and

(c)    If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these Chapter 11 Cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Tax Restructuring Engagement Letter (as modified by this Order) and Application, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of an order by this Court approving the payment.   This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG.   All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement.

---

[3]    For purposes of paragraph 8 only, the term "KPMG" shall mean the "KPMG Parties," as that term is defined in KPMG's Standard Terms and Conditions for Advisory and Tax Services.

9.      Prior to any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental declaration with this Court and provide 10 business days' notice to the Debtors and the U.S. Trustee.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by this Court.

10.     Notwithstanding anything in the Retention Application or the Engagement Terms to the contrary, KPMG shall (i) to the extent that KPMG uses the services of independent contractors, subcontractors, or employees of foreign or domestic affiliates or subsidiaries (collectively, the "Contractors") in these cases, KPMG shall pass-through the cost of such Contractors to the Debtors at the same rate that KPMG pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same conflict checks as required for KPMG, and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

11.     During the pendency of the Chapter 11 Cases, paragraph 6 of the Standard Terms and Conditions is deleted.

12.     To the extent that there are any conflicts between this Order and the Retention Application, the Engagement Terms or the Morgan Declaration, the terms of this Order shall govern.

13.     Notwithstanding anything in the Retention Application or the Engagement Terms to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such

jurisdiction is relinquished and with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.