## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROTERRA, INC., *et al.,* [1] | Case No. 23-11120 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 218 and 279** |

### LIMITED OBJECTION OF THE CITY OF TALLAHASSEE TO DEBTORS' NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) PROPOSED CURE AMOUNTS

The City of Tallahassee ("**Tallahassee**"), by and through undersigned counsel, files this limited objection and reservation of rights (the "**Limited Objection**") to the Debtors' Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts [Docket No. 279] (the "**Cure Notice**")[2] and respectfully states as follows:

### BACKGROUND

1.      On August 7, 2023 (the "**Petition Date**"), Proterra Inc. and Proterra Operating Company, Inc. (collectively, the "**Debtors**") commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware.  The Debtors have continued to operate their businesses post-petition as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc. (1379); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Cure Notice.

2.      On September 5, 2023, the Court entered the *Final Order (I) Authorizing Maintenance, Administration, and Continuation of Debtors' Customer Programs and (II) Granting Related Relief* [Docket No. 194] (the "**Customer Programs Order**"), pursuant to which the Debtors are authorized (but not directed) to maintain and administer its Customer Programs, including warranty programs, in the ordinary course of its business and consistent with past practices, and are authorized (but not directed) to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs in connection with Customer Programs obligations arising prior to the Petition Date, including cash payments related to any warranty claims asserted prior to, on or after the Petition Date, in an aggregate amount of $1,200,000, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business without further Court order. Customer Programs Order at ¶¶ 2 and 3.

3.      On September 7, 2023 the Court entered the *Order (A) Approving Bidding Procedures to Govern the Sale of All or Substantially All of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code, (B) Approving Procedures Regarding Entry Into One or More Stalking Horse Agreements, (C) Establishing Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of the Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases, (E) Scheduling Auctions for the Sales of the Company Assets and Hearings to Consider Approval of the Sales and Approving the Form and Manner of the Notice Thereof, and (F) Granting Related Relief* [Docket No. 218] (the "**Bid Procedures Order**"), which approved, among other things, the procedures by which the Debtors may solicit and pursue one or more sales or dispositions of the Debtors' assets pursuant to section 363 of the Bankruptcy Code.

4.      The Bid Procedures Order also established procedures regarding the assumption and assignment of executory contracts proposed to be assumed and assigned by the Debtors to a Successful Bidder pursuant to sections 365(b) and (f) of the Bankruptcy Code in connection with a sale.

5.      On September 25, 2023, the Debtors filed the Cure Notice.  Exhibit A to the Cure Notice, at lines 585 – 599, and lines 2319-2320, identified seventeen (17) agreements between the Debtors and Tallahassee (collectively, the "**Tallahassee Contracts**") as being subject to potential assumption in these chapter 11 cases, each with a $0 cure amount listed:

| # | Counterparty | Contract Date | Contract Description |
|---|---|---|---|
| 585 | City of Tallahassee | 9/13/2011 | Purchase and Sale of Three 35FT BEBs and Charging Station (2492) |
| 586 | City of Tallahassee | 12/28/2018 | Purchase and Sale (996153) |
| 587 | City of Tallahassee | 9/20/2019 | AMD 1 to Contract No. 996153 b/w the City of Tallahassee and PTRA (Contract No. 996153) |
| 588 | City of Tallahassee | 6/7/2022 | Purchase Order (COTLH-0001074345) |
| 589 | City of Tallahassee | 8/3/2021 | Purchase Order (COTLH-0001071709) |
| 590 | City of Tallahassee | 12/17/2020 | Purchase Order (COTLH-0001069944) |
| 591 | City of Tallahassee | 12/8/2021 | Purchase Order (COTLH-0001072939) |
| 592 | City of Tallahassee | 6/7/2022 | Purchase Order (COTLH-0001074345) |
| 593 | City of Tallahassee | 7/14/2022 | Purchase Order (COTLH-0001074604) |
| 594 | City of Tallahassee | 6/7/2022 | Purchase Order (COTLH-0001074345) |

| 595 | City of Tallahassee | 12/20/2022 | Purchase Order (COTLH-0001076191) |
|---|---|---|---|
| 596 | City of Tallahassee | 5/24/2023 | Purchase Order (COTLH-0001077522) |
| 597 | City of Tallahassee | 5/24/2023 | Purchase Order (COTLH-0001077523) |
| 598 | City of Tallahassee / StarMetro | 3/26/2019 | Lease Agreement |
| 599 | City of Tallahassee / StarMetro | 3/30/2015 | Memorandum of Understanding |
| 2319 | Tallahassee, City of (StarMetro) | Unknown | Order Form – Valence Platform |
| 2320 | Tallahassee, City of (StarMetro) | 4/24/2023 | Additional Terms and Conditions |

## FACTS CONCERNING THE CITY OF TALLAHASSEE

6.      Tallahassee has a 12-year Lease agreement with debtor Proterra, Inc. for E2 bus batteries and certain related equipment that began on March 26, 2019.  This agreement is a "fully net, non-cancelable lease contract."  Tallahassee pays Proterra a monthly rent of $2,266.00 per bus per month, for 15 buses.  Additionally, Tallahassee has a licensing agreement with Proterra for managing certain EV charging stations installed in the City of Tallahassee for $6,000 per year.

