IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| PROTERRA INC, *et al.*, ) | |
| ) | Case No. 23-11120 (BLS) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | RE: Docket Nos. 36 & 218 |
| ) | |
| ) | Hearing Date: TBD |
| ) | Objection Deadline: October 16, |
| ) | 2023 at 4:00 p.m. (ET) |

**OBJECTION OF VAN HOOL NV TO NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) PROPOSED CURE AMOUNTS**

Van Hool NV ("Van Hool"), by and through their undersigned counsel, hereby files this objection (the "Objection") to the *Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts* [Dkt. No. 279] (the "Assumption and Cure Notice") filed by Proterra, Inc. ("Proterra") and its affiliated debtor entities (together with Proterra, "Debtors") on September 25, 2023. In support of this Objection, Van Hool respectfully represents as follows:

**Background**

*Background Regarding These Chapter 11 Cases*

1. On August 7, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 7, 2023, the Court entered an order [Dkt. No. 218] (the "Bid Procedures Order") establishing procedures for the sale of substantially all of the Debtors' assets and scheduled a Track A Sale Hearing for November 1, 2023, and a Track B Sale Hearing on November 28, 2023.

3. Consistent with the Bid Procedures Order, on September 25, 2023, the Debtors filed the Assumption and Cure Notice identifying certain Executory Contracts that the Debtors may seek to assume and assign to the Successful Bidder along with, as relevant here, the name of each non-Debtor counterparty to such Executory Contract.

***Background Regarding the Van Hool and Proterra Contracts***

4. As relevant here, Van Hool is a manufacturer of buses, motor coaches and eCoaches. Van Hool contracts with various suppliers for parts to manufacture its vehicles, which are eventually delivered to end users all over the world. As of the Petition Date, Van Hool is a party to the following agreements with the Debtors (collectively, the "Van Hool Contracts") under which Van Hool may purchase inventory for its motor coaches from Proterra and Proterra has agreed to various service and warranty obligations regarding those purchases:

    a. Van Hool Contracts:

        i. that certain *Product Supply Agreement* between Van Hool and Proterra, Inc., dated as of June 22, 2018 (the "Product Supply Agreement"), as amended from time to time on September 27, 2019, December 22, 2020, and July 1, 2022; and

        ii. that certain *Product Supply Agreement – Exqui.City* between Van Hool and Proterra, Inc., dated May 15, 2020.

5. Consistent with the Van Hool Contracts and as of the Petition Date, Proterra has accepted various purchase orders from Van Hool though which Proterra has contracted to provide inventory to Van Hool (collectively, the "Purchase Orders"), and the following Purchase Orders are still open to date: L12800103; L13807003; L33809828; L33809928; L33810028; L33810128; L43808528; L53807717; L62806003; L62807203; L63802128; L63804203; L63804603; L63807903; L92803803; LCC203003; LCC206003; LCC300103; LCC300203; LCC301503; LCC302203; LCC302803; LCC303303; LCC304003; LCC305203; LCC305303; LCC309803; LVO201903; LVO203103; LVO204403.

6. Pursuant to the terms of *the Final Order (I) Authorizing Maintenance, Administration, and Continuation of Debtors' Customer Programs and (II) Granting Related Relief* [Docket No. 194] (the "Customer Programs Order") entered in these bankruptcy proceedings, the Debtors are authorized (but not directed) to maintain and administer their Customer Programs, including warranty programs, in the ordinary course of its business and consistent with past practices, and are authorized (but not directed) to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs in connection with Customer Programs obligations arising prior to the Petition Date, including cash payments related to any warranty claims asserted prior to, on or after the Petition Date, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business without further Court order. Customer Programs Order at ¶¶ 2 and 3.

## Objection

7. Section 365(b)(1)(A) of the Bankruptcy Code provides that a debtor may not assume, or assume and assign, an executory contract unless, among other things, the debtor cures any defaults or provides adequate assurance that it will cure such defaults. See 11 U.S.C. § 365(b)(1)(A); *see also*

*City of Covington v. Covington Landing Ltd. P'ship,* 71 F.3d 1221, 1226 (6th Cir. 1995) ("If . . . the debtor is in default, the debtor cannot assume the contract until he (A) cures the default or provides adequate assurance that he will; (B) compensates the other party for pecuniary loss or provides adequate assurance that he will; and (C) provides adequate assurance of future performance on the contract.").

