IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PROTERRA INC, *et al.*, | ) |
| | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) RE: Docket Nos. 279 & 472 |
| | ) |
| | ) Hearing Date: TBD |
| | ) Objection Deadline: November 8, 2023 at 4:00 p.m. (ET) |
| | ) |

**LIMITED OBJECTION OF VAN HOOL NV TO FIRST AMENDED NOTICE OF
(I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) PROPOSED CURE AMOUNTS**

Van Hool NV ("Van Hool"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the *First Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts* [Dkt. No. 472] (the "Amended Assumption and Cure Notice") filed by Proterra, Inc. ("Proterra") and its affiliated debtor entities (together with Proterra, the "Debtors") on October 25, 2023. In support of this Objection, Van Hool respectfully represents as follows:

**Background**

*Background Regarding These Chapter 11 Cases*

1. On August 7, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (1379); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 7, 2023, the Court entered an order [Dkt. No. 218] (the "Bid Procedures Order") establishing procedures for the sale of substantially all of the Debtors' assets and scheduled a Track A Sale Hearing for November 1, 2023, and a Track B Sale Hearing on November 28, 2023.

3. Consistent with the Bid Procedures Order, on September 25, 2023, the Debtors filed the initial assumption and cure notice [Dkt. No. 279] (the "Assumption and Cure Notice") and on October 25, 2023, filed the Amended Assumption and Cure Notice identifying certain Executory Contracts that the Debtors may seek to assume and assign to the Successful Bidder along with, as relevant here, the name of each non-Debtor counterparty to such Executory Contract.

***Background Regarding the Van Hool and Proterra Contracts***

4. As relevant here, Van Hool is a manufacturer of buses, motor coaches and eCoaches. Van Hool contracts with various suppliers for parts to manufacture its vehicles, which are eventually delivered to end users all over the world. As of the Petition Date, Van Hool is a party to the following agreements with the Debtors (collectively, the "Van Hool Contracts") under which Van Hool may purchase inventory for its motor coaches from Proterra and Proterra has agreed to various service and warranty obligations regarding those purchases:

   a. <u>Van Hool Contracts:</u>

      i. that certain *Product Supply Agreement* between Van Hool and Proterra, Inc., dated as of June 22, 2018 (the "Product Supply Agreement"), as amended from time to time on September 27, 2019, December 22, 2020, and July 1, 2022; and

      ii.   that certain *Product Supply Agreement – Exqui.City* between Van Hool and Proterra, Inc., dated May 15, 2020.

5. Consistent with the Van Hool Contracts and as of the Petition Date, Proterra has accepted various purchase orders from Van Hool though which Proterra has contracted to provide inventory to Van Hool (collectively, the "Purchase Orders"), and the following Purchase Orders are still open to date: L12800103; L13807003; L33809828; L33809928; L33810028; L33810128; L43808528; L53807717; L62806003; L62807203; L63802128; L63804203; L63804603; L63807903; L92803803; LCC203003; LCC206003; LCC300103; LCC300203; LCC301503; LCC302203; LCC302803; LCC303303; LCC304003; LCC305203; LCC305303; LCC309803; LVO201903; LVO203103; and LVO204403.

6. Pursuant to the terms of *the Final Order (I) Authorizing Maintenance, Administration, and Continuation of Debtors' Customer Programs and (II) Granting Related Relief* [Dkt. No. 194] (the "Customer Programs Order") entered in these bankruptcy proceedings, the Debtors are authorized (but not directed) to maintain and administer their Customer Programs, including warranty programs, in the ordinary course of its business and consistent with past practices, and are authorized (but not directed) to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs in connection with Customer Programs obligations arising prior to the Petition Date, including cash payments related to any warranty claims asserted prior to, on or after the Petition Date, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business without further Court order. Customer Programs Order at ¶¶ 2 and 3.

**Limited Objection**

7. Van Hool previously objected [Dkt. No. 400] (the "Initial Objection") to the Debtor's Assumption and Cure Notice on various grounds, including the Debtor had failed to include all relevant contracts in the Notice. The Amended Assumption and Cure Notice adequately addressed that issue.

8. But the Amended Assumption and Cure Notice is still insufficient in other respects: (i) it fails to address defaults in the Contracts and how those will be cured; (ii) it fails to provide the assignee's adequate assurance of future performance (indeed, an assignee is still not identified); (iii) it fails to address the concerns raised by Van Hool about warranty issues, including the fundamental principle that assumption and assignment of a contract in Bankruptcy requires assumption and assignment of the entire contract. Van Hool objects to the Amended Assumption and Cure Notice for the foregoing reasons.

9. Van Hool relies on the legal arguments set forth in its Initial Objection, and incorporates those arguments by reference.

**Reservation of Rights**

10. Van Hool reserves the right to object to any cure amounts the Debtor sets forth regarding assumption an assignment of the Contracts.

11. In the event that any of the Contracts is not assumed, Van Hool reserves the right to seek payment of its damages as administrative expense claims pursuant to section 503 of the Bankruptcy Code, setoff pursuant to section 553 of the Bankruptcy Code, and/or seek any other relief to which Van Hool may be entitled.

12. Further, the Debtor has not demonstrated adequate assurance of future performance under the Van Hool Contracts and the Purchase Orders, as no buyer or potential buyer of the Debtors

assets has yet been identified. Accordingly, Van Hool hereby reserves all rights to object to adequate assurance of future performance under the Van Hool Contracts and the Purchase Orders until the buyer/assignee has been identified and Van Hool can determine whether the buyer/assignee can provide adequate assurance of future performance.

**DATED** this 8th day of November, 2023.

        Respectfully submitted,

/s/ *Ericka F. Johnson*
Ericka F. Johnson, Esq. (DE Bar No. 5024)
600 North Market Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail: ejohnson@bayardlaw.com

and

Paul Jennings
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: 615-742-6267
Email: PJennings@bassberry.com

*Attorneys for Van Hool NV*