**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **PROTERRA INC., INC.,** *et al.*,[1] | Case No. 23-11120 (BLS) |
| Debtors. | **(Jointly Administered)** |
| | Hearing Date: December 14, 2023 at 10:30 a.m., prevailing Eastern Time |
| | Related Docket Entries: 529, 598 |

**THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA'S SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS REGARDING THE DEBTORS'** *NOTICE OF (A) SUCCESSFUL BIDDER REGARDING DEBTORS' (I) TRANSIT ASSETS AND (II) ENERGY ASSETS AND (B) CANCELLATION OF THE SALE HEARING SOLELY WITH RESPECT TO PROTERRA ENERGY*

The Rector and Visitors of the University of Virginia ("UVA"), by and through undersigned counsel, file this supplement (the "Supplement") in support of *The Rector and Visitors of the University of Virginia's Objection and Reservation of Rights Regarding the Debtors'* Notice of (a) Successful Bidder Regarding Debtors' (I) Transit Assets and (II) Energy Assets and (B) Cancellation of the Sale Hearing Solely With Respect to Proterra Energy [ECF No. 598] (the "Objection"). As of the filing of the Objection, UVA had not received any information regarding the adequate assurance of future performance it would receive if the Debtors assumed and assigned that certain Purchase Order (PO: 2451573) dated May 2, 2022, and revised June 23, 2023 (collectively, the "Contract").[2] UVA therefore objected to and reserved all rights in relation to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] The Contract is attached hereto as Exhibit A and can also be found in the proofs of claim filed by UVA in these bankruptcy cases [Claim Nos. 1043 and 1052].

assumption and assignment of the Contract.  While UVA is still unaware of any proposed adequate assurance, UVA files this Supplement now to give ample time for review in advance of the upcoming hearing in connection with this matter. Therefore, in support of the Objection, UVA states as follows:

**SUPPLEMENTAL RESERVATION OF RIGHTS AND LIMITED OBJECTION**

1. As a threshold matter, counsel to UVA was advised by Phoenix Motorcars, Inc. on December 5, 2023, that it does not wish to take an assignment of the Contract.  UVA files this Supplement out of an abundance of caution while it waits for confirmation from Debtors' counsel that they will not seek to assume and/or assign the Contract.

2. Regardless, the Contract is not executory and therefore not assumable.  The Contract by its terms required performance in 2022. Contract at 2, 16, 27.  The time for performance has therefore lapsed, and the Debtors are in uncurable default.  Further, UVA's only remaining obligation under the Contract is the payment of money, and "[a] contract is not executory if the only performance required by one side is the payment of money." *Ocean Marine Servs. P'ship No. 1 v. Digicon, Inc. (In re Digicon, Inc.)*, 71 Fed.Appx. 442, 2003 WL 21418127, at *5, 2003 U.S. App. LEXIS 29535, at *14 (5th Cir. June 11, 2003); *see also Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046 (4th Cir. 1985) ("a contract is not executory as to a party simply because the party is obligated to make payments of money to the other party."), *abrogated on other grounds as recognized by Mission Prod. Holdings v. Tempnology, LLC*, 139 S.Ct. 1652, 1664-65 (2019); *In re Particle Drilling Techns., Inc.*, Nos. 09–33744, 09–33830, 2009 WL 2382030, at *4, 2009 Bankr. LEXIS 2151, at *12 (Bankr. S.D. Tex. July 29, 2009) (Isgur, J.) (same); *Enjet, Inc. v. Stapp Towing Co., Inc. (In re Enjet, Inc.)*, 205 B.R. 803, 810 (Bankr. E.D. La. 1997) (same); *In re Seabrook Island Ocean Club, Inc.*, 118 B.R. 410,

412 (Bankr. D.S.C. 1990) (same); *In re Placid Oil Co.*, 72 B.R. 135, 138 (Bankr. N.D. Tex. 1987) (the duty to pay money, alone, cannot suffice as a matter of law).

3. Alternatively, even if there were an executory contract to assume, Phoenix would be unable to provide adequate assurance of future performance under the Contract as the time of performance under the Contract has already passed. Pending receipt of any proposed adequate assurance information from either the Debtors or Phoenix, UVA reserves its right to object further to any proposed adequate assurance.

4. For these reasons, UVA continues to object to the assumption and assignment of the Contract.

Dated: December 11, 2023

Respectfully submitted,
MCGUIREWOODS LLP

By: /s/ K. Elizabeth Sieg
Dion W. Hayes
K. Elizabeth Sieg
Connor W. Symons
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
(T): (804) 775-1144
(F): (804) 698-2078
dhayes@mcguirewoods.com
bsieg@mcguirewoods.com
csymons@mcguirewoods.com

*Counsel to The Rector and Visitors of the University of Virginia.*