## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PROTERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## CERTIFICATION OF COUNSEL REGARDING *PROPOSED* STIPULATED PROTECTIVE ORDER

The undersigned counsel to the above-captioned debtors and debtors in possession (together, the "Debtors") hereby certifies as follows:

1.      On August 7, 2023, each of the Debtors commenced a case (the "Chapter 11 Cases") by filing a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code, §§ 101– 1532.

2.      In connection with the Chapter 11 Cases, the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and CSI GP LLC and its affiliates (collectively, with the Committee and the Debtors, the "Parties') have sought certain discovery materials from one another and anticipate that they may seek discovery from third parties, which discovery material includes confidential or proprietary information.

3.      Accordingly, the Parties have agreed to a proposed protective order (the "Protective Order") specifying terms and conditions for disclosure of confidential information in the Chapter 11 Cases.  A copy of the Protective Order is annexed as Exhibit A to the proposed order (the "Proposed Order") attached hereto as **Exhibit 1**.  The Parties and the Office of the United States

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).     The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

Trustee for the District of Delaware (the "U.S. Trustee")[2] have no objection to the Court's entry of the Proposed Order.

WHEREFORE, it is respectfully requested that the Court enter the Proposed Order approving the Protective Order at its earliest convenience without further notice or a hearing.

Dated:  December 11, 2023
         Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
       amagaziner@ycst.com
       sborovinskaya@ycst.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Michael J. Colarossi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
     rbritton@paulweiss.com
     mcolarossi@paulweiss.com

*Counsel to the Debtors and Debtors in Possession*

---

[2]   The Debtors shared a copy of the Protective Order with the U.S. Trustee prior to the submission hereof in accordance with Rule 9018-1(h) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware. The Protective Order incorporates the U.S. Trustee's comments.

30873354.3

# **EXHIBIT 1**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PROTERRA INC, *et al.*,[1] | ) | Case No. 23-11120 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. ___** |

## ORDER APPROVING STIPULATED PROTECTIVE ORDER

Upon the Certification of Counsel filed by the Debtors, and upon review of such certification and the *Stipulated Protective Order* (the "Stipulated Protective Order"),[2] attached hereto as **Exhibit A**, and good and sufficient cause appearing;

**IT IS HEREBY ORDERED** that:

1.      The Stipulated Protective Order is approved on the terms set forth therein and is fully incorporated by reference herein.

2.      This Court shall retain jurisdiction to resolve any disputes or controversies arising from, or related to, this Order and the Stipulated Protective Order.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).    The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2]     Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Stipulated Protective Order.

## EXHIBIT A

**Stipulated Protective Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PROTERRA INC, *et al.*,[1] | ) | Case No. 23-11120 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order" or "Order") is entered into between and among the following parties: (i) the above-captioned debtors and debtors in possession (the "Debtors") in these Chapter 11 Cases (the "Proceedings"), (ii) the Official Committee of Unsecured Creditors (the "Committee") appointed in the Proceedings, and (iii) CSI GP LLC and its affiliates (together with the Debtors and the Committee, the "Parties"). The Parties are entering into this Protective Order to govern the production of documents and information between the Parties in connection with the Proceedings.

1.     This Order shall apply to any information, document, data, or thing produced to, between, or among the Parties (the "Discovery Materials") in connection with or relating to the Proceedings. Discovery Materials shall also include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission; documents, data and things produced pursuant to formal or informal requests for production; and documents and things provided pursuant to subpoena. Discovery Materials shall include all information, filings, documents, and things referring to the substance of the foregoing, including (1) information copied

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

or extracted from Discovery Materials; (2) copies, excerpts, summaries, or compilations of Discovery Materials; and (3) any testimony, conversations, or presentations made by Parties or their counsel that might reveal Protected Material.

2.      Upon an order of the Court, or with the consent of the Debtors and each Designating Party, any other party in interest to the Proceedings that agrees in writing to be bound by the terms of this agreement by executing the attached **Exhibit A** shall thereafter be treated as a Party to this Protective Order.

3.      This Order governs the production or provision of Discovery Materials as that term is defined in paragraph 1 and does not affect, amend, or modify any existing creditor or intercreditor agreements between the Parties, and nothing in this Order shall constitute a waiver of any rights under such agreements.

4.      Discovery Materials, or information derived therefrom, shall be used solely in connection with the Proceedings and any related investigations and/or litigations, and shall not be used in any proceeding other than the Proceedings and any related investigations and/or litigations.

