IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>PROTERRA INC, et al.,<br>    Debtors. | Chapter 11<br>Case No. 23-11120 (BLS)<br>(Jointly Administered)<br><br>**Related to Docket Nos. 529 and 643**<br>**Hearing Date: December 14, 2023 at 10:30 a.m.** |

**COUNTY OF SONOMA'S LIMITED OBJECTION WITH RESPECT TO THE THIRD AMENDED NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) PROPOSED CURE AMOUNTS**

The County of Sonoma, a political subdivision of the State of California, and its transit operations division Sonoma County Transit ("County") hereby objects to the *Third Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts*, [Dkt. No. 643], filed by Proterra Inc. and Proterra Operating Company, Inc. (collectively, the "Debtors") in the above-captioned case.

In support of this Objection, County represents as follows:

## BACKGROUND

1. The County has two contracts with Debtors: one for manufacture, delivery, and support of certain electric bus vehicles, and the other for manufacture, delivery, and support of certain electric vehicle charging equipment. Performance as required by those contracts, including delivery of the buses and equipment and provision of all warranties and parts support and other services, remains pending.

2. On November 13, 2023, the Debtors filed the *Notice of (A) Successful Bidder Regarding Debtors' (I) Transit Assets and (II) Energy Assets and (B) Cancellation of the Sale Hearing Solely with Respect to Proterra Energy* [Dkt. No. 529] (the "Successful Bidder

1

Notice"), which designated Phoenix Motor, Inc. ("Phoenix") as the Successful Bidder for certain assets of Proterra Transit, pursuant to the terms of a certain Asset Purchase Agreement (the "Transit APA"). The Successful Bidder Notice and the incorporated Transit APA, including the attachments and schedules attached thereto, do not mention any of the County's contracts with Debtors nor do they disclose what contracts are intended to be assigned to and assumed by Phoenix.

3. On November 14, 2023, County Counsel emailed a written request to Debtors' notice and claims agent Kurtzman Carson Consultants LLC ("KCC") for information regarding the asset and transferred contract schedules and whether any potentially impacted County contracts were included in the Successful Bidder Notice or Transit APA. No response was ever received.

4. The Transit APA provides that Phoenix "shall be responsible for Cure Amounts and for satisfying the requirements of "adequate assurance of future performance" as required by section 365 of the Bankruptcy Code…." Neither the Transit APA nor the Successful Bidder Notice contain any proffer purporting to provide any such adequate assurance(s) of future performance by Phoenix as to Debtors' contracts with County, nor as to any same or similar contracts with any other non-debtor counterparty.

5. On November 27, 2023, the Debtors filed the *Third Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts* [Dkt. No. 643] ("Third Amended Notice").

6. Contract Schedule Appendix C to the Third Amended Notice (on pages 67 and 112, of 123) lists the following contracts with County as contracts the Debtors may potentially assume and/or assign under the Transit APA:

    a. Agreement to Purchase Chargers for Electric Buses, dated "unknown" (Counterparty: "Sonoma County Transit");

    b. County of Sonoma Purchase Agreement, dated 1/31/2023 (Counterparty: "Sonoma County Transit");

    c. Purchase Agreement for Ten (10) – 40' Low-Floor, Electric Transit Coaches and Related Charging Equipment (BP-32), dated 1/31/2023 (Counterparty: "Sonoma, County of").

    d.   Purchase order (Purchase Order No. SC001-2300002779), dated 3/30/2023 (Counterparty: "County of Sonoma").

7. On December 1, 2023, the County sent written notices to Debtors and Debtors counsel, seeking assurances of future performance in accordance with the Third Amended Notice and the above Purchase Agreement for Transit Coaches, and requesting meet and confer.

8. Both Debtors and Debtors' legal counsel sent written acknowledgement of receipt of the notices.

9. On December 7, 2023, County Counsel and legal counsel for Debtors met and conferred. County was informed that Phoenix was to file written assurances and necessary evidence with this Court by December 8, 2023, pursuant to the First Amendment to the Transit APA [Dkt. No. 671].

10. As of December 11, 2023, no proffer or other materials purporting to satisfy the obligation of Phoenix to provide written assurances was filed with this Court.

