# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| PROTERRA, INC., *et al.*, : | |
| : | Case No. 23-11120 (BLS) |
| Debtors.[1] : | (Jointly Administered) |
| : | |
| : | **Re: Docket Nos. 528 and 624** |

## KENSON PLASTICS, INC'S AMENDED OBJECTION TO CURE AMOUNT

Kenson Plastics, Inc. ("**Kenson**") files this Amended Objection to Cure Amount in response to the Debtors' cure proposed in their *Second Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts*.

1.  On August 7, 2023 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**").

2.  Since the Petition Date, the Debtors have continued to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On August 8, 2023, the Debtors filed a motion seeking, *inter alia*, the approval of their proposed procedures for the assumption and assignment of certain executory contracts and unexpired leases in conjunction with a sale of certain assets of the Debtors (the "**Assumption Procedures**"). [Doc. No. 36.]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

4. On September 7, 2023, the Court issued an order approving, *inter alia*, the Assumption Procedures. [Doc. No. 218.]

5. On November 10, 2023, pursuant to the approved Assumption Procedures, the Debtors served their *Second Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts* (the "**Cure Notice**") upon Kenson.

6. Kenson is a pre-petition creditor of the Debtors pursuant to a Product Supply Agreement dated September 1, 2023 (the "**2015 Kenson Agreement**") for the purchase and supply of certain goods and inventory.

7. On or about September 25, 2023, Kenson and the Debtors entered into a Post-Petition Trade Agreement, which reflected substantially the same terms of the 2015 Kenson Agreement, to enable Kenson to continue provide the goods and inventory to the Debtors post-petition.

8. Pursuant to the Cure Notice, the Debtors represent that the 2015 Kenson Agreement may be assigned and assumed by the Successful Bidder, as that term is defined in Assumption Procedures, as part of the sale of the Debtors' assets.[2]

## OBJECTION TO CURE AMOUNT

9. The Cure Notice lists the cure amount for the 2015 Kenson Agreement as $0.00.

10. However, as of the Petition Date, the amount due and owing to Kenson by the Debtors under the 2015 Kenson Agreement is $150,422.53, as evidenced by the statement of invoices attached hereto as **Exhibit A**.

---

[2] The 2015 Kenson Agreement is also included on the list of executory contracts that may be assumed and assigned by the Successful Bidder, as set forth in the Debtors' Third Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts, and the cure amount is stated as $0.00. [Doc. No. 643.]

11. Pursuant to section 365(b)(1) of the Bankruptcy Code, the Debtors cannot assume an executory contract unless it cures or provides adequate assurance that the trustee will promptly cure the default:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12. As such, Kenson objects to the Cure Notice as it does not accurately provide for the amount necessary to cure the Debtors' default under the 2015 Kenson Agreement.

**RESERVATION OF RIGHTS**

13. Kenson reserves its rights to make such other and further objections as may be appropriate, including, but not limited to, an objection regarding adequate assurance of future performance under section 365 of the Bankruptcy Code.

WHEREFORE, Kenson Plastics, Inc. respectfully requests that this Honorable Court (i) sustain this Amended Objection to Cure Notice; (ii) require that any order authorizing the assumption of the 2015 Kenson Agreement affirmatively require the Debtors to pay all amounts owing thereunder through the effective date of any assumption, plus applicable attorneys' fees and expenses; and (c) grant such other and further relief as the Court deems just and proper.

Dated: December 11, 2023  
       Wilmington, Delaware

Respectfully submitted,

*/s/ Richard W. Riley*
Richard W. Riley, Esq. (DE No. 4052)
Whiteford, Taylor & Preston LLC[3]
600 North King Street, Suite 300
Wilmington, Delaware 19801
Telephone: 302-353-4144
Email: rriley@whitefordlaw.com

-and-

Michael A. Shriner, Esquire
Maribeth Thomas, Esquire
TUCKER ARENSBERG P.C.
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
Telephone: 412-566-1212
Email: mshiner@tuckerlaw.com
       mthomas@tuckerlaw.com

*Counsel for Kenson Plastics, Inc.*

---

[3] Whiteford, Taylor & Preston LLC operates as Whiteford Taylor & Preston, L.L.P. in jurisdictions outside of Delaware.