**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PROTERRA INC, *et al.*,[1] | ) ) ) | Case No. 23-11120 (BLS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF AMENDED[2] AGENDA OF MATTERS SCHEDULED FOR HEARING ON JANUARY 8, 2024 AT 11:00 A.M. (ET)**

> This hearing will be conducted in person.  All parties, including witnesses, are expected to attend in person unless permitted to appear via Zoom.  Participation at the in-person Court proceeding using Zoom is allowed only in the following circumstances:  (i) counsel for a party or a pro se litigant files a responsive pleading and intends to make only a limited argument; (ii) a party or a representative of a party is interested in observing the hearing; (iii) a party is proceeding in a claims allowance dispute on a pro se basis; (iv) an individual has a good faith health-related reason to participate remotely and has obtained permission from chambers to do so; or (v) other extenuating circumstances that warrant remote participation as may be determined by the Court.
>
> **TO ATTEND THE HEARING REMOTELY, PLEASE REGISTER USING THE ECOURT APPERANCES TOOL ON THE COURT'S WEBSITE AT WWW.DEB.USCOURTS.GOV OR CLICK THE BELOW LINK:**
>
> https://ecf.deb.uscourts.gov/cgi-bin/nysbAppearances.pl
>
> **AFTER REGISTERING YOUR APPEARANCE, YOU WILL RECEIVE A CONFIRMATION EMAIL CONTAINING INFORMATION ABOUT JOINING THE HEARING.**
> **PARTIES ARE REQUIRED TO REGISTER FOR THE HEARING BY 4:00 P.M. (ET) ONE BUSINESS DAY PRIOR TO THE HEARING.  YOU MUST USE YOUR FULL NAME WHEN LOGGING INTO ZOOM OR YOU WILL NOT BE ALLOWED INTO THE MEETING.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459).  The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] **Amended items appear in bold.**

31062861.6

**RESOLVED MATTERS**

1.  Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Slaughter and May as Special Corporate Counsel [D.I. 640, 11/27/23]

    Objection Deadline:   December 11, 2023 at 4:00 p.m. (ET)

    Related Documents:

    a.  Certificate of No Objection  [D.I. 718, 12/12/23]

    b.  Order Authorizing the Retention and Employment of Slaughter and May as Special Corporate Counsel [D.I. 740, 12/18/23]

    Objections Filed:   None

    Status:  An order has been entered.  No hearing is necessary.

2.  Debtors' Motion to Extend the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code [D.I. 674, 12/4/23]

    Objection Deadlines:  December 19, 2023 at 4:00 p.m. (ET)

    Related Documents:

    a.  Certificate of No Objection  [D.I. 754, 12/20/23]

    b.  Order Extending the Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code [D.I. 789, 1/2/24]

    Objections Filed:   None

    Status:  An order has been entered.  No hearing is necessary.

**CONTESTED MATTER GOING FORWARD**

3.  Debtors' Motion for Entry of: (I) an Order (A) Approving Bidding Procedures to Govern the Sale of All or Substantially All of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code, (B) Approving Procedures Regarding Entry Into One or More Stalking Horse Agreements, (C) Establishing Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of the Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases, (E) Scheduling Auctions for the Sales of the Company Assets and Hearings to Consider Approval of the Sales and Approving the Form and Manner of the Notice Thereof, (F) Approving Certain Wind- Down Procedures, and (G) Granting Related Relief; and (II) an Order (A) Authorizing and Approving the Debtors' Entry Into One or More Asset Purchase Agreements, (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, (C) Approving the Assumption and Assignment of the Assumed Executory Contracts and Unexpired Leases, and (D) Granting Related Relief [D.I. 36, 8/8/23]

Objection Deadlines:

    a.    <u>Sale Objection Deadline</u>:  October 16, 2023 at 4:00 p.m. (ET), as may have been extended for any party.

    b.    <u>Cure/Assignment Objection Deadline</u>:  October 16, 2023 at 4:00 p.m. (ET), as may have been extended for any party.

    c.    <u>Cure/Assignment Objection Deadline for the First Amended Notice</u>:  November 8, 2023 at 4:00 p.m. (ET), as may have been extended for any party.

    d.    <u>Cure/Assignment Objection Deadline for the Second Amended Notice</u>:  November 24, 2023 at 4:00 p.m. (ET), as may have been extended for any party.

    e.    <u>Post-Auction Objection Deadlines</u>:  November 17, 2023 at 4:00 p.m. (ET) with respect to the Track A Sale Hearing and November 21, 2023 at 4:00 p.m. (ET) with respect to the Track B Sale Hearing, as may have been extended for any party.

    f.    <u>Cure/Assignment Objection Deadline for the Third Amended Notice</u>:  December 11, 2023 at 4:00 p.m. (ET), as may have been extended for any party.

