IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| PRORERRA INC, *et al.*,[1] | ) Case No. 23-11120 (BLS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Ref. Docket No. 793** |

**ORDER (A) APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT; (B) APPROVING THE SOLICITATION AND NOTICE
PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS'
JOINT CHAPTER 11 PLAN; (C) APPROVING THE FORMS OF BALLOTS
AND NOTICES IN CONNECTION THEREWITH; (D) SCHEDULING CERTAIN
DATES WITH RESPECT THERETO; AND (E) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105, 341, 502, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, 9006, and 9008, and Local Rules 2002-1, 3017-1, 3018-1, 3020-1 and 9006-1 and 3020-1, (a) approving the Disclosure Statement, (b) approving the Solicitation and Voting Procedures with respect to confirmation of the Plan, (c) approving the forms of Ballots and Notices in connection therewith, (d) scheduling certain dates with respect thereto, and (e) granting related relief, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Proterra Inc (9565); and Proterra Operating Company, Inc. (8459). The location of the Debtors' service address is: 1815 Rollins Road, Burlingame, California 94010.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

31183142.3

of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

**I.   Approval of the Disclosure Statement**

2. The Disclosure Statement is hereby approved as providing holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The Disclosure Statement (including all applicable exhibits thereto) provides holders of Claims, holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article IX of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

4. The Debtors are authorized to file the Financial Projections (as defined in the Plan) with the Plan Supplement.

**II.     Approval of the Solicitation and Voting Procedures**

5.      The Debtors are authorized to solicit, receive, and tabulate votes to accept and reject the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 2**, which are hereby approved in their entirety.

6.      Any party wishing to file a motion under Bankruptcy Rule 3018(a) to temporarily allow a Claim or Interest for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion") shall have until ten (10) days from the Solicitation Date to file and serve such a motion with respect to any claim as to which there is an objection pending as of the date of the entry of this Order (the "Rule 3018(a) Motion Deadline").  The Debtors and other parties in interest shall have until the date that is ten (10) days prior to the Voting Deadline as the deadline by which the Debtors or parties in interest must file objections to any Rule 3018(a) Motion (the "Rule 3018(a) Motion Objection Deadline").

7.      If a Claim subject to an objection other than a "reduce and allow" objection that is filed with this Court prior to the Voting Record Date, the applicable holder of such Claim shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.

8.      A "Resolution Event" shall mean the occurrence of one or more of the following events no later than three (3) business days prior to the Voting Deadline (the "Resolution Event Deadline"):

   a.   an order of this Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

   b.   an order of this Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

      c.      a stipulation or other agreement is executed between the holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed-upon amount; or

      d.      the pending objection is voluntarily withdrawn by the Debtors.

9. No later than two (2) business days following the occurrence of a Resolution Event, the Debtors shall cause the Solicitation Agent to distribute via electronic mail, hand delivery, or overnight-courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant holder. Such claimant must then return a duly completed, properly executed Ballot to the Solicitation Agent so that it is received no later than the Voting Deadline (unless the Debtors, in consultation with the Committee, extend the deadline in their sole discretion to facilitate a reasonable opportunity for such creditor to vote on the Plan).

10. Solely for the purpose of voting to accept or reject the Plan and not for purposes of the allowance of, or distribution on account of, a Claim or Interest, the following hierarchy shall be used to determine the amount of the Claim or Interest associated with each claimant's or interest holder's vote:

      a.      the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with this Court; (ii) set forth in an order of this Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

      b.      the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth in the Solicitation and Voting Procedures;

      c.      the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; if such Claim is not subject to an objection filed in the Court on or before the Voting Record Date; *provided, however*, that Ballots cast by holders of Claims who timely file a Proof of Claim in respect of a contingent Claim or in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Solicitation Agent) that is not the subject of an objection will count for satisfying the numerosity

        requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00, solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with this Court; (ii) set forth in an order of this Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court, such Claim amount shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

    d.    the Claim amount listed in the Schedules, *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated (for the avoidance of doubt, to the extent a Claim is scheduled as contingent, disputed, or unliquidated and no Proof of Claim is timely filed, the holder of such Claim shall not be entitled to vote on the Plan); *provided further* that if the Bar Date applicable to governmental units has not expired prior to the Voting Record Date with respect to a Claim of a governmental unit that is listed in the Schedules as contingent, disputed or unliquidated, such Claim shall be allowed to vote only in the amount of $1.00, solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; and

    e.    in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Court.

