IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Prodigy Investment Holdings, Inc.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No.: 23-11120 (BLS)<br><br>**Re: Docket No. 1326** |

**RESERVATION OF RIGHTS AND RESPONSE OF BC TRANSIT TO THE DISTRIBUTION TRUSTEE'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (I) AMENDED AND SUPERSEDED CLAIMS (II) DUPLICATE CLAIMS, (III) LATE FILED CLAIMS, AND (IV) INSUFFICIENT DOCUMENTATION CLAIMS**

BC Transit hereby files this reservation of rights and response to the Distribution Trustee's First Omnibus Claim Objection.[2] In support of this response, BC Transit respectfully states as follows:

1. On November 9, 2023, BC Transit timely filed a proof of claim, Claim 973 (the "Initial POC").

2. On February 6, 2024, the Bankruptcy Court entered the *Thirty-First Order (I) Authorizing the Debtors to Reject Certain Executory Contracts, and (II) Granting Related Relief* [Docket No. 1183] (the "Rejection Order"), which rejected all of the contracts between BC Transit and the Debtors, effective as of March 5, 2024.

---

[1] The Reorganized Debtor in this Chapter 11 Case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: Prodigy Investments Holding, Inc. (9565). The location of the Reorganized Debtor's service address is: 3350 Virginia St., 2nd Floor, Miami, FL33133.

[2] First Omnibus Claim Objection means *The Distribution Trustee's First Omnibus (Non-Substantive) Objection to Certain (I) Amended and Superseded Claims (II) Duplicate Claims, (III) Late Filed Claims, And (IV) Insufficient Documentation Claims* [Docket No. 1326].

Capitalized terms used but not defined herein shall have the meanings defined to them in the First Omnibus Claim Objection or in the Initial POC, as applicable.

95470721.1

3. Accordingly, on April 5, 2024, BC Transit filed an amendment to the Initial POC, Claim 1351 (the "Amended POC"), to assert damages arising from the rejection of the BC Transit Contracts.

4. In the First Omnibus Claim Objection, the Distribution Trustee objects to Amended Claims and seeks to disallow and expunge certain claims (including the Initial POC) while allowing the Remaining Amended Claims (including the Amended POC) to remain on the Reorganized Debtor's Claim Register.

5. In its Initial POC, BC Transit asserts, among other things, that Proterra Inc. had (1) failed to deliver the Buses (as defined in the Initial POC) on the timeline set forth by various BC Transit Contracts; and (2) that the Buses were plagued by Deficiencies (more specifically described in the Initial POC). BC Transit further reserved all of its rights and defenses.

6. BC Transit does not seek a double recovery on both the Initial POC and the Amended POC. However, BC Transit reserves, and does not waive any of its rights, claims, and defenses, associated with the breaches and Deficiencies alleged in the Initial POC, including the right to recover damages arising from such breaches and Deficiencies, to the extent such damages are not incorporated within the Rejection Damages asserted by the Amended POC. BC Transit further reserves all rights to respond to future objections filed by the Distribution Trustee.

[*Remainder of Page Intentionally Left Blank*]

Dated: June 7, 2024
    Wilmington, Delaware
                    **POLSINELLI PC**

/s/ *Katherine M. Devanney*
Christopher A. Ward (Del. Bar No. 3877)
Katherine M. Devanney (Del. Bar No. 6356)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
kdevanney@polsinelli.com

-and-

**PERKINS COIE LLP**
Amir Gamliel
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: (310) 788-3276
Facsimile: (310) 843-1246
AGamliel@perkinscoie.com

*Counsel for BC Transit*

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 7, 2024, a true and correct copy of the foregoing was caused to be served via the Court's CM/ECF system on all parties authorized to receive electronic notice in this case and upon the parties listed below in the manner indicated.

***By E-mail***

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Eric S. Chafetz, Esq.
Daniel B. Besikof, Esq.
1251 Avenue of the Americas
New York, NY 10020
jcohen@lowenstein.com
echafetz@lowenstein.com
dbesikof@lowenstein.com

-and-

**MORRIS JAMES LLP**
Eric J. Monzo, Esq.
Brya M. Kelson, Esq.
Siena B. Cerra, Esq.
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
emonzo@morrisjames.com
bkeilson@morrisjames.com
scerra@morrisjames.com

                                         */s/ Katherine M. Devanney*
                                         Katherine M. Devanney (Del. Bar No. 6356)

95470721.1