7.      Separately, Tallahassee entered into Contract No. 996153, dated December 28, 2018, for a term of five (5) years for charging stations and 15 electric buses.  This contract was amended on September 20, 2019, to increase the number of charging stations.  The total amended Contract price was Ten Million Six Hundred Fifteen Thousand Six Hundred and Eighty Dollars ($10,615,680.00).  The Contract has a 12-year parts availability guarantee.  Pursuant to the Contract, parts must be interchangeable with the original equipment and manufactured in

4890-1317-5687, v. 2

accordance with the quality assurance provision set forth in the Contract.  Prices are not to exceed the Contractor's then current published catalog prices.

8.    In 2021, Tallahassee purchased three (3) additional buses from the Debtors pursuant to Georga Contract No. 99999-001-SPD0000138-0007.

9.    Tallahassee's purchase of the various buses and EV charging stations include various warranties, as well as parts and service options pursuant to the respective agreements, in addition to those contained in Custom Option Tracker agreements entered into between the parties.

## LIMITED OBJECTION

10.    Tallahassee does not object to the assumption and assignment of its contracts *per se* and hopes to reach a consensual resolution with the Debtors, but files this Limited Objection to (a) preserve its cure rights with respect to the Tallahassee Contracts, including any breach in repair or warranty obligations; (b) preserve all warranty and/or indemnity claims it may have against the Debtors based upon goods and/or services provided by the Debtors to Tallahassee through the effective date of assumption; and (c) to preserve all objections to adequate assurance of future performance under the Tallahassee Contracts, including assurance that ongoing warranty and repair obligations are honored by any assignee.

11.    "Cure is a critical component of assumption." *In re Thane International, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018).  Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract and provide adequate assurance of future performance under the contract.  11 U.S.C. §365(b)(1); *In re Carlisle Homes, Inc*., 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("In order for a debtor to assume a contract under §default or it must: (1) cure existing default or provide adequate assurance that cure will promptly occur, 365(b)(1)(A); (2) compensate any party to the agreement that has

suffered actual pecuniary loss as a result of default, or provide adequate assurance of prompt compensation to the injured party, § 365(b)(1)(B); and (3) provide adequate assurance of future performance under the agreement before assumption will be permitted, § 365(b)(1)(c)."). This includes both prepetition and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996). "The language and intent behind § 365 is decisive. . . .[, and it] was clearly intended to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *Thane International*, 586 B.R. at 549, citing *In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996).

12.     Executory contracts and leases cannot be assumed in part and rejected in part. The debtor-in-possession "must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits." *Court Approval of Assumption or Rejection*, 3 Collier on Bankruptcy ¶ 365.03[3] (16th ed. 2022) (footnotes omitted); *see also Schlumberger Res. Mgmt. Servs. v. CellNet Data Sys. (In re CellNet Data Sys.)*, 327 F.3d 242, 249 (3d Cir. 2003), (explaining the "election [to assume or reject an executory contract] is an all-or-nothing proposition-either the whole contract is assumed or the entire contract is rejected"). Here, the Tallahassee Contracts comprise an integrated agreement among the Debtors and Tallahassee and must be assumed and assigned, if at all, *cum onere*. *See In re Physiotherapy Holdings, Inc*., 538 B.R. 225, 237 (D. Del. 2015) (holding that related agreements that constitute a single contract must be assumed together).

13.     Further, in connection with any assignment of the Tallahassee Contracts, the Debtor must provide adequate assurance of future performance of the contract as required pursuant to section 365(f)(2)(B) of the Bankruptcy Code.  While adequate assurance of future performance falls short of an absolute guaranty of performance, the Debtor must demonstrate that the proposed

assignee possesses the financial wherewithal to perform all of the obligations under the agreement at issue.  *See In re RS Legacy Corp.*, Nos. 15-10197 (BLS), 1947, 2414, 2015 Bankr. LEXIS 2206, at *2 (Bankr. D. Del. June 25, 2015).  No assignee has been identified and no such adequate assurance has been provided to Tallahassee.  Tallahassee reserves its right to supplement this Limited Objection and to further object to any potential assignment based on the failure to provide adequate assurance if a potential assignee is identified and the Tallahassee Contracts are designated for assumption and assignment.

### RESERVATION OF RIGHTS

14.     Tallahassee reserves all of its respective rights to supplement, modify, or amend this Limited Objection and make such other and further objections to the Cure Notice, Bid Procedures Order, or any assumption and assignment of the Tallahassee Contracts.  Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action and defenses that Tallahassee has asserted, or may assert, with respect to any proofs of claim against the Debtors.

15.     Tallahassee reserves all rights to assert claims for breach of the Debtors' maintenance and warranty obligations under the respective Tallahassee Contracts.  Tallahassee is still researching its records and reserves its right to amend or supplement this Limited Objection prior to or at the hearing.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Tallahassee respectfully requests that the Court enter an Order: (i) denying the assumption and assignment of the Tallahassee Contracts until such time as the correct cure amount is paid to Tallahassee in full and the Debtors and/or any successful bidder provide adequate assurance of future performance under the Tallahassee Contracts and (ii) granting Tallahassee such other and further relief as is just and equitable.

Dated: October 16, 2023.
      Wilmington, Delaware

Respectfully submitted,

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*

William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Kristi J. Doughty (No. 3826)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: chipman@chipmanbrown.com
      olivere@chipmanbrown.com
      doughty@chipmanbrown.com

*Counsel to the City of Tallahassee*

4890-1317-5687, v. 2