8. It is well established that a single, executory contract cannot be assumed in part and rejected in part. Rather, a debtor is required under Section 365 of the Bankruptcy Code to either reject the contract in full or assume the contract in full, including both the benefits and the burdens of the contract. *United States, Dep't of Air Force v. Carolina Parachute Corp.,* 907 F.2d 1469, 1472 (4th Cir. 1990) ("When a debtor in possession assumes an executory contract, it takes the 'contracts *cum onere,* that is, subject to existing burdens'…In other words, 'a debtor may not assume the favorable aspects of a contract…and reject the unfavorable aspects of the same contract.'") (quoting *In re Chicago, R.I. & Pac. R.R.,* 860 F.2d 267, 272 (7th Cir. 1988) and *Lee v. Schweiker,* 739 F.2d 870, 876 (3d Cir. 1984)); *see also Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.),* 167 F.3d 843, 849 (4th Cir. 1999) (debtor must assume executory contract *cum onere,* accepting its obligations along with its burdens); *Adventure Resources, Inc. v. Holland,* 137 F.3d 786, 798 (4th Cir. 1998) ("That the obligations of an executory contract be accepted along with its benefits is made plain by the Bankruptcy Code's requirements that, as conditions of the contract's assumption, the debtor cure any existing default and compensate all non-debtor parties for actual pecuniary losses that have resulted therefrom." ) (citing *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531, 104 S.Ct. 1188, 1199 (1984)); *Schnelling v. Crawford (In re James River Coal Co.),* 360 B.R. 139, 159 (Bankr. E.D. Va. 2007) (Huennekens, J.) ("[T]he debtor cannot assume the benefits of the contract while rejecting its burdens."); *In re Giordano,* 446 B.R. 744, 749

(Bankr. E.D. Va. 2010) (Mitchell, J.) ("[A] trustee or debtor in possession cannot assume only the favorable part of a contract and reject the rest the contract must be assumed or rejected as a whole."); In re *Leslie Fay Cos., Inc.,* 166 B.R. 802, 808 (S.D.N.Y. 1994) (same); *In re Atlantic Computer Sys., Inc.,* 173 B.R. 844, 849 (S.D.N.Y. 1994) (same); *In re Plum Run Serv. Corp.,* 159 B.R. 496, 498 (Bankr. S.D. Ohio 1993) (noting that executory contract must be assumed or rejected by debtor in its entirety and cannot be dealt with in piecemeal fashion). Accordingly, "[t]he agreement becomes property of the estate in the same shape as it existed prior to bankruptcy, with all of its benefits and burdens. That is,…the debtor…is not free to retain the favorable features…and reject the unfavorable ones." *In re Village Rathskeller, Inc.,* 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992).

9. Van Hool objects to the Assumption and Cure Notice because it fails to include all of the foregoing Van Hool Contracts and outstanding Purchase Orders listed in Paragraphs 4-5.

10. By example, the Assumption and Cure Notice lists certain ***amendments*** to the Product Supply Agreement, which cannot stand alone, but does not include the underlying Product Supply Agreement dated June 22, 2018. Because a single, executory contract cannot be assumed in part and rejected in part, the underlying Product Supply Agreement must be assigned or assumed in full, along with any amendments thereto.

11. In addition, the Assumption and Cure Notice fails to include the complete list of open Purchase Orders listed in Paragraph 5 above under which Proterra has accepted and agreed to provide certain inventory to Van Hool by a date certain.

12. Moreover, the Assumption and Cure Notice fails to include any cure amounts (i) with respect to the Van Hool Contracts and outstanding Purchase Orders, despite Van Hool providing notice to Proterra that Proterra is in breach of the same agreements, causing Van Hool millions in

damages, or (ii) relating to Proterra's failure to provide ongoing service and warranty obligations under the Van Hool Contracts and Purchase Orders.

### Reservation of Rights

13. In the event that any of the Contracts is not assumed, Van Hool reserves the right to seek payment of its damages as administrative expense claims pursuant to section 503 of the Bankruptcy Code, setoff pursuant to section 553 of the Bankruptcy Code, and/or seek any other relief to which Van Hool may be entitled.

14. Further, the Debtor has not demonstrated adequate assurance of future performance under the Van Hool Contracts and the Purchase Orders, as no buyer or potential buyer of the Debtors assets has yet been identified. Accordingly, Van Hool hereby reserves all rights to object to adequate assurance of future performance under the Van Hool Contracts and the Purchase Orders until the buyer/assignee has been identified and Van Hool can determine whether the buyer/assignee can provide adequate assurance of future performance.

**DATED** this 16th day of October, 2023.

Respectfully submitted,

*/s/ Paul Jennings*
Paul Jennings
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: 615-742-6267
Fax: (615)-742-2767
Email: PJennings@bassberry.com

*Attorneys for Van Hool NV*