**Designation of Discovery Materials as Confidential or Advisors' Eyes Only.**

5.      Any Party or third-party providing Discovery Materials (the "Designating Party") may designate as "Confidential" or "Advisors' Eyes Only" that portion of any Discovery Materials (the "Designated Material") produced or disclosed in the Proceedings (whether or not the Designating Party is the Party that produced or disclosed those Discovery Materials) that the Designating Party in good faith believes meets the criteria in paragraph 6 or paragraph 7 below, as applicable. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify—

so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably designated.

6.    A Designating Party may designate Discovery Materials as "Confidential" to the extent they contain (a) private personal identifying information irrelevant to any issue in dispute before the Court; (b) trade secrets or confidential research, development or commercial information the disclosure of which would, in the good faith judgment of the Designating Party, be substantially and materially detrimental to the conduct of that Party's business; or (c) information subject to protection under applicable law or regulation ("Confidential Information").

7.    A Designating Party may designate Discovery Materials as "Advisors' Eyes Only" only if (a) such materials contain extremely sensitive personal identifying information, trade secrets, proprietary business information, competitively sensitive information, or sensitive financial or business information, and (b) disclosure of such materials to one or more Parties, as opposed to Advisors, would create a substantial risk of serious harm to the conduct of the Designating Party's business or the business of any of that Designating Party's customers or clients that cannot be avoided by less restrictive means ("Advisors' Eyes Only Information").  For purposes of this Order, "Advisors" shall mean the outside advisors, attorneys, financial advisors, accountants, bankers, agents or consultants of any Party in connection with the Proceedings, whether or not retained to testify at any oral hearing.

8.    Confidential Information and Advisors' Eyes Only Information shall not include:

(a)    information that is at any time independently developed by the Receiving Party (as defined in paragraph 11 below);

(b)    information rightfully acquired by the Receiving Party from an independent source, so long as the information is not otherwise subject to a confidentiality agreement with any of the other Parties;

(c)     information that is publicly available in substantially the same form in which it was provided by the Party or third-party producing or disclosing the information;

(d)     information that is deemed by an order of the Court not to be Confidential Information;

(e)     information that was, is, or becomes public knowledge, not in violation of this Protective Order;

(f)     information that is required by any agreement or applicable law, including without limitation the applicable provisions of Title 11 of Chapter 11 of the U.S. Code (the "Bankruptcy Code") or the Federal Rules of Bankruptcy Procedure, to be made generally available to the public or that the Designating Party has, prior to the commencement of the proceedings, made available to the public or upon request without any agreement as to confidentiality or non-disclosure.

9.      Except as otherwise provided in this Order, including as specified in paragraphs 5 and 16 hereof, or otherwise stipulated or ordered, and solely with regard to Discovery Material produced after this Order is entered, the designation of Discovery Materials as Confidential or Advisors' Eyes Only must be clearly so designated before the material is disclosed or produced, or else such materials shall not be deemed to include Confidential Information and/or Advisors' Eyes Only Information.  Where practicable, the Designating Party shall designate Discovery Materials as Confidential by applying the legend "Confidential" or Advisors' Eyes Only by applying the legend "Advisors' Eyes Only" to the Discovery Materials.  In the case of data stored in electronic form, the legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic data is stored.  Where the Designating Party is not the Party that produced or disclosed the Discovery Materials, the Designating Party shall designate Discovery Materials as Confidential or Advisors' Eyes Only by written notice to the other Parties.

**Use of Confidential Information or Advisors' Eyes Only Information.**

10.     Unless otherwise ordered by the Court, Confidential Information shall be maintained in confidence and shall not be shared by any Party that receives the Confidential

Information (the "<u>Confidential Information Receiving Party</u>") with any person other than the

following individuals (the "<u>Confidential Information Permitted Recipients</u>"):

(a)     the Receiving Party's counsel (including in-house and local counsel) to whom it is reasonably necessary to disclose the information for the Proceedings and any related litigation, and their legal, clerical, or support staff, including temporary or contract staff;

(b)     the Receiving Party, its affiliates and their respective present officers, directors, trustees, partners, or employees (for the avoidance of doubt, Confidential Information may be disclosed to members of the Official Committee of Unsecured Creditors);