11. As of the date of this Objection, no filing made in these proceedings provides or sets forth any adequate assurance(s) of future performance by Phoenix (or of any Successful Bidder) as to Debtors' contracts with County, nor as to any same or similar contracts with any other non-debtor counterparty.

12. Further, Debtors have provided County no other assurances, written or otherwise.

## LIMITED OBJECTION

13. Pursuant to Section 365(f)(2) of the Bankruptcy Code, a debtor in possession may assign an executory contract or unexpired lease only if: "(A) the [debtor in possession] assumes such contract or lease in accordance with the provisions of this section; and (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." 11 U.S.C. § 365(f)(2).

14. The requirement of adequate assurance of future performance "provides needed protection to the non-debtor party because the assignment relieves the [debtor in possession] and the bankruptcy estate from liability for breaches after the assignment." *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001).

15. It is the debtor's burden to show adequate assurance of future performance by the assignee of a contract. *Stanley Jacobs Prod., Ltd. v. 9472541 Canada Inc. (In re Thane*

*Int'l, Inc.)*, 586 B.R. 540, 546 (Bankr. D. Del. 2018); *RamcoGershenson Props., L.P. v. Serv. Merch. Co., Inc.*, 293 B.R. 169, 178 (M.D. Tenn. 2003) ("[T]he burden of proof on adequate assurance rests initially on the debtor….").

16. Here the Debtors have not provided any information whatsoever concerning adequate assurance of future performance by Phoenix or any Successful Bidder under the Debtors' contracts with County. Accordingly, the Debtors have not met their burden on this element and should not be permitted to assign their contracts with County until and unless they have provided such adequate assurance as is appropriate under the circumstances.

17. The need for the required assurances is heightened due to concerns about Phoenix and its ability to perform on same and similar bus vehicle and charging equipment contracts, as has been amply noted to this Court by other public agencies. See, *e.g.*, Limited Objection of the Central Florida Regional Transportation Authority [Dkt. No. 595]; Broward County's Limited Objection and Request for Adequate Assurances [Dkt. No. 586]; and Objection of City of Detroit [Dkt. No. 587]. The County shares those concerns as further good cause for why reliable and adequate assurances are in fact warranted.

## **CONCLUSION**

WHEREFORE, the County of Sonoma respectfully objects to any assignment of the County contracts with Debtors to Phoenix Motors, Inc. or to any other Successful Bidder(s), unless and until adequate assurance of future performance is provided.

Dated: December 11, 2023            Respectfully submitted,

/s/ Jeremy Fonseca
Jeremy M. Fonseca (CA Bar No. 234413)
Deputy County Counsel
jeremy.fonseca@sonoma-county.org


/s/ Michael A. King
Michael A. King (CA Bar No. 77014)
Deputy County Counsel
michael.king@sonoma-county.org

**CERTIFICATE OF SERVICE**

I, Jeremy Fonseca, hereby certify that, on December 11, 2023, I caused one copy of the foregoing "County of Sonoma's Limited Objection with Respect to the Third Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts" to be served via electronic mail to the parties listed below.

Dated: December 11, 2023

/s/ Jeremy Fonseca
Jeremy M. Fonseca (CA Bar No. 234413)
Deputy County Counsel
jeremy.fonseca@sonoma-county.org

Paul Basta
Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison LLP
pbasta@paulweiss.com, rbritton@paulweiss.com
*Counsel for Debtors*

Pauline K. Morgan
Andrew L. Magaziner
Young Conaway Stargatt & Taylor LLP
pmorgan@ycst.com, amagaziner@ycst.com
*Counsel for Debtors*

Linda J. Casey
Office of the United States Trustee
District of Delaware
linda.casey@usdoj.gov

Jeffrey Cohen
Eric Chafetz
Jordana Renert
Keara Waldron
Lowenstein Sandler LLP
jcohen@lowenstein.com, echafetz@lowenstein.com, jrenert@lowenstein.com, kwaldron@lowenstein.com
*Counsel for the Committee*

Eric Monzo
Brya Keilson
Morris James LLP
emonzo@morrisjames.com, bkeilson@morrisjames.com
*Counsel for the Committee*