Related Documents:

    a.    Declaration of John Kimm in Support of the Debtors' Motion for Entry of: (I) an Order (A) Approving Bidding Procedures to Govern the Sale of All or Substantially All of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code, (B) Approving Procedures Regarding Entry Into One or More Stalking Horse Agreements, (C) Establishing Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of the Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases, (E) Scheduling Auctions for the Sales of the Company Assets and Hearing to Consider Approval of the Sales and Approving the Form and Manner of the Notice Thereof, (F) Approving Certain Wind-Down Procedures, and (G) Granting Related Relief; and (II) an Order (A) Authorizing and Approving the Debtors' Entry Into One or More Asset Purchase Agreements, (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, (C) Approving the Assumption and Assignment of the Assumed Executory Contracts and Unexpired Leases, and (D) Granting Related Relief [D.I. 37, 8/8/23]

    b.    Notice of Hearing [D.I. 70, 8/10/23]

    c.    Order (A) Approving Bidding Procedures to Govern the Sale of All or Substantially All of the Debtors' Assets Pursuant to Section 363 of the Bankruptcy Code, (B) Approving Procedures Regarding Entry Into One or More Stalking Horse Agreements, (C) Establishing Procedures for the

Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of the Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases, (E) Scheduling Auctions for the Sales of the Company Assets and Hearing to Consider Approval of the Sales and Approving the Form and Manner of the Notice Thereof, (F) Approving Certain Wind-Down Procedures, and (G) Granting Related Relief; and (II) an Order (A) Authorizing and Approving the Debtors' Entry Into One or More Asset Purchase Agreements, (B) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, (C) Approving the Assumption and Assignment of the Assumed Executory Contracts and Unexpired Leases, and (D) Granting Related Relief [D.I. 218, 9/7/23]

d. Notice of Bidding Procedures, Auction Date, and Potential Sales [D.I. 222, 9/7/23]

e. Notice of Filing of Proposed Sale Order [D.I. 278, 9/25/23]

f. Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts [D.I. 279, 9/25/23]

g. Notice of Revised Dates Relating to Bidding Procedures Deadlines for (I) Proterra Energy; and (II) Proterra Transit [D.I. 368, 10/13/23]

h. First Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts [D.I. 472, 10/25/23]

i. Second Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts [D.I. 528, 11/10/23]

j. Notice of (A) Successful Bidder Regarding Debtors' (I) Transit Assets and (II) Energy Assets and (B) Cancellation of the Sale Hearing Solely With Respect to Proterra Energy [D.I. 529, 11/13/23]

k. Notice of Adjournment of Transit and Battery Lease Asset Sale [D.I. 629, 11/26/23]

l. Third Amended Notice of (I) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts [D.I. 643, 11/27/23]

m. Notice of Filing First Amendment to (I) Battery Lease Asset Purchase Agreement and (II) Transit Asset Purchase Agreement, Each By and Among the Debtors and Phoenix Motor, Inc. [D.I. 671, 12/4/23]

n. Notice of Rescheduled Sale Hearing With Respect to Proterra Transit [D.I. 698, 12/8/23]

    o.    Notice of Adjournment of Sale Hearing With Respect to Proterra Transit [D.I. 715, 12/11/23]

    p.    Notice of Filing of Second Amendment to (I) Battery Lease Asset Purchase Agreement and (II) Transit Asset Purchase Agreement, Each by and Among the Debtors and Phoenix Motor, Inc. and Rescheduling Sale Hearing With Respect to Proterra Transit [D.I. 743, 12/18/23]

    q.    Notice of Rescheduled Hearing With Respect to Proterra Transit [D.I. 778, 12/27/23]