## III. Approval of the Materials and Timeline for Soliciting Votes

### A. Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement

11.     The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept or reject, and voting on, the Plan:

    a.    January 18, 2024 shall serve as the date of record for holders of Claims and Interests for purposes of voting on the Plan (the "<u>Voting Record Date</u>"). In addition, with respect to any transferred Claim in the Voting Classes, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e), if any, have

    been completed on or before the Voting Record Date.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot by the transferor;

  b. the Debtors shall distribute Solicitation Packages to holders of Claims entitled to vote on the Plan by the date that is four (4) business days from the entry of this Order (the "<u>Solicitation Date</u>");

  c. the Debtors shall file the initial Plan Supplement, if any, by the date that is ten (10) days prior to the Voting Deadline (as defined below) (such date, the "<u>Plan Supplement Deadline</u>"); and

  d. all holders of Claims entitled to vote on the Plan must complete, execute, and return their Ballots so that they are **actually received** by the Solicitation Agent pursuant to the Solicitation and Voting Procedures, on or before February 27, 2024 at 4:00 PM (ET) (the "<u>Voting Deadline</u>").

  e. The deadline for the Debtors to file a proposed Confirmation Order shall be the later of March 1, 2024, or three (3) business days prior to the Confirmation Hearing.

**B.** **Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**

12. In addition to the Disclosure Statement and exhibits thereto, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date shall include the following, the form of each of which is hereby approved:

  a. A copy of the Solicitation and Voting Procedures attached hereto as **Exhibit 2**;

  b. A Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope attached hereto as **Exhibits 3-A** and **3-B**, respectively; [3]

  c. The Solicitation Package Cover Letter, including the UCC Letter, attached hereto as **Exhibit 7**;

---

[3] The Debtors will use commercially reasonable efforts to ensure that any holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or both Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

        d.        The Disclosure Statement (and exhibits thereto, including the Plan);

        e.        This Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures); and

        f.        the Confirmation Hearing Notice attached hereto as **Exhibit 1**.

13.    The Solicitation Packages provide the holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with section 1125 of the Bankruptcy Code, Bankruptcy Rules 2002(b) and 3017(d), and Local Rules 2002-1 and 3017-1.

14.    The Debtors shall distribute Solicitation Packages to all holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

15.    The Debtors are authorized to distribute the Plan, the Disclosure Statement, and this Order to holders of Claims entitled to vote on the Plan in electronic format (i.e., flash drive). **Only** the Ballots, as well as the Cover Letter and the Confirmation Hearing Notice, must be provided in paper form.[4]

16.    The Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including

---

[4] On or before the Solicitation Deadline, the Debtors (through their Solicitation Agent) shall provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee and to all parties on the Rule 2002 List as of the Voting Record Date. Any party that receives the materials in electronic format that would prefer to receive materials in paper format may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; and (d) soliciting votes on the Plan.

17. The Solicitation Agent is also authorized to accept Ballots and Opt-In Forms via electronic online transmission solely through a customized online balloting portal on the Debtors' case website (https://kccllc.net/proterra). The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballot or Opt-In Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. Ballots or Opt-In Forms submitted via the customized online balloting portal shall be deemed to contain an original signature.

18. All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by: (a) first-class U.S. mail, in the return envelope provided with each Ballot; (b) overnight delivery; or (c) personal delivery, such that the Ballots are **actually received** by the Solicitation Agent no later than the Voting Deadline at the return address set forth in the applicable Ballot. Alternatively, Ballots may be submitted electronically through the Solicitation Agent's online Ballot submission portal at https://kccllc.net/proterra by no later than the Voting Deadline. The Debtors are authorized to extend the Voting Deadline in their sole discretion, in consultation with the Committee, without further order of this Court.