(c)     any Advisor employed or retained in connection with the Proceedings;

(d)     any expert witness for the Receiving Party to whom disclosure is reasonably necessary for the Proceedings who is not an employee of the Receiving Party, its counsel, or their respective Advisors, and who has signed the Non-Disclosure Declaration annexed as **<u>Exhibit A</u>** as described in paragraph 13; provided that any report or declaration created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation;

(e)     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(f)     witnesses being questioned, either at a deposition or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the Proceedings.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may not be disclosed to anyone except as permitted under this Protective Order;

(g)     the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") and its personnel, subject to paragraph 14 below;

(h)     court reporters, stenographers, videographers, their staff, and professional vendors to whom disclosure is reasonably necessary for purposes of the Proceedings;

(i)     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Proceedings;

(j)     non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working for any Party to this Order or in connection

with the Proceedings—in each case, only as necessary to assist such person with respect to the Proceedings;

(k)    the U.S. Trustee, which shall be treated as a Party without the need for the U.S. Trustee to sign the confidentiality agreement or any other document; and

(l)    any other person, with the express written authorization of the Designating Party.

11.    Unless otherwise ordered by the Court, Advisors' Eyes Only Information shall be shared with the Advisors to a Party that receives the Advisors' Eyes Only Information (the "Advisors' Eyes Only Information Receiving Parties" and together with the Confidential Information Receiving Parties, the "Receiving Parties") and shall be maintained in confidence and shall not be shared with any Party with any person other than the following individuals (the "Advisors' Eyes Only Information Permitted Recipients" and together with the Confidential Information Permitted Recipients, the "Permitted Recipients"), provided that any portion of a report or declaration created by a Permitted Recipient that incorporates or references Advisors' Eyes Only Information shall be designated as Advisors' Eyes Only Information by the Party responsible for its creation:

(a)    the Receiving Party's counsel (including in-house and local counsel) to whom it is reasonably necessary to disclose the information for the Proceedings and any related litigation, and their legal, clerical, or support staff, including temporary or contract staff;

(b)    Advisors who are employed or retained by the Receiving Party or its counsel in connection with the Proceedings;

(c)    expert witnesses who are employed or retained by the Receiving Party or its counsel in connection with the Proceedings, and to whom disclosure is reasonably necessary for the Proceedings and who have signed the Non-Disclosure Declaration annexed as Exhibit A as described in paragraph 13;

(d)    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(e)     witnesses being questioned, either at a deposition or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the Proceedings, provided that the witness has signed or agreed on the record to sign a Non-Disclosure Declaration in the form annexed as <u>Exhibit A</u> hereto.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Advisors' Eyes Only Information may not be disclosed to anyone except as permitted under this Protective Order;

(f)     the Bankruptcy Court and its personnel, subject to paragraph 14 below;

(g)     court reporters, stenographers, videographers, their staff, and professional vendors who record testimony in connection with the Proceedings;

(h)     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Proceedings;

(i)     non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any person bound by and allowed to see Advisors' Eyes Only Material under this Order—in each case, only as necessary to assist such person with respect to the Proceedings;

(j)     the U.S. Trustee, which shall be treated as a Party without the need for the U.S. Trustee to sign the confidentiality agreement or any other document; and

(k)     any other person, with the express written authorization of the Designating Party.

12.     <u>Depositions</u>.  Any Party shall have the right to designate on the record, or within five (5) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Advisors' Eyes Only Information, subject to the guidelines established in paragraph 5 above.  The Designating Party shall provide a copy of the transcript marked to show the portions for which protection is being sought.  Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately.  The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as Confidential

Information or Advisors' Eyes Only Information unless such document is subsequently made part of the public record therein.

13.    <u>Non-Disclosure Declaration</u>.  Counsel for a Receiving Party shall provide a copy of this Protective Order to a representative of any outside professional firm or individual who is not an employee of the Receiving Party, its counsel, or their respective Advisors, who is retained in connection with the Proceedings, and the firm representative or individual, as the case may be, must execute a Non-Disclosure Declaration in the form annexed as **<u>Exhibit A</u>** hereto prior to receiving any Confidential Information or Advisors' Eyes Only Information.