    r.    Debtors' Omnibus Reply in Support of Sale to Phoenix Motor, Inc. of (I) Transit Assets and (II) Certain Battery Lease Assets [D.I. 807, 1/3/24]

    s.    Debtors' Motion for Entry of an Order Authorizing the Debtors to Exceed the Page Limit Requirement for the Debtors' Omnibus Reply in Support of Sale to Phoenix Motor, Inc. of (I) Transit Assets and (II) Certain Battery Lease Assets [D.I. 808, 1/3/24]

    t.    Declaration of John Kimm in Support of the Debtors' Sale of the Proterra (I) Transit Assets and (II) Battery Leases Pursuant to Section 363 of the Bankruptcy Code [D.I. 810, 1/3/24]

    u.    Declaration of Richard Feldman in Support of the Debtors' Sale of the Proterra Transit Assets [D.I. 814, 1/3/24]

    v.    Declaration of Mark Hastings in Support of the Sale of the Proterra Transit Assets [D.I. 816, 1/3/24]

    w.    **Notice of Filing of Revised Proposed Sale Order [D.I. 818, 1/4/24]**

Objections Filed:

    a.    See **Schedules 1-A** and **1-B**, attached hereto.[3]

Status:  This matter is going forward.  **All objections listed as "Unresolved and Going Forward" on Schedules 1-A and 1-B are adjourned to a date and time to be determined unless otherwise agreed by the Debtors and the applicable objector.**

---

[3] In addition to the objections listed on **Schedules 1-A** and **1-B** attached hereto, the Debtors also received dozens of informal responses to the contracts listed on the cure notices, including with respect to asserted cure amounts.

| | |
|---|---|
| Dated: January 5, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Shella Borovinskaya*<br>Pauline K. Morgan (No. 3650)<br>Andrew L. Magaziner (No. 5426)<br>Shella Borovinskaya (No. 6758)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  pmorgan@ycst.com<br>         amagaziner@ycst.com<br>         sborovinskaya@ycst.com<br><br>- and -<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Paul M. Basta (admitted *pro hac vice*)<br>Robert A. Britton (admitted *pro hac vice*)<br>Michael J. Colarossi (admitted *pro hac vice*)<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Tel:   (212) 373-3000<br>Fax:   (212) 757-3990<br>Email: pbasta@paulweiss.com<br>         rbritton@paulweiss.com<br>         mcolarossi@paulweiss.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

## SCHEDULE 1-A

**Sale and Cure Objections (Transit Sale)**

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
| colspan="5" | | | | |

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
| | | | **Resolved**[1] | |
| 1 | 584 | Atlantic Specialty Insurance Company | Atlantic Specialty Insurance Company objects to assumption or assignment of their surety bonds. | The Debtors anticipate resolving this objection through language in the Proposed Order. |
| 2 | 372 | Cigna Health and Life Insurance Co. | Cigna Health and Life Insurance Co. objects to the proposed cure amounts, asserts that the cure notice failed to provide adequate notice of the proposed disposition of the Employee Benefits Agreements (as defined in their objection), and objects to any shared disposition that would provide benefits to employees of both the Debtor and a prospective purchaser. | The Debtors have resolved this objection through language in the Proposed Order. |
| 3 | 378 | Duluth Transit Authority | Duluth Transit Authority objects to the proposed cure amount. | The Debtors anticipate resolving this objection through language in the Proposed Order. |
| 4 | 367, 571 | Florida Power & Light Company | Florida Power & Light Company asserts that the contract may only be assumed and assigned if certain defaults are cured and if adequate assurance of future performance is provided. | The Debtors anticipate resolving this objection through language in the Proposed Order. |
| 5 | 582 | Lexon Insurance Company | Lexon Insurance Company objects to the proposed assumption and assignment of its contracts with consent. | The Debtors anticipate resolving this objection through language in the Proposed Order. |
| 6 | 386 | Oracle America, Inc. | Oracle America, Inc., asserts that certain IP licenses are unassignable; that the cure notice inadequately identified certain contracts and therefore cure amounts could not be calculated; that there could be no unauthorized simultaneous use of Oracle licenses by the Debtor and a purchaser; and that Oracle had not been provided adequate assurance of future performance; and reserves its right to be heard on all issues contained in its objection. | The Debtors have resolved this objection through language in the Proposed Order. |
| 7 | 366, 572 | Orlando Utilities Commission | Orlando Utilities Commission asserts that the contract may only be assumed and assigned if certain defaults are cured and if adequate assurance of future performance is provided. | The Debtors anticipate resolving this objection through language in the Proposed Order. |

---

[1] The Debtors believe the objections below have been resolved based on negotiations with the relevant objectors for language in the Proposed Order or through amended cure amounts.