### C. Approval of the Confirmation Hearing Notice

19. The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1** is approved and shall be deemed good and sufficient notice of the Confirmation Hearing and no further notice need be given. The Debtors shall file and serve the Confirmation Hearing Notice upon parties in interest in these Chapter 11 Cases by no later than the date that is four (4) business days from the entry of this Order. The Debtors shall also cause the Confirmation Hearing

Notice, as may be modified for purposes of publication, to be published one time on or before the date that is seven (7) business days from the entry of this Order in the national edition of one of the following newspapers: The Wall Street Journal, The New York Times, or USA Today. Service of the Confirmation Hearing Notice, as well as the publication of such notice, as set forth herein constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### D.     Approval of Notice of Filing of the Plan Supplement

20.     The Debtors are authorized to send notice of the filing of the Plan Supplement, which shall be filed and served at least ten (10) days prior to the Voting Deadline, on the date the Plan Supplement is filed or as soon as reasonably practicable thereafter.

### E.     Approval of the Form of Notices to Non-Voting Classes

21.     Except to the extent that the Debtors determine otherwise, in consultation with the Committee, the Debtors are not required to provide Solicitation Packages to holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class, postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties outlined below that are not entitled to vote on the Plan:

   a.   ***Unimpaired Claims-Conclusively Presumed to Accept***. Holders of Claims in Classes 1, 2, and 3 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan; *provided*, *however*, that any Holder that timely files an objection to the Plan that is not consensually resolved before Confirmation or files on the docket any pleading evidencing support for any such objection or objector, shall not be a Releasing Party (as defined in the Plan). As such, holders of such Claims will receive a notice, substantially in the form attached to the Proposed Order as **Exhibit 4-A**, in lieu of a Solicitation Package.

    b.    ***Intercompany Claims and Interests.*** Holders of Claims in Class 6 (Intercompany Claims) and Interests in Class 7 (Interests in OpCo) shall either (i) have their Claim or Interest (as applicable) Reinstated in accordance with Article III.C of the Plan and therefore be conclusively presumed to have accepted the Plan; or (ii) have their Claim or Interest (as applicable) cancelled, released, and extinguished and without any distribution and therefore be deemed to reject the Plan. With respect to holders of Claims and Interests in Class 6 and Class 7, the Debtors are authorized to waive any requirement to serve such holders with a Solicitation Package or any other type of notice in connection with solicitation of the Plan.

    c.    ***Disputed Claims.*** Holders of Claims subject to pending objection by the Debtors are not entitled to vote the disputed portion of their claim. As such, holders of such Claims will receive a notice, substantially in the form attached to the Proposed Order as **Exhibit 4-C**.

    d.    ***Opt-In Release Forms.*** To the extent that a proof of claim is filed that is based solely on a Holder's equity Interests or the losses thereto, such Holder will be classified as a Class 8 claimant and such Claim will be treated in accordance with Class 8. Holders of Interests in Classes 8 and Claims in Class 9 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and not entitled to vote. Any and all claims against "Released Parties," including the directors and officers of the Debtors, and other creditors and third parties covered by the Defined Terms (as defined in the Plan), will be released by each holder of a Class 8 Interest or Class 9 Claim who completes an opt-in release form (an "Opt-In Form"). As such, holders of such Claims and Interests will receive a notice and Opt-In Form, substantially in the form attached to the Proposed Order as **Exhibit 4-B**, **Exhibits 5-A**, **5-B**, and **5-C**, as applicable.

22.    The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) holders of Claims that have already been paid in full during these Chapter 11 Cases pursuant to an order previously entered by this Court; or (b) any party to whom notice of the Disclosure Statement Hearing was sent but subsequently returned as undeliverable. The Debtors are likewise authorized to rely on the address information for the Voting and Non-Voting Classes as compiled and maintained by the Solicitation Agent as of the Voting Record Date; *provided, however*, that if Solicitation Packages, Notices of Non-Voting Status, or other solicitation materials are returned to the Solicitation Agent as undeliverable at least seven (7) days

prior to the Voting Deadline, the Solicitation Agent shall conduct a reasonable search to ascertain the party's address. Absent the Solicitation Agent receiving the returned solicitation material at least seven (7) days prior to the Voting Deadline, the Debtors and Solicitation Agent will not be required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages or Notices of Non-Voting Status and will not be required to resend Solicitation Packages or other materials, including Notices of Non-Voting Status, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties at least seven (7) days prior to the Voting Deadline.