14.    <u>Filing Of Confidential Information and Advisors' Eyes Only Information</u>.  All Confidential Information and Advisors' Eyes Only Information filed with the Court or any other court with jurisdiction over the Proceedings, including all portions of pleadings, motions, or other papers that disclose Confidential Information or Advisors' Eyes Only Information, shall either (a) be filed in redacted form, with all Confidential Information and Advisors' Eyes Only Information redacted (with unredacted copies provided to the Court and all Parties entitled to receive such material), or (b) where permitted without motion, be filed under seal with the Clerk of the Court and kept under seal until further order of the relevant court.   The approval and entry of an order by the Court approving this Protective Order shall constitute authority pursuant to Local Rule 9018-1(e) for the Parties to file Confidential Information and Advisors' Eyes Only Information under seal.  Within three (3) business days of filing such materials, however, the Party seeking the protection of such materials must file a motion to seal with this Court.  The materials shall remain under seal until such time as the Court rules upon that motion.   Nothing herein is meant to supersede or vary the requirements of Local Rule 9018-1 of the Bankruptcy Court, and the Parties

shall endeavor to comply with this Rule (and any other applicable rules) when filing information under seal.

15.     <u>Disclosure Required by Law</u>.  In the event that a Receiving Party or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand, demand from a regulatory body, or similar legal process or applicable law or regulation, to disclose any Confidential Information or Advisors' Eyes Only Information, the Receiving Party or Permitted Recipient shall, to the extent permitted by applicable law and the rules and requirements of the relevant governmental or regulatory authority, provide the Designating Party with prompt notice and a copy of the subpoena or request.  Upon receipt of the notice, the Designating Party may, in its sole discretion and at its own cost, seek a protective order or other appropriate remedy.  If the Designating Party timely seeks a protective order or other relief, the Receiving Party or Permitted Recipient served with the demand shall not produce any information designated in the Proceedings as Confidential Information or Advisors' Eyes Only Information, as applicable, prior to the date specified for production on the subpoena or demand.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information or Advisors' Eyes Only Information covered by this Protective Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

16.     To the extent that Designated Material is sought from the U.S. Trustee pursuant to any request under the Freedom of Information Act, the Privacy Act, or other applicable law requiring disclosure, or informal requests from other government agencies, prior to the disclosure of any Designated Material, the U.S. Trustee shall provide the Designating Party with prompt written notice to give the Designating Party an opportunity to object to the disclosure of any

specific portion of the Designated Material.  If the Designating Party does not object within seven days of the date of the U.S. Trustee's written notice, then the U.S. Trustee may disclose the Designated Material.  If the Designating Party objects, then the U.S. Trustee will not disclose the Designated Material until either (a) a consensual resolution is reached or (b) the Designating Party obtains relief from the Court.

17.    Nothing herein shall prevent the U.S. Trustee from disclosing Designated Material for civil or criminal law enforcement purposes to comply with 18 U.S.C. § 3057, a subpoena, or court order; *provided*, that the U.S. Trustee will provide the Designating Party with notice prior to disclosing Designated Material for purposes of complying with a subpoena or court order in a civil proceeding.

18.    <u>No Waiver</u>.  The inadvertent failure to designate any qualifying Discovery Materials as Confidential or Advisors' Eyes Only Information does not constitute a waiver of the Designating Party's right to secure protection under this Protective Order for such material.  If at any time any of the Parties determines or discovers that certain testimony or some portion of Discovery Materials that was previously produced should be designated as Confidential Information or Advisors' Eyes Only Information, that Party may notify all of the other Parties in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information or Advisors' Eyes Only Information, as applicable, under the terms of this Order, provided that the Designating Party shall, at its cost, provide the other Parties with substitute copies, bearing the appropriate legend, of any such Discovery Materials.  If such information has been disclosed by a Receiving Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery

Materials are to be designated as Confidential Information or Advisors' Eyes Only Information, such disclosure does not constitute a violation of this Protective Order.

19.    <u>Production of Privileged Material</u>.  A Designating Party may assert privilege or protection over produced documents at any time by notifying all Receiving Parties in writing of the assertion of privilege or protection.  In addition, if a Receiving Party receives information that such Receiving Party reasonably recognizes contains privileged matter or attorney work product such Receiving Party shall promptly notify such Designating Party and if requested, return, sequester or destroy such information.  After being notified, a Receiving Party must promptly return, sequester or destroy the specified information until the claim is resolved.  Nothing in this provision will limit the right of the Receiving Party to contest in good faith the Party's claim of privilege or protection, including the ability to refer to the documents at issue when contesting the assertion of privilege consistent with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. The Designating Party shall be required to maintain the information in the form it was produced and, if ordered by the Court, to present the information to the Court under seal for a determination of the Designating Party's claim of privilege or protection.  The inadvertent production of privileged or work product protected documents or information is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

20.    <u>Disputes over Designation of Discovery Materials</u>.  Any Party may challenge a designation of Discovery Materials as Confidential Information or Advisors' Eyes Only Information at any time.  In the event that a Party objects to any designation of testimony or Discovery Materials as Confidential Information or Advisors' Eyes Only Information, as applicable, (the "<u>Objecting Party</u>"), the Objecting Party shall notify the Designating Party and other Parties in writing, stating the grounds of the objection.  The Objecting Party must object on

a document-by-document basis, detailing with specificity the grounds for the challenge. The Parties shall have three (3) business days to attempt to resolve the objection in good faith. In conferring, the Objecting Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the Designated Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall seek a ruling from the Court on an expedited basis that such information should be treated as Confidential Information or Advisors' Eyes Only Information, as applicable. If the Designating Party does not seek relief from the Court within seven (7) days of receiving the Objecting Party's written objection, the challenged designation will be deemed to be void. No Confidential Information or Advisors' Eyes Only Information shall be filed in the public record prior to such a determination by the Court. The burden shall be on the Designating Party or other Party seeking to support the designation of the information as Confidential Information or Advisors' Eyes Only Information to justify the claim that the disputed material has been properly designated under 11 U.S.C. § 107. Neither this Order nor the agreement of any party in interest hereto shall entitle any Designating Party to withhold information from any person or otherwise keep confidential, through designation as Confidential Information or Advisors' Eyes Only Information or otherwise, where such Designating Party would be required, or would have been required, to disclose such information under any agreement or applicable law, including without limitation, (i) the Securities Act of 1933, as amended (the "Securities Act"), the Securities Exchange Act of 1934, as amended (the "Exchange Act"), the Trust Indenture Act of 1939 (the "TIA") and the rules and regulations promulgated under each of the Securities Act, Exchange Act and TIA, (ii) the rules and regulations of the New York Stock Exchange and (iii) 11 U.S.C. §§

707(a)(7)&(8), 1113, 1114 and 1125, the Federal Rules of Bankruptcy Procedure, or any local rule.

21.     <u>Disclosure in Court Proceedings</u>.  At the appropriate time, counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, or transcripts used in the course of any court proceedings, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Court for resolution.

22.     <u>No Bar Against Seeking Further Protection</u>.  Nothing in this Order shall be construed as preventing any Party from seeking further protection from the Court for any Discovery Material.

23.     <u>No Admission Regarding Admissibility or Relevancy</u>.  Nothing in this Order shall be construed to affect in any way the admissibility or relevancy of any Discovery Material or other evidence.

24.     <u>No Warranty</u>.  Neither the Designating Party nor any of its representatives, officers, directors, employees or agents make any express or implied representation herein as to the accuracy or completeness of Discovery Material except as otherwise agreed in writing in any other documentation.

25.     <u>No Bar to Use of Party's Own Discovery Material</u>.  This Order has no effect on, and shall not apply to, a Designating Party's use or disclosure of its own Confidential Information or Advisors' Eyes Only Information for any purposes whatsoever.

26.     <u>Binding Effect</u>.  The provisions of this Protective Order shall, absent written consent of all of the Parties or further order of the Court, continue to be binding throughout the conclusion of the Proceedings and any related litigation, including without limitation any appeals therefrom.  Within sixty (60) calendar days after receiving notice of an entry of an order, judgment,

or decree finally disposing of the Proceedings and any related litigation, including the exhaustion of all possible appeals and other review, the Parties shall either (i) return all Confidential Information and Advisors' Eyes Only Information and all copies thereof (including summaries and excerpts and including all such material provided by a Party to any other persons, whether or not in accordance herewith) to counsel for the Party that produced or disclosed such materials, or (ii) destroy or cause to be destroyed all Confidential Information and Advisors' Eyes Only Information.  As to documents that have been received electronically and that cannot be returned, deleted, or destroyed, the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Information or Advisors' Eyes Only Information present on the recipient's computer, server, or any backup media.  Notwithstanding the foregoing, counsel to any Party shall be entitled to retain all pleadings, motion papers, or other documents filed with the Court, deposition, trial, and hearing transcripts, legal memoranda, expert reports, correspondence, attorney work product, and expert and consultant work product that refer to or relate to Confidential Information or Advisors' Eyes Only Information.  Additionally, the Parties shall be entitled to maintain Confidential Information and Advisors' Eyes Only Information to the extent required by law or regulation (including regulations of a stock exchange or a self-regulatory body), or internal document retention policies.

27.    <u>Reservation of Rights</u>.  Nothing in this Protective Order shall constitute: (a) an agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Court; (b) a waiver by any person or Party of any right to seek or object to a further protective order with respect to any discovery request in this or any other action; or (c) a waiver of any claim of immunity or privilege with regard to any

testimony, documents or information.  Evidence of the existence or non-existence of a designation under this Protective Order shall not be admissible for any purpose.

28.　<u>Notice</u>.  Notice required or permitted to be given for any purpose under this Protective Order shall be delivered in writing by electronic mail or U.S. mail to the undersigned counsel for the Parties, and any other counsel of record for the Parties in the Proceedings.  Notice shall be deemed effective upon actual receipt.

29.　<u>Governing Law</u>.  This Order shall be governed by and interpreted under and in accordance with the laws of the State of Delaware.

30.　<u>Continuing Jurisdiction</u>.  The Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Order upon appropriate motion by a party in interest. Nothing herein shall preclude any Party from seeking to amend or modify the terms of this Protective Order upon appropriate motion and order of the Court.

31.　<u>Additional Relief.</u>  Nothing herein shall prevent any Party or non-Party from seeking additional relief from the Court not specified in this Order.

*[signature page follows]*

Dated: December 11, 2023

/s/ Andrew L. Magaziner
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
          amagaziner@ycst.com
          sborovinskaya@ycst.com


          - and -


**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Michael J. Colarossi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email: pbasta@paulweiss.com
          rbritton@paulweiss.com
          mcolarossi@paulweiss.com

*Counsel to the Debtors*

/s/ *Laura Davis Jones*
Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
Edward A Corma (No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
          pkeane@pszjlaw.com
          ecorma@pszjlaw.com


          - and -


**SIDLEY AUSTIN LLP**
Thomas R. Califano
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: tom.califano@sidley.com


Dennis M. Twomey
Jackson T. Garvey
One South Dearborn Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: dtwomey@sidley.com
          jgarvey@sidley.com


Maegan Quejada
1000 Louisiana Street, Suite 5900
Houston, TX 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
Email: mquejada@sidley.com

*Counsel to CSI GP I LLC and its affiliates*

/s/ *Eric J. Monzo*
**MORRIS JAMES LLP**
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Tara C. Pakrouh (DE Bar No. 6192)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
          bkeilson@morrisjames.com
          tpakrouh@morrisjames.com


          - and –


**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Eric S. Chafetz, Esq.
Jordana L. Renert, Esq.
Michael A. Kaplan, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
E-mail: JCohen@lowenstein.com
          EChafetz@lowenstein.com
          jrenert@lowenstein.com
          mkaplan@lowenstein.com


*Counsel to the Committee*

**<u>EXHIBIT A</u>**

30871204.4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PROTERRA INC, *et al.*,[1] | ) |
| | ) Case No. 23-11120 (BLS) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

## NON-DISCLOSURE DECLARATION

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I
have read in its entirety and understand the Stipulated Protective Order that was issued by
the United States Bankruptcy Court for the District of Delaware (the "Court") at Docket
No. [●] on [_____] [date] in the Chapter 11 bankruptcy cases of *In re Proterra, et al.*, Case
No. 23-11120 (BLS) (Bankr. D. Del.) (the "Proceedings").  I agree to comply with and to
be bound by all the terms of the Stipulated Protective Order and I understand and
acknowledge that failure to so comply could expose me to sanctions and punishment in the
nature of contempt.  I solemnly promise that I will not disclose in any manner any
information or item that is subject to the Stipulated Protective Order to any person or entity
except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Court for the purpose of enforcing
the terms of the Stipulated Protective Order, even if such enforcement proceedings occur
after termination of the Proceedings.

[I hereby appoint _____ [print or type full name] of
_____ [print or type full address and telephone number], as my agent for
service of process in connection with the Proceedings or any proceedings related to
enforcement of the Stipulated Protective Order.]
Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____
_____

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).
The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.