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
| 8 | 553, 589, 604, 706 | Philadelphia Indemnity Insurance Company | Philadelphia Indemnity Insurance Company (i) preserves its rights for inclusion in any final order the agreed upon language for the form of Proposed Order, (ii) puts the Debtors, Buyer, and any other parties in interest on notice of the nonassumability/non-assignability of the bonds and the alleged necessity of Buyer procuring replacement bonds in connection with any contracts with respect to which Philadelphia issued its bonds, (iii) reserves all its rights, remedies, and defenses under, in, and to the bonds, the indemnity agreement, and the Philadelphia collateral, including any right of setoff and recoupment with respect to the claims of Philadelphia or any of its bond beneficiaries and (iv) seeks clarity from the Debtors of what is being transferred pursuant to the APAs. | The Debtors anticipate resolving this objection through language in the Proposed Order. |
| 9 | 385 | Promwad GmbH | Promwad GmbH objects to proposed cure amount. | Resolved; through agreement on a cure amount as set forth in the Second Amended Cure Notice. |
| 10 | 379 | REMA USA, LLC | REMA USA, LLC objects to proposed cure amount. | Resolved; through agreement on a cure amount as set forth in the Third Amended Cure Notice. |
| 11 | 355 | Sentek Dynamics, Inc. | Sentek Dynamics, Inc. objects to proposed cure amount. | Resolved; through agreement on a cure amount as set forth in the Second Amended Cure Notice. |
| 12 | Informal | Smith Development Company, Inc. | Smith Development Company, Inc. has informally objected to the proposed assumption and assignment of their lease on the ground that that defaults under such lease need to be cured and that Phoenix has not provided adequate assurance of future performance. | The Debtors anticipate resolving this objection through language in the Proposed Order. |
| 13 | 401 | Tao Capital Partners | Tao Capital Partners reserves its rights to, to the extent the Debtors or the unsecured credtirs committee do not, (i) dispute the extent and amount of the Cowen Parties' claims, particularly the assertion that they are claims for secured debt, and (ii) object to a sale of the Debtors' assets to the Cowen Parties' pursuant to a credit Bid, if such credit Bid does not provide for a meaningful recovery for equity interest holders. | Resolved; no action taken. |
| 14 | 634 | Texas A&M Transportation Institute | Texas A&M Transportation Institute objects to the proposed cure amount. | Resolved; the parties agree the correct cure amount is $15,267.04. |
| 15 | 416 | Wayne County Airport Authority | Wayne County Airport Authority asserts that certain contracts should be consolidated, and reserves the right to object to cure amount. | **Objection pending; adjourned to a date TBD.** |

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
| 16 | 593 | United States Government | The United States government objects to the Proposed Order to the extent it, among other things, impairs or diminishes the interests of the Federal Government. | The Debtors have resolved this objection through language in the Proposed Order. |
| 17 | 381 | University of Georgia | Asserts that certain contracts missing and or incorrectly dated in cure notice. | Resolved; through the updated listing of contracts on the Second Amended Cure Notice. |
| 18 | 361, 512 | Valeo TCV, North America, Inc. | Valeo TCV, North America, Inc. objects to the cure amount; asserts that its contracts constitute a single integrated transaction; and reserves the right to object regarding adequate assurance of future performance. | The Debtors anticipate resolving this objection through language in the Proposed Order. |
| 19 | 383 | Ventura Systems, Inc. | Ventura Systems, Inc. objects to the proposed cure amount. | Resolved; through agreement on a cure amount as set forth in the Third Amended Cure Notice. |
| 20 | 608 | **Echo Global Logistics, Inc.** | **Echo Global Logistics, Inc. objects to the proposed cure amount and reserves the right to object with regard to future assumption or assignment and regarding adequate assurance of future performance.** | **Resolved; the parties agree the correct cure amount is $791,000.** |
| colspan | | | **Unresolved and Going Forward[2]** | |
| 1 | 504, 607 | BC Transit | BC Transit objects to the proposed cure amount, asserts the existence of certain incurable non-monetary defaults, and asserts that the Debtors have not provided adequate assurance of future performance. | Objection pending; **adjourned to a date TBD.** |
| 2 | 384, 586 | Broward County Transit | Broward County Transit asserts that notice of the proposed assumption and assignment of the contracts is insufficient; that the cure schedule incorrectly references certain contracts, that its agreements with the Debtors are integrated and must either all be assigned or all rejected, that the Debtors may not sever warranty obligations from Transferred Contracts, and objects to adequate assurance of future performance. | The Debtors and Broward County Transit are in agreement on the listing of the following two contracts: (i) a Purchase Order dated October 28, 2020 (i.e., Lot 1); and (ii) a Purchase Order dated March 24, 2022 (i.e., Lot 2).<br><br>**Remaining objections pending; adjourned to a date TBD.** |
| 3 | 409 | Capital Metropolitan Transportation Authority | Capital Metropolitan Transportation Authority objects to the cure amount, asserts that certain contracts should be consolidated, and | The Debtors and Capital Metropolitan Transportation Authority agree that their contracts should be listed as follows:<br>    i.    Contract No. 200417, as modified |

---

[2]  **All objections listed below are adjourned to a date and time to be determined unless otherwise agreed by the Debtors and the objector.**

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
|  |  |  | asserts that certain contingent warranty claims should be included in the cure amount. | ii. Contract No. 200744, as modified<br>iii. Contract No. 500013, as modified<br>iv. Storage and Maintenance Agreement<br>v. Purchase Order No. 404463<br>vi. Purchase Order No. 600022<br><br>**Remaining objections resolved through language in the Proposed Order and as set forth in the Reply.** |
| 4 | 398, 595 | Central Florida Regional Transportation Authority (Lynx) | Lynx seeks confirmation that existing warranty and repair obligations would be cured; and ongoing warranty and repair obligations honored. | Objection to adequate assurance pending; **adjourned to a date TBD**; remaining objections resolved through language in the Proposed Order. |
| 5 | 450 | City of Edmonton | The City of Edmonton objects to the proposed cure amount, objects to the proposed treatment of warranty claims, and that it has not been provided adequate assurance of future performance. | **Objection pending; adjourned to a date TBD.** |
| 6 | 444, 597 | City of Madison | The City of Madison asserts that certain contracts should be consolidated, and reserves right to object to cure amount with regard to future contractual obligations | **Objection pending; adjourned to a date TBD.** |
| 7 | 590 | City of Santa Rosa, California | The City of Santa Rosa asserts that it has not been provided adequate assurance of future performance. | **Objection pending; adjourned to a date TBD.** |
| 8 | 395, 596 | City of Tallahassee | The City of Tallahassee asserts that certain contracts constitute a single integrated transaction and that it has not been provided adequate assurance of future performance. | The Debtors and the City of Tallahassee agree that their contracts are as follows:<br>i. 2011 – contract for three buses, a charging station, and a shop charger<br>ii. 2012 – contract for an additional two buses purchased under the 2011 contract options purchase clause<br>iii. 2018 – contract for fifteen buses, two overhead chargers, five chargers, and charger site design and preparation, as amended in 2019 to add charger installation.<br>iv. 2019 – contract for a twelve year lease for batteries |

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
| | | | | v.  2021 – contract for three additional buses and an extended warranty for batteries<br><br>The Debtors and the City of Tallahassee are confirming whether a 2023 agreement for one PE 1440kw charger with 16 pantographs and installation of chargers and 48 bus canopy structure, and Valence service should also be included.<br><br>**Objection to adequate assurance pending; adjourned to a date TBD.** |
| 9 | 406, 412, 587 | City of Detroit | The City of Detroit asserts that certain contracts should be consolidated; reserves right to object to cure amount; and asserts that warranty release provisions in the filed form of Proposed Order are overly broad. | Objection to adequate assurance pending; **adjourned to a date TBD**. Remaining objections resolved through language in the Proposed Order. |
| 10 | 709 | County of Sonoma | The County of Sonoma asserts that Phoenix has not provided adequate assurance of future performance. | **Objection pending; adjourned to a date TBD.** |
| 11 | 397, 600 | Miami-Dade County | Miami-Dade County objects to assumption and assignment of their contracts, the cure amount, and to adequate assurance of future performance. | **Objection pending; adjourned to a date TBD.** |
| 12 | 413 | Ontario International Airport Authority | Ontario International Airport Authority reserves its rights with respect to adequate assurance of future performance, whether its agreements with the Debtors are executory, and whether any defaults are outstanding under the agreements. | **Objection pending; adjourned to a date TBD.** |
| 13 | 388, 705 | Regional Transportation Commission of Washoe County | Regional Transportation Commission of Washoe County objects to the proposed cure amount and asserts that it has not been provided with adequate assurance of future performance. | **Objection pending; adjourned to a date TBD.** |
| 14 | 415 | Santa Clara Valley Transportation Authority | Santa Clara Valley Transportation Authority objects to the proposed cure amount and adequate assurance of future performance. | **Objection pending; adjourned to a date TBD.** |
| 15 | 417 | The City of Greensboro | The City of Greensboro objects to the proposed cure costs and adequate assurance of future performance. | **Objection pending; adjourned to a date TBD.** |

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
| 16 | 396, 370, 558, 605 | The Port Authority of NY & NJ | The Port Authority asserts that certain contracts constitute single integrated transaction; asserts a cure amount of approximately $3 million, and reserves the right to object to adequate assurance of future performance. | As set forth on the Third Amended Cure Notice (at line 3538), the Debtors have updated their contracts with the Port Authority of New York and New Jersey (the "Port Authority") to reflect that Purchase Order #45000068446 is one agreement, as amended by subsequent change orders.<br><br>Objection pending with respect to adequate assurance and cure amount; **adjourned to a date TBD.** |
| 17 | 407 | The Town of Jackson, Wyoming and Southern Teton Area Rapid Transit | The Town of Jackson, Wyoming and Southern Teton Area Rapid Transit (collectively, "START") objected to the proposed assumption and assignment of its transit bus contract (i.e., the Purchase Agreement) without the concurrent transfer of its battery Lease Agreement (each as defined in Docket No. 407 ¶ 2).<br><br>START reserves rights with respect to adequate assurance of future performance. | Objection to contractual integration argument resolved as set forth in the Reply.<br><br>Pursuant to that certain *Form Assignment and Assumption of Battery Lease Agreement*, dated as of September 30, 2020, between Mobility Forefront, LLC (a subsidiary of Mitsui & Co., Ltd., "Mitsui") and the Debtors (the "Assignment Agreement"), and acknowledged by START, the Debtors have already assigned certain rights and obligations under the Lease Agreement to Mitsui. Furthermore, in connection with the Assignment Agreement, the Debtors also entered into that certain Master Agreement, dated as of March 29, 2019, with Mitsui, pursuant to which the Debtors are obligated to provide a battery warranty in connection with the Lease Agreement, among other things (the "Master Agreement"). START has agreed that, provided both the Purchase Agreement and Master Agreement are assigned to Phoenix (or neither is), its objection is resolved with respect to contractual integration.<br><br>**Objection pending with respect to adequate assurance; adjourned to a date TBD.** |
| 18 | 592, 606 | Tompkins Consolidated Area Transit, Inc. | Tompkins Consolidated Area Transit, Inc. ("TCAT") asserts there is a cure amount of approximately $700; that adequate assurance has not been provided, that notice was insufficient to have assumption and assignment of its contract heard at the Sale Hearing, and that its warranty and indemnity agreements constitute a single integrated | The Debtors agree that the Attachments (as defined in Docket No. 606 ¶ 8) are a part of the Bus Contract, and the obligations of both TCAT and the Debtors in connection therewith survive any assumption and assignment of the Bus Contract. |

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
|  |  |  | contract with the underlying (i) bus contract and (ii) EPC contract and if assigned, must all be assumed and assigned together.<br><br>Specifically, TCAT asserts it has two primary contracts with the Debtors: (i) an Agreement for Bus and Bus-Related Parts and Services entered into between TCAT and the Debtors dated February 28, 2020 (the "Bus Contract"); and (ii) an Engineer, Procure, Construct (EPC) Agreement (the "EPC Contract") dated March 23, 2023. TCAT asserts that the Bus Contract and EPC Contract may only be assumed if the attachments to the agreements, which include warranty and indemnity obligations, are assumed. [Docket No. 592 ¶ 30]. | **All objections resolved other than with respect to cure amount.** The Debtors reserve the right to assume and assign in accordance with paragraph 5(g) of the Bidding Procedures Order. |
| 19 | 598, 704 | University of Virginia | The University of Virginia asserts its contract is not executory, there have been incurable defaults thereunder, and it has not been provided with adequate assurance of future performance. | **Objection pending; adjourned to a date TBD.** |
| <td colspan="5" align="center">**Unresolved and Adjourned**</td> |
| 1 | 411 | Cummins Inc. | Cummins Inc. objects to the proposed cure amount. | Objection to cure amount pending; adjourned to a date TBD. |
| 2 | 387 | Ron White's Air Compressor Sales | Ron White's Air Compressor Sales objects to the proposed cure amount. | Objection to cure amount pending; adjourned to a date TBD. |
| 3 | 392 | Southeastern Pennsylvania Transportation Authority | Southeastern Pennsylvania Transportation Authority objects to cure amount; asserts the existence of incurable material defaults; asserts that certain contracts unassignable; and reserves right to object regarding adequate assurance of future performance. | Objection pending; adjourned to a date TBD. |

31062861.6

## SCHEDULE 1-B

**Sale and Cure Objections (Battery Leases)**

| No. | Docket No(s). | Counterparty | Basis for Objection | Status |
|---|---|---|---|---|
| **Resolved** | | | | |
| 1 | 593 | United States Government | The United States government objects to the Proposed Order to the extent it, among other things, impairs or diminishes the interests of the Federal Government. | The Debtors anticipate resolving this objection through language in the Proposed Order. |
| 2 | 401 | Tao Capital Partners | Tao Capital Partners reserves its rights to, to the extent the Debtors or the Committee do not, (i) dispute the extent and amount of The Cowen Parties' claims, particularly the assertion that they are claims for secured debt, and (ii) object to a sale of the Debtors' assets to The Cowen Parties' pursuant to a Credit Bid, if such Credit Bid does not provide for a meaningful recovery for equity interest holders. | Resolved; no action taken. |
| **Unresolved and Going Forward[6]** | | | | |
| 1 | 395, 596 | City of Tallahassee | The City of Tallahassee asserts that certain contracts constitute a single integrated transaction and that it has not been provided adequate assurance of future performance. | The Debtors and the City of Tallahassee agree that their contracts are as follows: <br> i. 2011 – contract for three buses, a charging station, and a shop charger <br> ii. 2012 – contract for an additional two buses purchased under the 2011 contract options purchase clause <br> iii. 2018 – contract for fifteen buses, two overhead chargers, five chargers, and charger site design and preparation, as amended in 2019 to add charger installation. <br> iv. 2019 – contract for a twelve year lease for batteries <br> v. 2021 – contract for three additional buses and an extended warranty for batteries <br><br> The Debtors and the City of Tallahassee are confirming whether a 2023 agreement for one PE 1440kw charger with 16 pantographs and installation of chargers and 48 bus canopy structure, and Valence service should also be included. |

---

[6] **All objections listed below are adjourned to a date and time to be determined unless otherwise agreed by the Debtors and the objector.**

| | | | | |
|---|---|---|---|---|
| | | | | Further, the lease agreement, dated March 26, 2019 expressly provides (at § 14.7) that "Lessor may assign this Lease or any of its rights and obligations under to this lease any or Affiliate or third party upon written notice to Lessee[.]"<br><br>Objection to adequate assurance pending; **adjourned to a date TBD.** |
| 2 | 413 | Ontario International Airport Authority | Ontario International Airport Authority reserves its rights with respect to adequate assurance of future performance, whether its agreements with the Debtors are executory, and whether any defaults are outstanding under the agreements. | **Objection pending; adjourned to a date TBD.** |

2