### F. Approval of Notices to Contract and Lease Counterparties

23. The Debtors are authorized to mail a notice of assumption (or assumption and assignment) of any Executory Contracts or Unexpired Leases (and any corresponding cure claims), in the forms attached hereto as **Exhibit 6** to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed (or assumed and assigned) pursuant to the Plan (as the case may be), within the time periods specified in the Plan. For the avoidance of doubt, a holder of a claim associated with a rejected Executory Contract and Unexpired Lease shall only be entitled to vote on account of such claim if it is reflected on the Solicitation Agent's claims register as of the Voting Record Date.

## IV. Approval of Procedures for Confirming the Plan

### A. Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan

24. The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

   a. **February 27, 2024 at 4:00 PM (ET)** shall be date by which objections to the Plan must be filed with this Court and served on the appropriate notice parties (as identified below) (the "Plan Objection Deadline");

  b. **March 1, 2024** at **4:00 PM (ET)** shall be the date by which the Voting Declaration must be filed with this Court;

  c. **March 1, 2024 at 4:00 PM (ET)** shall be the date by which replies to objections to the Plan must be filed with this Court and served by the appropriate notice parties (as identified below) (the "Plan Objection Reply Deadline");

  d. **March 1, 2024** at **4:00 PM (ET)** shall be the date by which the Debtors shall file their brief in support of Confirmation (the "Brief in Support of Plan"); and

  e. this Court shall consider Confirmation of the Plan at the hearing to be held on **March 5, 2024 at 10:00 AM (ET)** (the "Confirmation Hearing Date").

**B.** **Approval of the Procedures for Filing Objections to the Plan**

25. Objections to the Plan will not be considered by this Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with this Court (contemporaneously with a proof of service) and served upon the notice parties identified in the Confirmation Hearing Notice on or before February 27, 2024 at 4:00 PM (ET).

**V.** **Miscellaneous**

26. Philadelphia Indemnity Insurance Company, Lexon Insurance Company, and Atlantic Specialty Insurance Company (collectively, the "Sureties" and each, individually, a "Surety") have issued certain surety bonds on behalf of certain of the Debtors (collectively, the "Existing Surety Bonds" and, each individually, an "Existing Surety Bond"). These Existing Surety Bonds were issued pursuant to certain existing indemnity agreements and/or related agreements (including agreements regarding collateral) by and between the Sureties, on the one

hand, and the Debtors and their affiliates and certain non-Debtors, as applicable, on the other hand (collectively, the "Existing Indemnity Agreements" and, each, an "Existing Indemnity Agreement").

27. Nothing in the Disclosure Statement, the Amended Plan, this Order, any other order of the Bankruptcy Court entered as of the date hereof, or any documents or agreements relating thereto, shall be deemed to alter, limit, or modify the terms and provisions, or rights of any party under, the (a) Transit Sale Order or (b) Powered Sale Order, or the Sureties' respective rights under the Existing Bonds, the Existing Indemnity Agreements, or under or in any collateral or the proceeds of such collateral securing obligations to and the respective claims of the Sureties in connection with such Existing Surety Bonds and Existing Indemnity Agreements (the "Surety Collateral").

28. The Sureties reserve all rights and objections with respect to the Amended Plan, including, without limitation, all objections to the exculpation, release, injunction, exclusions, and discharge provisions contained in Article IX of the Amended Plan.

29. The Debtors' right to further modify the Plan in accordance with Article XII thereof, including the right to withdraw the Plan as to one or both Debtors at any time before the Confirmation Hearing Date, is hereby reserved.

30. Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

31. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

32. This Court shall retain exclusive jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: January 25th, 2024
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE